**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>             *Plaintiffs,*<br><br>        v.<br><br>JANSSEN BIOTECH, INC.,<br><br>             *Defendant.* | Civil Action No. 16-CV-12182-FDS |

**MEMORANDUM OF LAW IN OPPOSITION TO RELATOR JULIE LONG'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND A COMPLETE AND PROPER PRIVILEGE LOG**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ...................................................................................................................................... 2

I.    Janssen Has Properly Logged All Privileged Responsive Documents in Compliance with Rule 26................................................................................................... 2

    A.    Janssen Logged Responsive, Privileged Documents Located in the Files of the Agreed-Upon Custodians and Corporate Repositories. ................... 2

    B.    Janssen's Privilege Log Provides Sufficient Information to Enable Relator's Counsel to Assess its Claims of Attorney-Client Privilege and Work Product Privilege........................................................................................... 4

II.    Janssen Is Not Required to Produce Documents from Current and Former Employees Who Are Not Custodians in This Case. ........................................................ 6

III.    Janssen Has Produced Responsive Documents from Corporate Repositories Within This Phase. ................................................................................................................. 7

IV.    Janssen Has Produced or Is Producing the Relevant, Responsive, Non-Privileged Materials Properly Within Phase I Discovery in Response to the Specific RFPs Identified by Relator. ............................................................................................... 9

    A.    Compliance Policies & Guidance (RFP 4) ............................................................. 9

    B.    Reports Tracking Information About Phase I Accounts (RFP 16)....................... 10

    C.    Janssen's Communications with the Government (RFP 31) ................................ 11

    D.    Job Descriptions (RFP 4)....................................................................................... 11

    E.    Contracts with Outside Consultants (RFP 7)........................................................ 12

    F.    Document Retention and Preservation Policies (RFP 6) ..................................... 12

V.    Janssen Should Not Be Required to Produce Documents in Karen Trahan's and Relator's Electronic Files That Pre-Date October 2006 .................................................... 12

CONCLUSION................................................................................................................................. 13

## INTRODUCTION

Relator Julie Long's third Motion to Compel Discovery is the latest in a series of attempts to expand Phase One discovery beyond what the Court has allowed. Chief Magistrate Judge Kelley has decided two motions covering many of the same topics, and Relator has filed a motion objecting to the Magistrate Judge's orders denying others. This latest effort to abandon Phase One and open extensive, burdensome discovery should be denied.

In her motion, Relator first seeks to compel production of yet another privilege log. Second, she seeks sweeping discovery of *any* potentially relevant material from *any* current or former Janssen employee—far beyond what the Federal Rules require and far beyond what this Court has ordered. Moreover, many of the documents Relator seeks either simply do not exist or have already been produced.

Relator's request for an expanded privilege log is based on the unsupported premise that Janssen is required to review and log all potentially responsive documents from all internal sources, including the custodial files of *in-house* counsel who are not document custodians, without regard for burden or proportionality, even though the Court has explicitly ordered that this is not required. Granting such an order would require the review of hundreds of thousands of additional documents and would dramatically expand the discovery timeframe.

Relator's requests concerning hypothetical "Corporate Documents" fares no better. The documents Relator seeks either do not exist or are outside the scope of this phase of discovery. Relator already has the nonprivileged documents responsive to her discovery requests that have been identified from 23 document custodians, which go to every aspect of Janssen's business, as well as thousands of additional documents from centralized databases and other noncustodial sources. Thus, further discovery into nationwide documents and data sources will only burden

Janssen unnecessarily and will not meaningfully add to Relator's knowledge of the issues in this case.

## ARGUMENT

I. **Janssen Has Properly Logged All Privileged Responsive Documents in Compliance with Rule 26.**

Relator argues that Janssen has not logged all the documents it is withholding on the basis of privilege, Pl.'s Mem. Supp. Mot. to Compel 6, Dec. 3, 2021, ECF No. 224 [hereinafter Pl.'s Mem.] ("Janssen has withheld from production documents in the custody of [former in-house counsel] Freddy Jimenez, but it has failed to list these withheld documents on its log, depriving Plaintiff of the opportunity to consider and challenge Janssen's privilege claims as to these documents."), and claims that the entries in the log are deficient. Both arguments lack merit.

