```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


THE UNITED STATES OF AMERICA,    )
ex rel.                          )
JULIE LONG,                      )  Civil Action
                                 )
              Plaintiffs         )  No. 16-12182-FDS
                                 )
                                 )
vs.                              )
                                 )
JANSSEN BIOTECH, INC.,
              Defendant


BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV



              STATUS CONFERENCE CONDUCTED BY ZOOM




         John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210



                       January 18, 2022
                          2:07 p.m.




                 Valerie A. O'Hara, FCRR, RPR
                    Official Court Reporter
         John Joseph Moakley United States Courthouse
                       1 Courthouse Way
                       Boston, MA 02210
                   E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES VIA ZOOM:

 2   For The Relators:

 3        Cohen Milstein Sellers & Toll PLLC, by CASEY M. PRESTON,
     ESQ., 1717 Arch Street, Suite 3610, Philadelphia, Pennsylvania
 4   19103;

 5        Cohen Milstein Sellers & Toll, PLLC,
     THEODORE JON LEOPOLD, ESQ., DIANA L. MARTIN, ATTORNEY,
 6   LESLIE KROEGER, ATTORNEY, and POORAD RAZAVI, ESQ.,
     11780 US Highway One, Suite 200, Palm Beach Gardens,
 7   Florida 33408;

 8   For the Defendant:

 9        Covington & Burling LLP, by ETHAN M. POSNER, ESQ.,
     SARAH TREMONT, ATTORNEY, STACEY K. GRIGSBY, ATTORNEY,
10   and KRISTIN COBB, ATTORNEY, 850 Tenth Street, NW,
     Washington, D.C. 20001-4956.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

PROCEEDINGS

THE CLERK: Court is now in session in the matter of United States vs. Janssen Biotech, Matter Number 16-12182.

Participants are reminded that photographing, recording or rebroadcasting of this hearing is prohibited and may result in sanctions.

Would counsel please identify themselves for the record, starting with the plaintiff.

MR. LEOPOLD: Good afternoon, Ted Leopold along with my partners, Diana Martin, Leslie Kroeger and Casey Preston and Poorad Razavi on behalf of the relators.

THE COURT: All right. Good afternoon.

MR. POSNER: Good afternoon, your Honor, Ethan Posner, Covington & Burling for the defendant along with my colleagues, Stacey Grigsby, Sarah Tremont, and Kristen Cobb. Good afternoon.

THE COURT: All right. Good afternoon. This is a status conference in this case. I'm sorry we're starting late. I seem to be unable to access my Zoom account, which arguably is the greatest thing that's happened to me. I may not ask to have it restored, but where are we? Mr. Leopold.

MR. LEOPOLD: Yes. Thank you, your Honor. Your Honor, since the last hearing, a couple of things have

1    transpired.  You might recall that on the eve of our last
2    hearing, the Court had asked that by December 21st, counsel
3    for Janssen provide both relator and the Court indication
4    as to whether or not they were going to rely on the advice
5    of counsel issue, and they submitted a short letter
6    indicating that they are not.
7           Thereafter, right around that time, I should say,
8    Magistrate Kelley had issued an order on a variety of
9    different discovery-related matters and document requests
02:08PM 10   and motions to compel.  That motion or I should say that
11   order was then appealed to your Honor by the Janssen
12   defendant.
13          We then had last week a hearing with
14   Magistrate Kelley, and just before the hearing, your Honor
15   had issued an order sending back, I guess denying in part
16   and granting in part that objection to the magistrate's
17   order.
18          At the time of the hearing with Magistrate Kelley,
19   she said that she was going to review everything and take
02:09PM 20   the objection as a matter motion for reconsideration.
21          She heard some additional argument and
22   clarification of some issues and has ordered both parties
23   to respond in briefs to her, the relator by the 28th of
24   January to the motion for reconsideration, and then I
25   believe two weeks later for the Janssen defendants.

1              Also during that conversation at the hearing with
2       Magistrate Kelley, the issues that had come up with your
3       Honor back at our hearing on the 22nd about the position of
4       Janssen's reliance on advise of counsel, and we had
5       indicated that we wanted to brief that issue because of the
6       nature of sort of the sword and shield type of defense and
7       the circuit case law around the country on that issue.
8              Again, we had some in-depth conversations with
9       Magistrate Kelley, and she ordered by the 28th for the
02:10PM 10      parties to submit briefs on that particular issue, which
11      we're in the process of doing.
12             There were also filed a couple of additional
13      motions to compel, which Magistrate Kelley is going to take
14      under advisement, and the last issue since the 22nd hearing
15      with your Honor, we had worked out agreed dates for the
16      depositions of several of Janssen's witnesses as well as a
17      30(b)(6), however, we were informed by Janssen that they
18      have refused to produce any of those witnesses until all of
19      the issues on the motion for reconsideration and the prior
02:11PM 20      order of Magistrate Kelley has been worked out, so
21      basically there is no discovery going on at this point, and
22      we are I would say basically at a standstill until the
23      order on the motion for reconsideration is addressed
24      because of Janssen's position of not producing any
25      witnesses until that point.  I believe that's the present

1 status, your Honor.

2 THE COURT: Okay. Mr. Posner.

3 MR. POSNER: Yes, good afternoon, your Honor.

4 Well, one point we would make is our position on the

5 depositions was we were, you know, in light of the breadth

6 of the magistrate's discovery rulings, our position was,

7 well, we're only going to produce these witnesses once, so

8 either we wait until the magistrate rules on the motion for

9 reconsideration, and if there's an appeal to your Honor, we

02:12PM 10 kind of wait to see that sorted out or you agree at the

11 outset that you'll only take their deposition once, so

12 specifically that was our position, but we still think it

13 makes sense to wait out the scope of the discovery from

14 first the magistrate and potentially your Honor if one

15 party takes an appeal from that.

16 It looks like the magistrate has set the final

17 briefing on February 11th. I assume they'll be a hearing

18 after that, and then we'll see where we are.

19 THE COURT: Okay. All right. I think what makes

02:12PM 20 sense from my standpoint is to set a further status for,

21 let's see, ballpark February 20th, thereabouts, about 30

22 days out, a little longer. Matt.

23 THE CLERK: How about Wednesday, February 23rd at

24 3:30?

25 THE COURT: Wednesday, February 23rd at 3:30.

```
         1    We'll try it by Zoom.  I may drag my heels getting this
         2    thing fixed.
         3             MR. POSNER:  That's fine with us, thank you.
         4             MR. LEOPOLD:  Your Honor, did you say 3:30 on the
         5    23rd?
         6             THE COURT:  Yes.  Okay.  We'll see where we are at
         7    that point.  Unless there's anything else, thank you, and
         8    we'll talk to you in about a month.
         9             MR. POSNER:  All right, stay well everyone,
02:13PM 10    thank you.
        11             (Whereupon, the hearing was adjourned at
        12    11:08 p.m.)
        13
        14
        15
        16
        17
        18
        19
        20
        21
        22
        23
        24
        25
```

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS ) ss.

CITY OF BOSTON )

      I do hereby certify that the foregoing transcript, Pages 1 through 8 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 16-12182-FDS, THE UNITED STATES OF AMERICA ex rel. JULIE LONG vs. JANSSEN BIOTECH, INC., and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

      Dated January 20, 2022.

                    s/s Valerie A. O'Hara
                    _____
                    VALERIE A. O'HARA
                    OFFICIAL COURT REPORTER