**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**By Email**                                                                       December 21, 2021

Theodore J. Leopold
Leslie M. Kroeger
Diana L. Martin
Poorad Razavi
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL  33408
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
dmartin@cohenmilstein.com
prazavi@cohenmilstein.com

Casey M. Preston
Gary L. Azorsky
Jeanne A. Markey
COHEN MILSTEIN SELLERS & TOLL PLLC
1717 Arch Street, Suite 3610
Philadelphia, PA  19103
cpreston@cohenmilstein.com
gazorsky@cohenmilstein.com
jmarkey@cohenmilstein.com

   Re:  United States ex rel. Long v. Janssen Biotech, Inc., No. 16-
        cv-12182, D. Mass.

Dear Counsel:

   We write to inform you that, based on its investigation to date and the current status of this case, Janssen is not invoking the defense of advice of counsel as to the programs that Relator has placed at issue in Phase I.  As we have noted, the advice of counsel defense is narrow, with prescribed elements.  *See United States v. Gorski*, 36 F. Supp. 3d. 256, 267 (D. Mass. 2014) (Saylor, J).

   Outside of the narrow advice-of-counsel doctrine, Janssen reserves all of its rights to invoke and rely upon any and all other available arguments and defenses, including that Janssen followed a business practice of having a multi-disciplinary committee that included a lawyer review and approve the challenged presentations and resources.  *See Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1309 (N.D. Ga. 2016) ("Defendants do not waive the attorney-client privilege solely by presenting evidence regarding how they manage and structure

COVINGTON

Theodore J. Leopold, et al.
December 21, 2021
Page 2

their business overall and that their regular business or management process includes the consultation with counsel about an array of topics, including patents.  Narrowly tailored evidence about such general business practices does not alone inject into the case an affirmative defense that the Defendants relied on advice from counsel.").  *See generally United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) ("A general assertion lacking substantive content that one's attorney has examined a certain matter is not sufficient to waive the attorney-client privilege."), *cited in Gorski*, 36 F. Supp. 3d at 268.

Janssen reserves all of its rights to invoke the advice-of counsel-defense depending upon the expansion of Phase I discovery and any revised deadlines established by the Court.

Sincerely,

*s/Ethan M. Posner*
Ethan M. Posner
Stacey K. Grigsby
Sarah E. Tremont
Kristin M. Cobb

*Counsel for Defendant*
*Janssen Biotech, Inc.*