UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, et al., ) <br> *ex rel.* JULIE LONG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANSSEN BIOTECH, INC., ) <br> ) <br> Defendant. ) | Civil Action No. <br> 16-12182-FDS |

### ORDER CONCERNING MOTION TO COMPEL
### DISCLOSURE OF LEGAL OPINIONS

**SAYLOR, C.J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free services to physicians in order to induce them to prescribe its medications. Relator Julie Long has sued defendant Janssen Biotech, Inc., a company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases.

The case is at the discovery stage. Relator has moved to compel the disclosure of legal opinions related to the lawfulness of defendant's services to physicians. She contends that defendant waived the attorney-client privilege by producing in discovery documents related to defendant's "Promotional Review Committee" ("PRC"). The PRC comprises individuals within the company from several different disciplines who review the company's promotional materials before distribution. (Exs. D, E). As relevant here, one of the individuals sitting on the PRC is from defendant's legal department. (Exs. F, G). Relator contends that by producing PRC materials, particularly PRC approval forms signed by the legal department's PRC representative,

defendant has waived the attorney-client privilege as to any communications concerning the lawfulness of the practice. (*See id.*). In addition, relator contends that defendant has placed privileged materials at issue in this case by using the PRC documents, and the legal opinions allegedly inherent in those documents, as part of its defense.

Attorney-client privilege can be waived either through an express or implied waiver. An express waiver occurs through a "deliberate disclosure of a privileged communication, where no privilege protects this further disclosure . . . ." *United States v. Rakes*, 136 F. 3d 1, 5 (1st Cir. 1998). An implied waiver results when "the party asserting the privilege place[s] protected information in issue for personal benefit through some affirmative act, and the court [finds] that to allow the privilege to protect against disclosure of that information would [be] unfair to the opposing party." *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003) (internal quotation marks omitted). Implying a waiver of attorney-client privilege is often necessary when a defendant asserts a defense based on advice of counsel, because the lawyer's advice has been placed squarely at issue. *Id.* Maintaining the privilege under such circumstances would permit a defendant to "selectively disclose fragments unhelpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *Id.* That said, "not every passing reference to counsel . . . will trigger a waiver of the privilege." *United States v. Gorski*, 36 F. Supp. 3d 256, 268 (D. Mass. 2014); *see also United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) ("An averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice.").

Here, the production of PRC documents did not constitute an express waiver of the attorney-client privilege. As relevant here, the PRC documents appear to show nothing more than that a lawyer reviewed the company's promotional materials within the context of the

2

company's compliance procedures, and the documents do not appear to disclose the substance of any privileged communication. *See Banco do Brasil, S.A. v. 275 Wash. St. Corp.*, 2011 WL 3208027, at *2 (D. Mass. July 27, 2011) ("Revealing the general topic of discussion between an attorney and client does not waive [attorney-client] privilege, unless the revelation also reveals the substance of a protected communication." (quoting *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426 (D. Kan. 2009))). As a result, there has been no express waiver.

Nor, on this record, has there been an implied waiver. At this stage of the case, at least, the "claims and defenses are [not] so 'enmeshed' in privileged evidence that it would be unfair to withhold the material." *Massachusetts Mut. Life Ins. Co. v. Merrill Lynch*, 293 F.R.D. 244, 249 (D. Mass. 2013) (citing *Greater Newburyport Clamshell Alliance v. Public Serv. Co. of N.H.*, 838 F.2d 13, 20 (1st Cir. 1988)). If defendant merely asserts that the procedural measures it took to comply with the law demonstrate that it acted in good faith, then "[t]he plaintiff does not need to discover counsel's privileged communications to test whether [the] defense has any merit." *Bacchi v. Massachusetts Mut. Life Ins. Co.*, 110 F. Supp. 3d 270, 278 (D. Mass. 2015); *see also DR Distribs., LLC v. 21 Century Smoking, Inc.*, 2015 WL 5123652, at *6-7 (N.D. Ill. Sept. 1, 2015) (holding that evidence of defendant consulting with counsel before filing trademark application was relevant to defendant's intent and did not waive attorney-client privilege, even though evidence could be susceptible to the inference that attorney "blessed" the application); *Banco Do Brasil*, 2011 WL 3208027, at *4 (holding that affidavit of attorney discussing bank's efforts to obtain regulatory approval for new branch did not implicate privileged materials because bank did not assert that it relied on regulator's or attorney's statements, but rather offered such efforts as evidence of its good faith in abiding by contract terms with realty company).

In short, defendant's assertion that it acted in good faith by adhering to internal-compliance protocols, which included a legal review, does not necessarily implicate privileged communications to such a degree that a waiver must be implied.  Put another way, the mere assertion of good faith as a defense, and the mere production of PRC materials, is not sufficient to trigger a finding of implied waiver.

Of course, if defendant expressly argues in the future that it relied in good faith on the opinions of its attorneys, then privileged communications will have been placed at issue and a finding of waiver is likely warranted.  But any such privileged communications are not integral to any defense yet asserted such that their disclosure is necessary to prevent unfairness. Furthermore, this matter is at the discovery stage.  The Court is making a discovery ruling, not a determination as to the admissibility of the evidence of the PRC review at trial.  It is of course possible that in the future defendant might attempt to use the fact of that review in a manner that implies approval of legal counsel, which in turn might trigger an implied waiver.  At present, however, it is sufficient to find for purposes of discovery that no such waiver has yet occurred. **So Ordered.**

Dated:  April 7, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court