UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>　　　　　　　　*Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>　　　　　　　　*Defendant.* | Civil Action No. 16-CV-12182-FDS |

### DEFENDANT JANSSEN BIOTECH, INC.'S INITIAL DISCLOSURES UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Janssen Biotech, Inc. ("Janssen" or "Defendant") provides the following initial disclosures based upon information reasonably available to it as of December 22, 2020.

The information provided in these disclosures related to Defendant's defenses is limited to the defenses that Defendant may assert in connection with the claims that Relator Julie Long ("Long" or "Relator") has asserted against Defendant. The information provided in these disclosures is also limited in accordance with the Court's decision that discovery be focused in the first instance on claims arising from support services provided by Long to the few physician practice accounts as alleged with any specificity in the Second Amended Complaint ("SAC").

By making these disclosures, Defendant does not concede that the prospective testimony of any individual identified herein, any document or category of documents identified herein, or any other information herein is relevant, discoverable, non-privileged, or admissible. Defendant reserves the right to supplement or correct the disclosures set forth herein as necessary or appropriate.

A. **Individuals Likely to Have Discoverable Information (Fed. R. Civ. P. 26(a)(1)(A)(i))**

The following is a list of individuals (other than individuals affiliated with Long) that Defendant at the present time believes may have information that Defendant may use to support its defenses, excluding individuals with information that would be used solely for impeachment purposes. This list supplements and amends Defendant's disclosure concerning individuals likely to have discoverable information produced on December 2, 2020, in accordance with the Court's decision limiting discovery in the first instance to claims based on support services Long provided to the specific physician practice accounts identified in the SAC.

Defendant does not consent to communications by Long or her counsel with any of the individuals identified below or with any of Defendant's other current or former employees as to matters related to this case. All such individuals may be contacted through Defendant's undersigned counsel.

| Name | Subject(s) |
|---|---|
| Scott Shelhamer<br>Director, U.S. Immunology Key Stakeholders | Remicade and Simponi ARIA marketing and product support services; ABS responsibilities |
| Lou Zambelli<br>Regional Business Manager, Northeast Region | Remicade and Simponi ARIA marketing and product support services; ABS responsibilities |
| Paul Wickmann<br>Regional Business Manager, Mid-Atlantic Region (prior) | Remicade and Simponi ARIA marketing and product support services; ABS responsibilities |

Defendant may discover additional individuals with information that may be used to support its defenses during the course of discovery and reserves the right to supplement the list set forth above as necessary or appropriate. Defendant further reserves the right to identify and call as witnesses at trial or otherwise additional persons who, during the course of discovery and investigation relating to this case, Defendant learns may have knowledge of relevant matters.

Defendant reserves the right to object to the relevance or admissibility of any testimony of the individuals listed above if offered by Long or any other party.

      **B.**      **Description of Relevant Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

The following is a description, by category, of documents, data compilations, and tangible things known to Defendant and in its possession, custody, or control that may be used to support its defenses to Long's claims, excluding items that may be used solely for impeachment.

- Slide decks and related materials that Long presented to specific physician practice accounts identified in the SAC, including publicly available content;

- Agreements with any third-party vendors that assisted Long in providing support services to specific physician practice accounts identified in the SAC;

- Information on sales of Remicade and Simponi ARIA to specific physician practice accounts identified in the SAC;

- Documents relating to training, directions, and instruction given to Long concerning her role as an Area Business Specialist and the support services she provided to specific physician practice accounts identified in the SAC; and

- Documents, including electronic documents, related to communications between Long and specific physician practice accounts identified in the SAC.

Defendant may discover additional categories of documents that may be used to support its defenses during the course of discovery and reserves the right to supplement the list set forth above as necessary or appropriate. Defendant reserves the right to object to the relevance or admissibility of any of the documents identified above if offered by Long or any other party for any purpose.

      **C.**      **Computation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Defendant does not, at this time, seek damages from Long as to which disclosure is required pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, although Defendant may seek costs and expenses incurred in this action, including attorney's fees.

D.  **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

Defendant is currently unaware of any policy or insurance under which any person or entity may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

*   *   *

Nothing in Defendant's initial disclosure of witnesses, documents, or other information shall constitute an admission, concession, or waiver with respect to any issue of fact or law, or any claim, defense, or privilege including (without limitation) the following: any claim or defense as to the sufficiency of Relator's SAC; the relevance, discoverability, or admissibility of any of the information set forth herein; any applicable privilege or immunity, including the attorney-client privilege, the work product privilege, or any other privilege or immunity; and the right to object to discovery requests that are not relevant, unduly burdensome, not proportional, and/or not reasonably calculated to lead to the discovery of admissible evidence.

Defendant reserves the right to supplement or modify these disclosures as necessary or appropriate.

Dated:  December 22, 2020

*s/Ethan M. Posner*
Ethan M. Posner (admitted *pro hac vice*)
Michael M. Maya (BBO No. 672847)
Sarah E. Tremont (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
(202) 662-6000
eposner@cov.com
mmaya@cov.com
stremont@cov.com

*Attorneys for Defendant Janssen Biotech, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served by electronic mail on December 22, 2020, to the following counsel of record:

Casey M. Preston
Gary L. Azorsky
Jeanne A. Markey
COHEN MILSTEIN SELLERS & TOLL PLLC 1717 Arch Street, Suite 3610
Philadelphia, PA 19103
(267) 479-5700

*s/Sarah E. Tremont*
Sarah E. Tremont (admitted *pro hac vice*)
Covington & Burling LLP