## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

THE UNITED STATES OF AMERICA, *ex rel.*
JULIE LONG,

                    *Plaintiffs,*

     v.

JANSSEN BIOTECH, INC.,

                    *Defendant.*

Civil Action No. 16-CV-12182-FDS

## MEMORANDUM OF LAW IN OPPOSITION TO RELATOR JULIE LONG'S MOTION TO COMPEL DEFENDANT TO PROVIDE COMPLETE ANSWERS TO INTERROGATORIES 15, 20 & 22 AND TO SUPPLEMENT ITS INITIAL DISCLOSURES

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. i

INTRODUCTION ........................................................................................................... 1

PROCEDURAL BACKGROUND................................................................................... 2

ARGUMENT .................................................................................................................. 4

I.  Janssen Has Provided Relator Information Concerning The Factual Basis For Its
    Defenses. ........................................................................................................... 5

II. Relator's Motion To Compel Is Premature....................................................... 6

III. Relator's Interrogatories Are Facially Overbroad. .......................................... 11

IV. Relator's Motion To Compel (Her Seventh) Is Duplicative Of Her Prior Motions
    And Conflicts With This Court's Discovery Orders.......................................... 13

V.  Janssen Has No Obligation To Supplement Its Initial Disclosures When, As Here,
    The Relevant Information Has Been Disclosed In Subsequent Discovery........ 14

CERTIFICATE OF SERVICE ....................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

*Amgen Inc. v. Sandoz Inc.*,
No. 14–cv–04741-RS (MEJ), 2016 WL 1039029 (N.D. Cal. Mar. 15, 2016) ........................... 7

*Bingham v. Supervalu Inc.*,
No. 13-11690-IT, 2014 WL 12792989 (D. Mass. July 11, 2014) ............................................. 9

*Dalmatia Import Grp. v. Foodmatch, Inc.*,
No. 16-2794, 2016 WL 5721161 (E.D. Pa. Oct. 3, 2016) .................................................. 5, 7, 8

*Eane Corp. v. Town of Auburn*,
176 F.R.D. 433 (D. Mass. 1997) ........................................................................................ 11, 13

*In re Facebook*,
MDL No. 12-2389, 2016 WL 5080152 (S.D.N.Y. July 6, 2016) ............................................. 8

*HIRECounsel D.C., LLC v. Thuemmler*,
No. 05-2111 (RWR)(AK), 2008 WL 11504116 (D.D.C. Jan. 29, 2008) ................................. 5

*Koster v. Landmark Am. Ins. Co.*,
No. 5:14-cv-689-Oc-37PRL, 2016 WL 3014605 (M.D. Fla. May 20, 2016) .................... 11, 13

*Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*,
248 F.R.D. 126 (S.D.N.Y. 2007) ............................................................................................ 10

*Machinery Sols., Inc. v. Doosan Infracore Am. Corp.*,
323 F.R.D. 522 (D.S.C. 2018) ......................................................................................... 11, 13

*United States ex rel. Martino-Fleming v. South Bay Mental Health Ctr.*,
332 F.R.D. 1 (D. Mass. 2019) .......................................................................................... 12, 14

*McCarthy v. Paine Webber Grp., Inc.*,
168 F.R.D. 448 (D. Conn. 1996) .............................................................................................. 7

*Moses v. Halstead*,
236 F.R.D. 667 (D. Kan. 2006) ........................................................................................ 11, 13

*Novanta Corp. v. Iradion Laser, Inc.*,
No. 15-1033-SLR-SRF, 2016 WL 4987110 (D. Del. Sept. 16, 2016) ................................... 10

*Ouellette v. Gaudette*,
No. 2:16-cv-00053-LEW, 2019 WL 1509591 (D. Me. Apr. 5, 2019) .............................. 11, 12

*In re Pharm. Indus. Average Wholesale Price Litig.*,
254 F.R.D. 35 (D. Mass. 2008) ................................................................................................ 9

*Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*,
    273 F.R.D. 367 (S.D.N.Y. 2010) ...................................................................................11, 13

*United States ex rel. Landis v. Tailwind Sports Corp.*,
    234 F. Supp. 3d 180 (D.D.C. 2017) ..............................................................................15

