UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, et al., *ex rel.* JULIE LONG,  ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 16-12182-FDS |
| v. ) ) | |
| JANSSEN BIOTECH, INC., ) ) | |
| Defendant. ) ) | |

**ORDER CONCERNING APPEALS OF MAGISTRATE JUDGE'S<br>DISCOVERY ORDERS**

**SAYLOR, C.J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free services to physicians in order to induce them to prescribe its medications. Relator Julie Long has sued defendant Janssen Biotech, Inc., a company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases.

On February 17, 2022, Magistrate Judge Kelley issued three discovery orders: (1) a memorandum and order on defendant's motion to reconsider the court's order of December 20, 2021 (Docket No. 282); (2) a memorandum and order on relator's motion for leave to propound requests for production in excess of limits set by Local Rule 26.1 and motion to compel the production of documents requested in her third set of requests for production (Docket No. 283); and (3) a memorandum and order on relator's motion to compel the production of documents and a complete and proper privilege log (Docket No. 284). Relator has appealed, in part, the order in Docket No. 283 pursuant to Fed. R. Civ. P. 72(a). Defendant has cross-appealed all three orders.

The Court will not detail the allegations of the complaint here, or the conclusions and orders of the Magistrate Judge, and will assume that the reader is familiar with those orders and the general nature of the litigation.  For present purposes, it is sufficient to note that relator Julie Long was an employee of Janssen from 2003 to February 2016.  (Sec. Am. Complt. ¶ 16).  She worked as an "Area Business Specialist," which involved "advising and assisting physician practices with, among other things, establishing and operating in-office infusion suites where Remicade and Simponi ARIA infusions were administered." (*Id*.).  She worked in the central Pennsylvania office of Janssen, which is a wholly-owned subsidiary of Johnson & Johnson, and which has operations throughout the United States. (*Id*. ¶ 16).

The Court has directed that discovery should be phased, and that in the initial phase discovery should be limited to the relator's specific claims—that is, the practices and programs that relator herself participated in or otherwise witnessed during her time at the company in central Pennsylvania.  Among other things, phasing discovery in that manner will provide defendants an opportunity to test the allegations of the complaint by summary judgment, which might narrow or eliminate her claims altogether.

It is the intention of the Court to defer discovery concerning matters at the nationwide level during that initial phase—except, of course, discovery concerning relevant practices or policies at the national level that were implemented at the local level in central Pennsylvania.  Thus, for example, documents created at the national level that concern the design and development of the challenged practices or programs are likely to be relevant if those practices and programs were implemented in central Pennsylvania during the period of relator's employment.  However, documents created at the national level concerning other matters (such as, for example, nationwide sales or Medicare payments) are not likely to be relevant in the

initial phase.

The Court has not imposed a permanent bar on wider discovery, which may be permitted at a later stage.  Nor did it intend that discovery would simply proceed from the initial phase to a later phase with no opportunity for defendant to test the sufficiency of any of relator's claims, or even to show that wider discovery was unnecessary or inappropriate (which would make the phasing of discovery largely pointless).

In any event, both parties have appealed at least some aspect of the three discovery orders of the Magistrate Judge.  Pursuant to Fed. R. Civ. P. 72(a), the discovery orders of the Magistrate Judge may not be set aside unless clearly erroneous or contrary to law.

Pursuant to that standard, and after careful consideration, the Court hereby affirms the three orders in their entireties, with the following exceptions.

1.	To the extent that the Magistrate Judge's order (Docket No. 282) generally expanded the range of dates of documents that must be searched and produced from February 2016 (the date when relator's employment ended) to February 2020, that order exceeded the reasonable requirements of the first phase of discovery.  If relator was not at the company, she cannot have been a witness to practices during that time.  Accordingly, requests for production of documents during the first phase of discovery shall be generally limited to documents created through February 2016.  Nonetheless, evidence from that subsequent period might, under some circumstances, be reasonably relevant to her claim, and accordingly the Court will make two exceptions to that general rule.

Specifically, the following categories of documents shall be produced by defendants if relevant, not privileged, and responsive to an otherwise valid request for production:

(a)	documents created between February 2016 and February 2020, other than routine

personnel, payroll, or tax documents, that mention relator Julie Long or her specific allegations or claims; and

    (b) documents created between February 2016 and February 2020 that concern the termination or phase-out of any of the specific practices or programs that relator Julie Long participated in, or personally observed, while employed by Janssen, or the potential legality or illegality of any such practice or program.

    2.    To the extent that the Magistrate Judge's order (Docket No. 282) in some instances expanded the range of dates of documents that must be searched and produced to a date earlier than October 28, 2006, the order may have exceeded the reasonable requirements of the first phase of discovery.  Relevance, or potential relevance, is not the only touchstone for evaluating the reasonableness of any particular discovery request.  Rule 26(b)(1) also requires that the Court consider whether the requested discovery is "proportional to the needs of the case," considering, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit."

    Accordingly, defendant should be given a reasonable opportunity to seek a protective order or other relief on the ground—provided that it is supported by a specific factual showing—that the retrieval of documents from legacy systems or other files from the relevant period would be unduly expensive or otherwise burdensome.  To that extent, the issue shall be referred to the Magistrate Judge for resolution.

    Accordingly, and for the foregoing reasons, pursuant to Fed. R. Civ. P. 72(a), the following orders of the Magistrate Judge are REVERSED in part, as set forth in this memorandum and order, and otherwise AFFIRMED:  (1)  the memorandum and order on defendant's motion to reconsider the court's order of December 20, 2021 (Docket No. 282); (2)

the memorandum and order on relator's motion for leave to propound requests for production in excess of limits set by Local Rule 26.1 and motion to compel the production of documents requested in her third set of requests for production (Docket No. 283); and (3) the memorandum and order on relator's motion to compel the production of documents and a complete and proper privilege log (Docket No. 284).

**So Ordered.**

Dated: September 8, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court