    A. **Janssen Logged Responsive, Privileged Documents Located in the Files of the Agreed-Upon Custodians and Corporate Repositories.**

Relator argues that Janssen has not logged all the documents it is withholding on the basis of privilege and cites the lack of logged files of former in-house counsel Freddie Jimenez, who is not a custodian in this case, as evidence. Pl.'s Mem. 6. Rule 26 does not require such a futile and burdensome review, and the Court has already ruled that it is not required.

Rule 26 does not require Janssen to search the files of non-custodian employees for the sole purpose of creating a privilege log. Recognizing that Rule 26(b) includes a proportionality standard, the parties explicitly agreed in the earlier stages of discovery to "cooperate in identifying appropriate limits on discovery." ESI Protocol, ECF No. 104. The parties further agreed that one of the "appropriate limits on discovery" was to limit the number of custodians from which each party is required to collect and produce documents. *Id*.

In compliance with its discovery obligations, Janssen searched the files of the agreed-upon custodians, as well as documents stored in various corporate repositories, and produced non-privileged information responsive to Relator's Requests for Production. Janssen also recorded all privileged responsive documents that were identified in the course of its review, and properly recorded them on its privilege log.[1]

Relator's position that Janssen must review and log *all* privileged documents, from any source, that are responsive to her discovery requests is unfounded. The Court has already explicitly held that Janssen is not required to search the files of non-custodians for the purpose of creating a privilege log. Months ago, Relator moved to compel the production of documents from the custody of Freddy Jimenez, in spite of Janssen's repeated explanations that these materials were likely to be overwhelmingly privileged. In denying Relator's motion, this Court held that it "may not be the best use of everyone's time" to require Janssen to review documents simply for the sake of creating a privilege log. Status Conf. Tr. 9:22–23, July 26, 2021, ECF No. 157. *See also* July 26, 2021 Order, ECF No. 155 ("The court agrees with Janssen that the burden of undertaking a document review for the sole purpose of providing a privilege log is not warranted at this time."). The same logic applies here—to require Janssen to search for privileged communications, across the entire company, for the sole purpose of including those

---

[1] The scope of Janssen's document review, and the relevance of the custodians selected, demonstrates that Janssen is in no way attempting to "entirely conceal the[] existence" of internal evaluations of the legality of the programs at issue, as Relator alleges. Pl.'s Mem. 7. Any such evaluations that were identified in the files of the thirteen agreed-upon custodians, or the thousands of internal "corporate documents" reviewed, already appear on Janssen's privilege log.

3

documents on a privilege log is not an efficient use of time, nor is it required by the Federal Rules of Civil Procedure or any case.[2]

      **B.**    **Janssen's Privilege Log Provides Sufficient Information to Enable Relator's Counsel to Assess its Claims of Attorney-Client Privilege and Work Product Privilege.**

Janssen's privilege log provides sufficient information to allow Relator to "assess the claim" for each document both attorney work product and attorney-client privilege.

Under Fed.R.Civ.P. 26(b)(5), when a party withholds otherwise discoverable information by invoking privilege or work product, it must "describe the nature of documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "Privilege logs do not need to be precise to the point of pedantry." *Bryan Corp. v. Chemwerth, Inc.*, 296 F.R.D. 31, 41 (D. Mass. 2013) (quoting *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001)). This Court has found logs to be adequate when the "log generally identifie[d] the date of the document, the individuals involved in the communication, and the nature of the privilege being asserted," and in "most instances" identified "the author and recipient, as well as the subject matter of the communication." *Id.* A party asserting a claim of privilege is merely expected "to do the best that he reasonably can to describe the materials to which his claim adheres." *Id.*

Janssen's privilege log meets this standard. Its log includes detailed descriptions justifying its assertion of the attorney-client privilege and the work product privilege. For example, the first three descriptions on the Privilege Log are as follows:

---

[2] Janssen's pending determination whether to assert a very narrow advice of counsel defense does not require broad searches for documents solely in order to record them on its privilege log at this time.