*United States ex rel. Purcell v. MWI Corp.*,
    807 F.3d 281 (D.C. Cir. 2015) ........................................................................................9

*United States ex rel. Spay v. CVS Caremark Corp.*,
    875 F.3d 746 (3d Cir. 2017) ............................................................................................9

## Other Authorities

Fed. R. Civ. P. 26 ..............................................................................................................2, 15

Fed. R. Civ. P. 33 ................................................................................................................4, 7

Johnston & Johnston, Contention Interrogatories in Federal Court, 148 F.R.D. 441
    (1993) ..............................................................................................................................8

Wright & Miller, Fed. Prac. & Proc. Civ. § 2167 (3d ed.)……………………………11, 12

## INTRODUCTION

Since January of 2021, Janssen has fully complied with its discovery obligations during Phase One Discovery, providing Relator with responses to over thirty interrogatories and more than three million pages of responsive documents. This includes providing detailed information in response to Relator's contention Interrogatory Nos. 15, 20, and 22, which seek a sweeping account of the factual basis for Janssen's defenses concerning the scienter element of the False Claims Act. Indeed, Janssen has provided Relator with extensive materials concerning its scienter defenses, including materials that were recently identified as having been provided to the DOJ in a prior investigation of the services at issue in this case, documents related to the Janssen's Promotional Review Committee ("PRC"), and Janssen's Health Care Compliance ("HCC") guidance and policies.

This is Relator's seventh motion to compel since this first phase of discovery began in December 2020. It is the latest in Relator's serial attempts to litigate the same discovery issues over and over, even after they are decided—sometimes multiple times—by the Court. *Compare* Mem. Supp. Mot. to Compel Disclosure of Legal Ops. at 5, ECF No. 264 (seeking "all legal advice, opinions, reviews, and analyses related to the lawfulness of the infusion business support and consultative services at issue in this litigation"), *with* Pl.'s Mem. Supp. Mot. to Compel at 8, ECF No. 307 [hereinafter "Pl.'s Mem."] (seeking information concerning "the specific reviews, assessments, and analyses concerning the legality of providing the IOI Support"). Case in point, issues relevant to the proper scope of these interrogatories are presently before Judge Saylor on Janssen's Appeal and Objections to Discovery Orders, ECF No. 296.

Relator's instant motion seeks to compound these existing discovery disputes by compelling premature responses to contention interrogatories that are facially overbroad. She seeks information that would be unduly burdensome if not impossible to provide, particularly at

the present moment when discovery is not complete.  Contrary to Relator's argument, neither the federal nor local rules obligate Janssen to provide a neatly packaged version of Janssen's legal and factual arguments in the middle of phased discovery.  Instead, they require Janssen to do precisely what it has done for the duration of this litigation: timely supplement its discovery responses if it learns of material information.  Fed. R. Civ. P. 26(e)(1)(A).  Because Janssen is fully complying with these obligations, Relator's Motion should be denied.

## PROCEDURAL BACKGROUND[1]

Relator served Interrogatory 15 on January 19, 2021.  Janssen's response objected to the scope of the interrogatory as impossibly overbroad and implicating privileged information, including because it asked Janssen to identify "all facts" relevant to Janssen's reasonable interpretation of the law, "all persons involved" in forming those interpretations, "and when such interpretations were made."  Ex. 4 to Pl.'s Mem. Supp. Mot. to Compel Discovery Resps., ECF No. 101-5.  Consistent with accepted practice, Janssen also objected to providing a full response to the contention interrogatory while fact discovery was ongoing.

In the first of Relator's many motions to compel discovery responses in this matter, filed on March 8, 2021, ECF No. 100, Relator sought to compel a supplemental response to Interrogatory 15, among others.  In the hearing that followed, Chief Magistrate Judge Kelley agreed that the categorical wording of Relator's interrogatories was overbroad, explaining that

---

[1] Janssen objects to Relator's recitation of the factual background in her memorandum at pages 2 through 3, as she has presented legal conclusions and her own allegations concerning the conduct at issue as undisputed facts.  *See* Pl.'s Mem. at 2 ("From approximately 2001 through 2020, Janssen regularly provided (via a large team of employees called "Area Business Specialists" (or "ABSs") and outside consultants) a wide variety of *practice management and infusion business support and consulting services* to select rheumatology and gastroenterology physician practices nationwide free of charge *to help them open, operate, and grow their in-office infusion suite ("IOI") businesses* and, in turn, *induce them to prescribe and infuse Remicade and Simponi ARIA.)*." (emphasis added)).  Thus, it is Relator, not Janssen, who is "misleadingly" presenting the facts of the case to the Court.  *Id.* at 2 n.1.