4

- Memorandum providing information to counsel for the purpose of receiving legal advice regarding preparation/review of internal training or internal guidance concerning practice management or IOI support.

- Memorandum providing information to counsel for the purpose of receiving legal advice regarding preparation/review of internal training or internal guidance concerning practice management or IOI support.

- Memorandum providing information to counsel for the purpose of receiving legal advice regarding preparation/review of internal training or internal guidance concerning practice management or IOI support.

Each entry also included further information about document type, author, document custodian, and other forms of metadata agreed upon by the parties. In all respects, these entries are comparable to privilege log entries that courts routinely accept. *See, e.g.*, *Feld v. Fireman's Fund Ins. Co.*, 991 F. Supp. 2d 242, 248 (D.D.C. 2013) (providing examples of privilege log entries meeting the disclosing party's obligation). Indeed, Janssen would be "hard pressed" to provide more information about the documents logged "without revealing information itself privileged or protected." *Id*. at 248. Rule 26 does not require such minute detail.

Relator also objects that Janssen prepared privilege descriptions that apply to entire document families (emails and privileged attachments), rather than drafting separate descriptions for all attachments. Pl.'s Mem. 8. Although Janssen's privilege log entries apply to entire families, Janssen reviewed and individually assessed the privilege status of all documents—no nonprivileged document was withheld merely due to its status as an attachment. Not one of the cases cited by Relator supports the position that this is improper. Instead, Relator cites cases for the noncontroversial contention that a document does not become privileged merely because it is attached to a communication with an attorney, which Janssen does not dispute. *Id*. at 8–9.

Relator further argues that Janssen's log is incomplete because some of the entries are documents where there is no lawyer in the "to," "from," or "cc" fields. Again, however, this is

5

commonplace. An email chain may discuss a pending or past request for legal advice from counsel, even if a lawyer is not on the top line email, and still be entitled to protection.[3]

## II.   Janssen Is Not Required to Produce Documents from Current and Former Employees Who Are Not Custodians in This Case.

Relator argues that Janssen is required to collect and produce all non-privileged, responsive documents from the files of current and former employees known to have discoverable information, regardless of whether they are document custodians, despite acknowledging that the parties agreed upon custodians, and Janssen produced responsive documents from those custodians' files. Pl.'s Mem. 12. Relator's position fundamentally misunderstands the discovery process.

Specifically, Relator argues that despite the production of responsive material from the agreed upon custodians, Janssen "has refused to identify the current and former employees most likely to have significant discoverable information and has likewise refused to search for or produce responsive information held by those individuals." *Id.* Leaving aside that Janssen has, in fact, identified employees most likely to have discoverable information, Relator's position is that Janssen is required to search the files of *every single current and former employee* that may have had responsive materials for the entire twenty-plus year period that Relator claims is relevant, notwithstanding that there may be hundreds of such employees or that most of their relevant documents are highly likely to be duplicative of those already produced from the

---

[3] Relator also objects for the first time that the privilege log does not contain "information" about the individuals named as senders, recipients, and custodians that would enable Relator to determine if they are third parties. Pl.'s Mem. 9. Janssen's privilege log, however, contains all of the information that was required in the Protective Order negotiated by the parties, which specifically provides that a privilege log may contain: "If known, name(s) of the author(s) of the document, or, if an email, the sender (person shown in the FROM field), identifying anyone who is an attorney by stating 'Esq.' after their name." *See* Exhibit B to Stipulated Protective Order at 3, ECF No. 98-1.