Relator should "ask for what [she actually wants], not this every single person and that type of thing." Hr'g Tr. 30:11–13, May 6, 2021, ECF No. 131.  Relator subsequently amended Interrogatory 15, but she did not correct the overbreadth of the original request; she continued to ask for "*all* the facts . . . including identifying *all* persons who performed the analyses that form the basis for Affirmative Defense No. 13." Ex. 8 to Pl.'s Mem. Supp. Mot. to Compel Answers to Interrogs. at 10–11, ECF No. 279 (emphasis added).[2]  Nevertheless, Janssen supplemented its response to Interrogatory No. 15 on June 22, 2021.

On January 3, 2022, Relator served Janssen with three untimely interrogatories, including Interrogatory Nos. 20 and 22.  These interrogatories were served nearly twelve months after the deadline to serve interrogatories had passed.  Scheduling Ord. at 1, ECF No. 89 (requiring interrogatories be served "no later than January 22, 2021").  They were also served after thirty-three previous interrogatories, significantly exceeding the twenty-five permitted by the Court's December 18, 2020 scheduling order, Local Rule 26.1(c), and Federal Rule 33(a).[3]  In once again seeking "all facts" related to the elements of good faith and knowledge, the interrogatories were

---

[2] The sole amendment between the original and amended versions of Interrogatory No. 15 is the last clause. *Compare* Ex. 2 to Pl.'s Mem. Supp. Mot. to Compel Discovery Resps. at 12, ECF No. 101-3 ("including identifying all persons involved in interpreting the statutes and regulations at issue in the Second Amended Complaint and when such interpretations were made") *with* Ex. 8 to Pl.'s Mem. Supp. Mot. to Compel Responses to Interrogs. 20, 21, and 22 at 13, ECF No. 279-8 (filed under seal) ("including identifying all persons who performed the analyses that form the basis for Affirmative Defense No. 13").

[3] Prior to serving Interrogatory Nos. 20–22, Relator served 18 interrogatories on January 19, 2021, some of which were amended on May 12, 2021; one interrogatory on May 13, 2021; and 14 interrogatories on May 19, 2021.  When factoring in sub-parts of Relator's interrogatories and amended interrogatories, which per the Federal Rules of Civil Procedure should be counted independently, Relator has served, and Defendant has responded to, at least 74 interrogatories—well beyond the 25 allowed under the Rules.  Indeed, a single one of Relator's interrogatories, Amended Interrogatory No. 18, has 31 enumerated subparts, and by itself exceeds Relator's interrogatory limit.  Nevertheless, Janssen has responded to each of Relator's interrogatories.

facially overbroad and highly duplicative of the previous, overbroad contention Interrogatory No. 15. Janssen also objected that these interrogatories were premature contention interrogatories. Notwithstanding these issues, while reserving its objections, Janssen served supplemental responses to try to minimize the burden on the Court of deciding the multiple discovery disputes initiated by Relator.

After several months of litigation over the appropriate scope of discovery in this phase, including motions that are still pending before the Court, Relator filed the instant Motion to Compel—her seventh[4]—seeking to force Janssen to further supplement its responses to her contention interrogatories and amend its initial disclosures within seven days.

## ARGUMENT

To prevail on a motion to compel a supplemental interrogatory response, Relator bears the burden of showing that Janssen's supplemental response "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Dalmatia Import Grp. v. Foodmatch, Inc.*, No. 16-2794, 2016 WL 5721161, at *1 (E.D. Pa. Oct. 3, 2016) (citation omitted); *HIRECounsel D.C., LLC v. Thuemmler*, No. 05-2111 (RWR)(AK), 2008 WL 11504116, at *3 (D.D.C. Jan. 29, 2008) (granting motion to compel supplemental response when parties were two weeks away from the close of discovery). This burden is particularly acute in motions that seek to compel expanded responses to "contention interrogatories" like the ones sought here, which seek to identify all evidence relevant to a specific legal contention. Relator has not met this burden.