6

custodians selected by the parties. This is contrary both to the Rule 26(b) proportionality standard and to common sense. Were this the standard, the parties would not have needed to agree upon custodians, as Janssen would have been required to produce documents from any and all employees. Not only is this not how the discovery process is designed to operate, Chief Magistrate Judge Kelley has already ruled that discovery from additional custodians is not proper at this time. *See* July 26, 2021 Order, ECF No. 155 (allowing Relator to add three custodians to the prior ten, and noting "that adding twelve custodians at this phase of discovery is not warranted and will slow the pace of discovery too much"). The Court, consistent with its previous rulings, should deny Relator's Motion to Compel.[4]

### III. Janssen Has Produced Responsive Documents from Corporate Repositories Within This Phase.

Relator's argument that Janssen "never searched for documents responsive to these requests that are located its corporate repositories," Pl.'s Mem. 14, is an effort to relitigate Relator's Motion to Compel Production. *See* Mem. In Support of Motion to Compel, ECF No. 160. And it is incorrect. Janssen's review of noncustodial corporate documents has been extensive and has been targeted to provide exactly those documents Relator is seeking. *See* ECF No. 163. Among other centralized databases searched, Janssen has searched the databases and file locations that are used to record or maintain the PRC's review and approval of presentations and ABS materials, ABS meeting and training materials, ABS presentations and resources, policy and guidance documents, personnel records, and records of ABS call activity and sales data within the Central Pennsylvania ABS territory. The responsive documents identified from

---

[4] Relator has also moved to compel the production of documents from 28 additional custodians. Janssen has opposed Relator's motion for reconsideration. *See* Mot. for Reconsideration, ECF No. 218.

7

these noncustodial sources have been produced or logged.  Relator has not specifically identified any databases that should have been searched but were not.

Relator has consistently misunderstood that certain documents she has requested, to the extent they exist, are retained in the files of individual custodians, not in centralized repositories. Relator argues, for example, that Janssen has not produced "All Management-Level Documents concerning the returns or benefits that you derived from providing the IOI support," and "All Management-Level Documents concerning the influence, effect, or impact that providing IOI Support had on IOI Accounts' utilization of Remicade or Simponi ARIA."  Pl.'s Mem. 14. Janssen has not identified a centralized repository that contains documents responsive to these requests, and Relator has not identified any such repository or specific type of document or information that she thinks has not been produced.[5]  As a result, documents concerning these topics are more likely to appear in the files of the relevant custodians agreed upon by the parties, which have been produced.  Federal Rule of Civil Procedure 34(b) requires only that discoverable material be produced in the form "in which it is ordinarily maintained."

Janssen has produced a significant amount of responsive information from its corporate repositories.[6]  Relator provides no evidence that Janssen has failed to comply with its obligations under this Court's orders, other than her unfounded belief.  Because Janssen has produced all relevant documents located after a reasonable search, in accordance with the orders issued by this Court, Relator's Motion to Compel on this issue should be denied.  *See Slocum v. Alexander*

---

[5] Janssen has identified a limited number of boxes of hard-copy documents in offsite storage that it is in the process of reviewing and will produce any non-privileged, responsive documents identified in these boxes.

[6] *See, e.g.*, JANSSENBIO-017 (containing nearly 3000 documents from corporate repositories); JANSSENBIO-018 (containing more than 1500 documents from corporate repositories).  This is in addition to the thousands of corporate documents produced to the DOJ, which Janssen has reproduced in this case.

8

*Schleicher, GmbH & Co. Segelflugzeugbau*, Civil No. 11–cv–317–PB, 2013 WL 395824, at *5 (D.N.H. Jan. 31, 2013).

### IV. **Janssen Has Produced or Is Producing the Relevant, Responsive, Non-Privileged Materials Properly Within Phase I Discovery in Response to the Specific RFPs Identified by Relator.**

Relator's Motion questions Janssen's production concerning a number of specific RFPs based on speculation that, beyond the millions of pages that have previously been produced, there are yet more documents can be easily located and provided. Pl.'s Mem. 15–19. Janssen has produced or agreed to produce all of the relevant, responsive, and non-privileged documents within the scope of Phase I Discovery that were located after a reasonable search, in accordance with the orders issued by this Court. Thus, there is nothing for this Court to compel. *See Slocum*, 2013 WL 395824, at *5 ("But where, as here, the party targeted by a motion to compel says there are no documents to produce, there is nothing for the court to compel.").