---

[4] Relator's prior motions to compel can be found at ECF Nos. 100, 159, 223, 235, 263, 278. Additionally, Relator filed several addendums to these motions. ECF Nos. 121, 129, 149, 189, 196.

I.    **Janssen Has Provided Relator Information Concerning The Factual Basis For Its Defenses.**

Janssen's responses to Interrogatory Nos. 15, 20, and 22 provide Relator with sufficient information concerning Janssen's defenses,[5] including, *inter alia*, identifying the following:

- Relevant statutes and regulatory guidance that support the reasonableness of Janssen's interpretation of the law;

- HCC policies and guidance applicable to the programs at issue, including identifying an HCC officer responsible for supporting the Immunology franchise during the period when Janssen Area Business Specialists ("ABS") were providing the programs at issue;

- An in-house lawyer who was supporting the Immunology franchise during the period when Janssen Area Business Specialists ("ABS") were providing the programs at issue[6];

- Janssen programs, including the 37 or more programs at issue, that were reviewed by Janssen's internal multidisciplinary Promotional Review Committee ("PRC") or its equivalent; and

- DOJ and HHS OIG previously investigated the exact same programs, which investigation did not result in legal action.

Additionally, Janssen has provided Relator with extensive documents concerning its scienter defenses, including more than 24,000 pages of materials that were recently identified as having been provided to the DOJ in a prior investigation of the services at issue in this case,[7]

---

[5] Indeed, almost three pages of Relator's twelve-page memorandum in support of her motion to compel is comprised of single-spaced excerpts of Janssen's responses to these interrogatories.

[6] Janssen has not provided any privileged information and continues to assert privilege over its legal communications.

[7] These materials can be found at JANSSENBIO-033-0000001 to JANSSENBIO-033-00000775 and JANSSENBIO-035-00000001 to JANSSENBIO-035-00024482.

thousands of pages related to the Janssen's Promotional Review Committee ("PRC"),[8] and

Janssen's Health Care Compliance ("HCC") guidance and policies.[9]

Thus, Janssen's interrogatory responses and document productions provide Relator with

sufficient information concerning Janssen's defenses at this stage of the litigation, which is pre-

summary judgment and in the midst of Phase One Discovery. Janssen has produced the

documents and information supporting its defenses that have been identified to date, and Relator

has not claimed and cannot claim otherwise. If Janssen identifies any additional materials or

information responsive to Relator's discovery requests, Janssen will disclose them.

Relator's complaints about Janssen's responses revolve around Relator's speculation that

certain other materials must exist and she is entitled to discover them. *See* Pl.'s Mem. at 8–9, 11.

This speculation is not grounded in the law concerning these defenses or Janssen's

representations concerning *its own defenses*. In this regard, it is clear that Relator's motion is yet

another attempt to re-litigate discovery issues she has previously raised and, in at least some

cases, lost. *See* Ord. Concerning Mot. to Compel Disclosure of Legal Ops. at 3, ECF No. 303.

Thus, Relator's motion should be denied.

## II. <u>Relator's Motion To Compel Is Premature.</u>

Relator's Motion wholly fails to address the significant and expansive body of case law

holding that contention interrogatories "are best resolved after much or all of the other discovery

---

[8] JANSSENBIO-017-00010193 to JANSSENBIO-017-00065716; JANSSENBIO-020-00000335 to JANSSENBIO-020-00004384; JANSSENBIO-021-00002173 to JANSSENBIO-021-00003972; JANSSENBIO-031-00000001 to JANSSENBIO-031-00016297; and production volumes JANSSENBIO-026, JANSSENBIO-027, JANSSENBIO-028, JANSSENBIO-029, JANSSENBIO-030, JANSSENBIO-032.