#### A. **Compliance Policies & Guidance (RFP 4)**

Relator's RFP 34 sought a number of guidance policy documents, which were identified by name. To respond to this RFP, Janssen searched its centralized "HCC Sharepoint" site, which is used by the company to store all historical healthcare compliance policies. Janssen specifically sought to identify all responsive guidance materials dated prior to 2016, including by searching for folders dated before 2006, and produced all responsive documents identified. The documents produced include several policy documents whose titles are similar to or the same as the ones identified in Relator's RFP. And Janssen also produced any responsive nonprivileged guidance materials that it identified in its review of materials from the agreed upon custodians.

Janssen is now conducting follow-up searches to confirm whether any other guidance documents responsive to RFP 34 can be identified. If so, those documents will be produced as well.

### B. Reports Tracking Information About Phase I Accounts (RFP 16)

Relator argues that Janssen has not produced certain information responsive to RFP 16. Pl.'s Mem. 16. But as Janssen has explained to Relator, it has produced all the information from centralized databases that is responsive to RFP 16, including the available raw sales data for the eleven Phase 1 Accounts, sales data purchased from third party IQVIA, and database materials in Access database format for entries by Julie Long or Dana Griffith or any of the Phase 1 Accounts between October 2006 and February 2016. Janssen's production of those documents is complete.

Indeed, Janssen has produced information that Relator complains Janssen has not produced. Contrary to Relator's argument, Janssen has provided information showing when IOI Support was provided to the physician practices, including numerous "trackers" of ABS sales activities that were periodically maintained by Janssen employees and are available in the files of the custodians whose documents have been produced.[7] To the extent Janssen has not produced additional information requested in RFP 16, it is because that information simply does not exist or was not retained in the format Relator imagines, without any support, that it must exist.

---

[7] *See, e.g.*, JANSSENBIO-014-00002821, JANSSEN.014.0038553, JANSSENBIO-013-00004821, REMSI_EREV004_000104444, JANSSENBIO-011-00008792, JANSSENBIO-010-00005186, JANSSENBIO-008-00005415, JANSSENBIO-015-00005630, JANSSEN.014.0178913, JANSSENBIO-011-00004145.

### C. Janssen's Communications with the Government (RFP 31)

Relator argues that "[b]ecause Janssen has asserted a materiality defense, it should be required to produce any communications it had with Medicare concerning its provision of the IOI Support to physician practices." Pl.'s Mem. 17. Relator also argues that "Janssen should also be required to produce all communications it had with the Department of Justice concerning this action and all its communications with HHS-OIG concerning any requests for guidance or an advisory opinion related to the IOI Support." *Id.*

As Relator notes, Janssen produced the documents that it produced to the DOJ, as well as the communications with the DOJ related to those productions. *Id.* As discussed above, the parties agreed, and the Court ordered, that discovery in this phase was limited to thirteen custodians and relevant corporate repositories. *See* Section I.A, supra. If there were any communications identified in those custodians' files or corporate repositories that were relevant and responsive to this request, they were produced. Again, however, Janssen was not required to search the files of other current or former employees for documents responsive to this request. *See id.* Further, although Relator speculates that Janssen may have communications with HHS-OIG related to requests for an advisory opinion about IOI support, Janssen has not identified any such OIG advisory requests relevant to this case.

### D. Job Descriptions (RFP 4)

Relator argues that Janssen must be required to produce all versions of certain requested job descriptions, including those pre-dating October 2006. Pl.'s Mem. 18. Janssen advised Relator in its November 1 discovery letter and reiterated in subsequent correspondence that Janssen does not maintain a central repository of historical job descriptions that is searchable by job title. Janssen also advised Relator that it had produced the job descriptions that are

11

responsive to RFP 4 and within the scope of Phase I Discovery that it was able to locate in its corporate files after conducting reasonable searches. In response to Relator's request on November 21, Janssen agreed to conduct supplemental searches for job descriptions associated with Marti Heckman and Karen Trahan, and it produced those materials on December 17.