[9] JANSSENBIO-018-0000001 to JANSSENBIO-018-00001167; JANSSENBIO-018-00001251 to JANSSENBIO-018-00001334; JANSSENBIO-031-00016298 to JANSSENBIO-031-00016550; JANSSENBIO-034-00000508 to JANSSENBIO-034-00000552.

has been completed."  Advisory Committee's Note to 1970 Amendment to Fed. R. Civ. P. 33; *see also Amgen Inc. v. Sandoz Inc.*, No. 14–cv–04741-RS (MEJ), 2016 WL 1039029, at *3 (N.D. Cal. Mar. 15, 2016) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete." (alterations in original) (citation omitted)); *Dalmatia Import Grp., Inc. v. Foodmatch, Inc.*, No. 16-2794, 2016 WL 5721161, at *1 (E.D. Pa. Oct. 3, 2016) ("[T]here is considerable support for deferring contention interrogatories until the end of the discovery period." (alterations in original) (collecting cases)); *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (explaining that "because of their nature, [contention interrogatories] are more appropriate after a substantial amount of discovery has been conducted" (quotation marks omitted)).

The justifications for postponing a response to contention interrogatories are clear. Unlike other interrogatories, which simply seek facts pertaining to the allegations in the case, contention interrogatories implicate "mixed questions of law and fact" and require a party to identify evidence specific to the arguments that the responding party intends to proffer at trial. Requiring a response to such interrogatories before a full and complete fact record is developed "may inappropriately lock a party into positions before the party has discovered the relevant evidence to support or defeat a particular contention."  *Dalmatia Import Grp.*, 2016 WL 5721161, at *1.  Moreover, ordering responses at an early stage can create significant inefficiencies and lead to further unnecessary discovery disputes, since the parties would likely need to supplement any responses "based on ongoing discovery, at which time a new discovery dispute" may arise.  *Id*. at *2.  As a result, it is widely recognized that compelling a response to such interrogatories at an early stage of litigation "may do more harm than good."  *In re*

7

*Facebook*, MDL No. 12-2389, 2016 WL 5080152, at *3 (S.D.N.Y. July 6, 2016) (citation omitted).[10]

Janssen has already provided detailed responses that include all the information that Relator requires at this phase of discovery—that is, information sufficient to put Relator on notice of what arguments and evidence exist, and to "narrow and sharpen the issues" for discovery. Johnston & Johnston, Contention Interrogatories in Federal Court, 148 F.R.D. 441 (1993). Additionally, in the course of document discovery, Janssen has produced thousands of documents concerning the defenses Relator cites to justify her interrogatory responses. *See supra* Section I. Thus, Relator has already been informed of the basis for Janssen's affirmative defenses related to knowledge, and no further response is required at this point. *See Bingham v. Supervalu Inc.*, No. 13-11690-IT, 2014 WL 12792989, at *10 (D. Mass. July 11, 2014) (requiring proponent to "reformulate" a contention interrogatory that sought underlying facts supporting affirmative defenses when it had already received "the basis for many of these defenses").

In contrast, Relator has not met her burden to show that the case has reached the point of discovery at which further responses to contention interrogatories will be appropriate. Although Janssen has produced many documents responsive to Relator's requests for production and the Magistrate Judge's orders, this phase of discovery is still ongoing, in the following ways:

---

[10] The rule that parties should respond to contention interrogatories near the close of discovery is not controversial. Indeed, Relator has relied on it herself: She objected to responding to interrogatories propounded by Janssen on the grounds that they were "contention interrogatories" and has not yet supplemented her responses to account for facts developed in the discovery process. *See* Def.'s Resp. to First Mot. to Compel at 13 n.6, ECF No. 105. Additionally, in response to Janssen's interrogatories, Relator has still not identified, years into this case, the precise number of programs she is challenging through this lawsuit.

- There are substantial depositions yet to be conducted.  Thus far, Relator has conducted only two depositions, and no others have even been scheduled.

- Janssen has outstanding discovery requests to various governmental agencies, including DOJ and HHS-OIG, that were involved with the prior investigation into the programs at issue.  This information is likely to be relevant to these three interrogatories.  *See, e.g.*, *States ex rel. Spay v. CVS Caremark Corp.*, 875 F.3d 746, 756 (3d Cir. 2017) (affirming summary judgment "when the government kn[ew] and approve[d] of the facts underlying an allegedly false claim . . . and the defendant kn[ew] that the government [wa]s aware of the false information in a claim"); *United States ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 287–88 (D.C. Cir. 2015) (government knowledge relevant to defendant's good faith); *In re Pharm. Indus. Average Wholesale Price Litig.*, 254 F.R.D. 35, 42 (D. Mass. 2008) (recognizing that cooperation in a government investigation "may establish that the defendant did not 'knowingly' submit false claims").