Janssen is now conducting follow-up searches to confirm whether any other job descriptions responsive to RFP 4 can be identified. If so, those documents will be produced as well.

### E. Contracts with Outside Consultants (RFP 7)

Relator also seeks an order compelling production of all contracts with outside consultants to develop or provide the support services at issue. Janssen, however, has already agreed to search for and produce contracts to develop IOI support, to the extent located after a reasonable search. No further action is needed in relation to this request.

### F. Document Retention and Preservation Policies (RFP 6)

Janssen produced its current document retention and preservation policies. To the extent that Relator is arguing that Janssen is required to produce every version of its document retention and preservation policies going back over a decade, this request seeks materials that are duplicative of the policies already produced, and that have no relevance to this case. Relator has not argued that Janssen failed to properly preserve documents or submitted any evidence of such a failure. Janssen should not be required to produce prior versions of its document retention and preservation policies.

### V. Janssen Should Not Be Required to Produce Documents in Karen Trahan's and Relator's Electronic Files That Pre-Date October 2006

Relator's request for documents from custodian Karen Trahan dating prior to October 2006 is outside the Court-ordered discovery timeframe. Chief Magistrate Judge Kelley has

12

already refused to expand discovery to the period before 2006, except for certain narrow categories of documents. *See* Order, April 23, 2021, ECF No. 120 (requiring that subject to limited exceptions, "Defendant shall produce documents within the period of the relevant statute of limitations, that is to say, going back to 2006"); Order, Oct. 18, 2021, ECF No. 194 (denying motion to compel discovery prior to 2006). The Court-ordered exceptions to that timeframe were limited to "documents concerning the development of the program in question, including defendant's evaluation of the legality of the program," which Janssen has searched for and produced. Order, April 23, 2021, ECF No. 120. Relator's motion for reconsideration of those orders is now pending before the Court. Mot. for Reconsideration, ECF No. 218. There is no need to decide the issue separately here.

Relator's Motion is also based on a speculative and incorrect idea about the role of Ms. Trahan. Relator extrapolates from Ms. Trahan's title as "Regional Business Director" that she played a "central role in the development of the IOI Support services in the early 2000s." Pl's Mem. 19. But although Ms. Trahan did indeed occupy an important position in terms of supervising sales within the Central Pennsylvania region, her documents do not indicate that she was substantially involved in the inception of the IOI support programs at issue in this case or in internal evaluations of their legality. Additionally, to the extent Relator seeks to investigate Ms. Trahan's knowledge of these subjects, they may be discussed at Ms. Trahan's deposition in January.

## CONCLUSION

For the foregoing reasons, Relator's Motion to Compel Production of Documents should be denied.

13

| | |
|---|---|
| Dated: December 17, 2021 | *s/Ethan M. Posner* |
| | Ethan M. Posner (admitted *pro hac vice*) |
| | Stacey K. Grigsby (admitted *pro hac vice*) |
| | Michael M. Maya (BBO No. 672847) |
| | Sarah E. Tremont (admitted *pro hac vice*) |
| | Kristin M. Cobb (admitted *pro hac vice*) |
| | Covington & Burling LLP |
| | One CityCenter |
| | 850 Tenth Street, NW |
| | Washington, DC 20001 |
| | (202) 662-6000 |
| | eposner@cov.com |
| | sgrigsby@cov.com |
| | mmaya@cov.com |
| | stremont@cov.com |
| | kcobb@cov.com |
| | |
| | *Attorneys for Defendant Janssen Biotech, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 17th day of December, 2021.

*s/Ethan M. Posner*
Ethan M. Posner (admitted *pro hac vice*)