- Pending before Judge Saylor are multiple questions that will affect every aspect of discovery, including Relator's requests for documents from new custodians and to extend the time period at issue in Phase One Discovery.

In light of this significant remaining discovery, it would be unfair and potentially prejudicial to require Janssen to supplement its interrogatory answers at this stage.  *See Novanta Corp. v. Iradion Laser, Inc.*, No. 15-1033-SLR-SRF, 2016 WL 4987110, at *8 (D. Del. Sept. 16, 2016) (noting that in phased discovery process, "[i]t would be premature to require [defendant] to detail with specificity and finality the factual and legal bases for its claims in the early stages of discovery," and recognizing that "[t]he same holds true for affirmative defenses").  Given the time remaining before summary judgment briefing and trial, there is no risk that Relator will be deprived of relevant evidence within this phase of discovery, or that Janssen will "surprise" Relator with new evidence at trial.  *See Kyoei Fire & Marine Ins. Co., Ltd. v. M/V Maritime Antalya*, 248 F.R.D. 126, 157 (S.D.N.Y. 2007) ("[C]ontention interrogatories . . . are . . . designed to . . . reduc[e] the possibility of surprise at trial." (quotation marks omitted)).Relator's Interrogatories Are Facially Overbroad.

Relator's interrogatories, as currently phrased, are overbroad and seek significant volumes of information that are better sought through document discovery and depositions.  The

Court has recognized that "interrogatories have their purposes, but they are very limited, and they are not a substitute for production of documents or depositions." Status Conf. Tr. 6:21–23, Dec. 14, 2020, ECF No. 90. Chief Magistrate Judge Kelley has also recognized that Relator's interrogatories are overbroad to the extent they seek every piece of evidence within broad categories. *See* Hr'g Tr. 30:11–13, May 6, 2021, ECF No. 131 (explaining that Relator should amend her interrogatories to "ask for what [she actually wants], not this every single person and that type of thing").

It is well established that "[c]ontention interrogatories may be held unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case," as Relator's do here. Wright & Miller, Fed. Prac. & Proc. Civ. § 2167 (3d ed.); *see also Ouellette v. Gaudette*, No. 2:16-cv-00053-LEW, 2019 WL 1509591, at *3 (D. Me. Apr. 5, 2019) (finding that interrogatories seeking "'all facts,' 'all documents,' or some similar formulation" were overbroad); *Machinery Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018); *Koster v. Landmark Am. Ins. Co.*, No. 5:14-cv-689-Oc-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("[T]his court has made it clear that . . . contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense . . . ."); *Eane Corp. v. Town of Auburn*, 176 F.R.D. 433, 437 (D. Mass. 1997) (requests seeking "each and every document" were overbroad).

As worded, Relator's interrogatories appear to demand that Janssen identify each and *every* fact, document, and other piece of evidence, including identifying *all* Janssen employees that have relevant knowledge, that Relator believes may be related to Janssen's scienter defenses

concerning any of the at least 37 programs at issue, at any time over a period spanning more than twenty years. Janssen has already provided information about the departments involved and key individuals with knowledge of this process and will supplement its interrogatories in compliance with its obligations. But the actions taken on a day-by-day basis over the expansive time period that Relator claims is at issue is disclosed in the relevant documents that Janssen has already produced on this subject. *See supra* Section I (detailing documents and information previously disclosed that is related to Janssen's scienter defenses). Further information will be available to Relator by deposing relevant witnesses. Janssen cannot reasonably provide the extraordinary degree of detail that Relator appears to seek without incurring extraordinary and unwarranted costs, nor is it required to do so; Relator has the materials providing the information she seeks, and slicing it in the precise way Relator is seeking would be no more burdensome to Relator than it would be to Janssen. *United States ex rel. Martino-Fleming v. South Bay Mental Health Ctr.*, 332 F.R.D. 1, 6 (D. Mass. 2019). The Court should deny Relator's motion.

III.    <u>**Relator's Interrogatories Are Facially Overbroad.**</u>

Relator's interrogatories, as currently phrased, are overbroad and seek significant volumes of information that are better sought through document discovery and depositions. The Court has recognized that "interrogatories have their purposes, but they are very limited, and they are not a substitute for production of documents or depositions." Status Conf. Tr. 6:21–23, Dec. 14, 2020, ECF No. 90. Chief Magistrate Judge Kelley has also recognized that Relator's interrogatories are overbroad to the extent they seek every piece of evidence within broad categories. *See* Hr'g Tr. 30:11–13, May 6, 2021, ECF No. 131 (explaining that Relator should amend her interrogatories to "ask for what [she actually wants], not this every single person and that type of thing").

It is well established that "[c]ontention interrogatories may be held unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case," as Relator's do here.  Wright & Miller, Fed. Prac. & Proc. Civ. § 2167 (3d ed.); *see also Ouellette v. Gaudette*, No. 2:16-cv-00053-LEW, 2019 WL 1509591, at *3 (D. Me. Apr. 5, 2019) (finding that interrogatories seeking "'all facts,' 'all documents,' or some similar formulation" were overbroad); *Machinery Sols., Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 528 (D.S.C. 2018); *Koster v. Landmark Am. Ins. Co.*, No. 5:14-cv-689-Oc-37PRL, 2016 WL 3014605, at *4 (M.D. Fla. May 20, 2016); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) ("[T]his court has made it clear that . . . contention interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense . . . ."); *Eane Corp. v. Town of Auburn*, 176 F.R.D. 433, 437 (D. Mass. 1997) (requests seeking "each and every document" were overbroad).

As worded, Relator's interrogatories appear to demand that Janssen identify *every* fact, document, and other piece of evidence, including identifying *all* Janssen employees that have relevant knowledge, that Relator believes may be related to Janssen's scienter defenses concerning any of the at least 37 programs at issue, at any time over a period spanning more than twenty years.  Janssen has already provided information about the departments involved and key individuals with knowledge of this process and will supplement its interrogatories in compliance with its obligations.  But the actions taken on a day-by-day basis over the expansive time period that Relator claims is at issue is disclosed in the relevant documents that Janssen has already produced on this subject.  *See infra* Section I (detailing documents and information previously disclosed that is related to Janssen's scienter defenses).  Further information will be available to

Relator by deposing relevant witnesses.  Janssen cannot reasonably provide the extraordinary degree of detail that Relator appears to seek without incurring unwarranted costs, nor is it required to do so; Relator has the materials providing the information she seeks, and slicing it in the precise way Relator has requested would be no more burdensome to Relator than it would be to Janssen.  *United States ex rel. Martino-Fleming v. South Bay Mental Health Ctr.*, 332 F.R.D. 1, 6 (D. Mass. 2019).  The Court should deny Relator's motion.[11]

## IV.    **Relator's Motion To Compel (Her Seventh) Is Duplicative Of Her Prior Motions And Conflicts With This Court's Discovery Orders.**

The Court recently confirmed that the defenses underlying Relator's Interrogatory Nos. 15, 20, and 21 did not waive the attorney-client privilege and denied Relator's sixth motion to compel, which sought discovery of privileged information.  Pl.'s Mot. to Compel, ECF No. 263; Order Concerning Mot. to Compel Disclosure of Legal Ops., ECF No. 303.  As is detailed above, Relator has already received thousands of pages of documents within the categories discussed in Janssen's interrogatory responses, including HCC and PRC materials.  To the extent that Relator now seeks "specific reviews, assessments, and analyses concerning the legality of providing the IOI Support," Pl.'s Mem. at 8, this request appears to seek privileged information and should be denied out of hand.

Additionally, as noted above and set out in greater detail in Janssen's Appeal of Discovery Order, ECF No. 296, significant disputes remain between the parties about the scope

---

[11] In addition to being substantively deficient, these discovery requests are also procedurally deficient as they are untimely—a deficiency for which Relator provides no explanation except for the fantastical notion that discovery has entered a "second stage."  *See* Pl.'s Mot. for Leave at 3, ECF No. 234.  Chief Judge Saylor has roundly rejected this.  Hr'g Tr. 30:4–6, Apr. 4, 2022, ECF No. 305 ("Let me get one thing on the table here, okay, we're still in Phase I. I know you keep saying that we're not in Phase I anymore, we're in Phase I[.]").  And contrary to the court's scheduling order and the Federal Rules, Relator has served nearly *three times* the number of interrogatories permitted.  *See infra* 3 n.3.

of Phase One Discovery, which are currently pending before the Court.  The outcome of those disputes will inevitably have an impact on the permissible scope of Relator's interrogatories.  It would be premature to order Janssen to supplement its interrogatory responses now, before the Court has issued a final ruling on the scope of discovery.[12]

## V.    Janssen Has No Obligation To Supplement Its Initial Disclosures When, As Here, The Relevant Information Has Been Disclosed In Subsequent Discovery.

Federal Rule 26(e)(1)(A) requires Janssen to supplement its initial disclosures only when ordered by the court or when it "learns that in some material respect the [disclosure] is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process*." (emphasis added).  But Janssen is not obligated to package Relator's case for her:  Courts have held that when information is disclosed that would reasonably place a party "on notice" that a particular witness may have useful or relevant material, that is sufficient for the purposes of the rule.  *United States ex rel. Landis v. Tailwind Sports Corp.*, 234 F. Supp. 3d 180, 192–93 (D.D.C. 2017).

Janssen has produced information and documents that clearly provide exactly the information Relator seeks to compel through supplemental additional disclosures.  Relator's claim that she has not been "made known" of the various individuals involved with the programs at issue belies a lack of review of the many documents Janssen has produced, such as PRC

---

[12] In the parties' most recent meet and confer and related correspondence concerning the issues raised in this motion, Janssen's counsel relayed Janssen's position that these issues were implicated by Janssen's pending appeal of various discovery orders and urged Relator's counsel to defer bringing yet another discovery dispute to the Court that overlaps with, and largely rehashes arguments made in, her multiple prior discovery motions.  Relator's counsel insisted that these issues were wholly independent of the pending appeal—as well as the Court's recent ruling denying Relator's motion to compel the production of privileged communications—and refused to defer filing this motion until such time that the parties received the Court's ruling on Janssen's appeal, and Janssen had the opportunity to consider that ruling's potential impact on its position with respect to its responses to Interrogatory Nos. 15, 20, and 22.

approval forms that identify individuals who were involved in the PRC review of programs at issue.[13]  Relator has the false notion that Janssen is aware of specific witnesses or information that it will be using to support its defenses that Janssen is purposefully withholding, but that is simply not the case.  The materials and information that Janssen has identified in support of its defenses have been disclosed.  Relator might wish for Janssen to provide a roadmap of its precise trial strategy, so that she does not herself have to undertake the burden of reviewing and analyzing the far-reaching discovery that she demanded, which Janssen has provided at great burden and expense.  But, that is not what the Federal Rules require.

Finally, as Relator's motion recognizes, the demand to supplement these initial disclosures seeks the same information as the demand for expanded interrogatory responses and is based on the same arguments.  Pl.'s Mem. at 12.  To the extent that Relator is relying on similar arguments, they fail for the same reasons described above.  Requesting supplementation of initial disclosures at this stage of the case, when Relator has access to voluminous discovery—including more than three million pages of documents and Janssen's responses to 33+ interrogatories—is inefficient and is not required by the Federal Rules.

---

[13] *E.g.*, JANSSENBIO-020-00000335 to JANSSENBIO-020-00004284.

15

Dated:  May 9, 2022

*/s/ Sarah E. Tremont*
Ethan M. Posner (admitted *pro hac vice*)
Stacey K. Grigsby (admitted *pro hac vice*)
Michael M. Maya (BBO No. 672847)
Sarah E. Tremont (admitted *pro hac vice*)
Kristin M. Cobb (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
eposner@cov.com
sgrigsby@cov.com
mmaya@cov.com
stremont@cov.com
kcobb@cov.com

*Attorneys for Defendant Janssen Biotech, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing on this

9th day of May, 2022.

*/s/ Sarah E. Tremont*
Sarah E. Tremont (admitted pro hac vice)

16