UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE UNTED STATES OF AMERICA et al.
*ex rel*. JULIE LONG,
    Plaintiffs,

v.                                    CIVIL ACTION NO. 16-12182-FDS

JANSSEN BIOTECH, INC.,
    Defendant.

MEMORANDUM AND ORDER ON RELATOR'S MOTIONS TO COMPEL
RESPONSES TO INTERROGATORIES (##278, 306)

KELLEY, U.S.M.J.

## I.   Introduction.

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free

business advisory services to physicians who prescribed its medications, in violation of the Anti-

Kickback Statute, 42 U.S.C. § 1320a-7b(b), and caused physicians to submit false claims for

reimbursement to Medicare in violation of the False Claims Act, 31 U.S.C. § 3729(a). Relator Julie

Long alleges that Janssen Biotech, a company that manufactures and sells two infusible drugs,

Remicade and Simponi ARIA, improperly employed teams of practice advisors, including relator,

and hired outside consultants to provide services such as presentations, advice, and customized

analyses to doctors to assist them in running profitable infusion businesses.

The facts of the case and a detailed analysis of the claims in the Second Amended

Complaint (#55) are set out in Chief Judge Saylor's Order and Memorandum on Defendant's

Motion to Dismiss. (#75.) In addition, this court presumes familiarity with an order this court issued concerning other discovery matters, (#282), which sets out the background concerning discovery in this case in detail.

## II.   Relator's Pending Motions to Compel.

On January 19, 2021, relator issued her first set of interrogatories, which included Interrogatory No. 15. (#101-3.) Janssen responded with objections (#101-5), and relator then moved to compel a more fulsome response. (#100.) After multiple hearings on the motion, the parties conferred and relator agreed to amend Interrogatory No. 15, which it served to Janssen on May 12, 2021. (#137 at 1.) The court ordered Janssen to respond (#139), and Janssen did so on June 22, 2021. (#279-8.)

On January 3, 2022, relator served Janssen with Interrogatory Nos. 20, 21, and 22;  Janssen provided answers on February 4, 2022. (#307 at 3.) Relator then filed her first motion to overrule Janssen's objections and compel complete responses to those interrogatories on February 16, 2022. (#278.) In response, Janssen filed a memorandum outlining its objections to the interrogatories, indicating that it would supplement its answers regardless, and asking the court to deny the motion to compel as moot. (#294.) Janssen supplemented its answers on March 17, 2022. (#307-2.)

Relator filed a renewed motion to compel revised responses to Interrogatory Nos. 20 and 22, and also sought to compel a revised response to Amended Interrogatory No. 15 and revised initial disclosures. (#306.)[1]

---

[1] Relator's renewed motion did not request a supplemental response to Interrogatory No. 21. *See* #306.

In light of relator's renewed motion to compel, relator's first motion to compel (#278) is DENIED as moot. For the reasons discussed below, relator's renewed motion to compel (#306) is ALLOWED in part and DENIED in part.

### III. Discussion.

Relator's renewed motion seeks to compel revised responses to three interrogatories, as well as revisions to Janssen's initial disclosures. (#306.) Janssen argues several grounds in opposition (grounds that it also raised in its objections to the interrogatories), including that the interrogatories are untimely, exceed the number allowed, are overbroad, and request information that is privileged. (#309.) In addition, Janssen argues that relator has sufficient information from its responses, combined with documents produced to date, so that revised responses and disclosures are unnecessary. *Id.* at 9-10, 12.

### A.  Interrogatory Nos. 15 (Amended), 20, and 22.

The three requests at issue are contention interrogatories, asking Janssen to identify the facts, documents, witnesses and evidence that support three of its affirmative defenses. Amended Interrogatory No. 15 asks Janssen to

> [s]tate all the facts that you believe support your contention in Affirmative Defense No. 13 of your Answer to the Second Amended Complaint that "Janssen reasonably interpreted the statutes and regulations at issue in the SAC," including identifying all persons who performed the analyses that form the basis for Affirmative Defense No. 13 and when such analyses were performed.

(#279-8 at 8.) Interrogatory No. 20 asks Janssen to

> [s]tate whether you contend that when you provided each of the various types of IOI Support and IOI Support Programs that you had a good faith belief that your actions did not violate any law, statute, or regulation, and if so set forth all facts, documents, and evidence that support your contention and identify the witnesses who have knowledge concerning your contention.

3

(#307-2 at 7.) Finally, Interrogatory No. 22 states,

> [i]n Affirmative Defense No. 8 of your Answer to the Second Amended Complaint you contend that "any false claims that Janssen allegedly submitted or caused to be submitted and any false record or statement that Janssen allegedly made, used, or caused to be made or used to get a claim paid were not done knowingly." Set forth all facts, documents, and evidence that support your contention and identify the witnesses who have knowledge concerning your contention.

*Id.* at 14.

In both its first and supplemental responses to relator's Interrogatory Nos. 20 and 22, as well as its responses to relator's Amended Interrogatory No. 15, Janssen raises several objections to the interrogatories while also providing partial responses to the requests. (#279-8 at 8-10; #307-2 at 7-11, 14-18.) These objections were also raised in Janssen's responses to relator's motions to compel. (##294, 309.)

### 1.   Whether the Requests Were Untimely.

On December 14, 2020, Chief Judge Saylor set a schedule for phase one of discovery, which was anticipated to last for three months. (##89, 90.) At that time, December 22, 2020 was the deadline to serve initial disclosures; January 22, 2021 was the deadline to serve written discovery requests; and March 22, 2021 was the deadline for fact depositions. (#89.) He declined to set deadlines for the amendment of pleadings, expert disclosures, or dispositive motions. (#90 at 6:4-6.) On February 5, 2021, Chief Judge Saylor amended the schedule by extending the deadline for fact depositions to April 22, 2021. (#94.) After that, extensions were repeatedly granted, though they extended "fact discovery" generally without reference to a specific type of discovery. *See* ##106, 134, 156, 197, 211, 243. The most recent amendment indicated that the "discovery deadline" was extended to April 29, 2022. (#287.)

Janssen's position is that the written discovery request deadline remained January 22, 2021, while other deadlines—including their obligation to respond to discovery requests and the deadline

4

for fact depositions—were extended. (#309 at 7.) Having reviewed transcripts from the hearings and status conferences surrounding each discovery extension, the court cannot interpret these extensions as narrowly as Janssen would have it. Janssen is continuing to respond to written document requests and has successfully advocated for this discovery phase to end with summary judgment motions. (#174 (memorandum in support of motion to set schedule, arguing that summary judgment should follow phase one discovery); ##283, 284 (orders requiring Janssen to produce additional documents); #320 (order on appeal as to additional document production obligations).) The anticipated three-month discovery period for phase one of this case has stretched into twenty months; it would be unfair not to allow relator to request responses to her allotted twenty-five interrogatories in order to seek clarification or information based on what she has learned through Janssen's discovery responses and productions to date. All the more so when the parties are heading towards summary judgment, which will require both sides to muster evidence to test each other's claims and defenses.[2, 3]

## 2.   Whether the Requests Exceed Relator's Allotted Number.

Janssen argues that relator has exceeded the twenty-five interrogatory request limit that Chief Judge Saylor set at the outset of discovery. (#309 at 7 n.3; #307-2 at 7-8); *see* #90 at 6:20 (transcript of 12/14/2020 scheduling conference). It notes that relator served eighteen interrogatories on January 19, 2021; one interrogatory on May 13, 2021; and fourteen interrogatories on May 19, 2021—for a total of thirty-three requests. (#309 at 7 n.3; #307-2 at 7.)

---

[2] The decision to end this phase of discovery with motions for summary judgment was not finalized until October 1, 2021. (#186 at 25:10-18.)

[3] The court cautions that, while it considers relator's January 2022 interrogatory requests timely, she should seek leave of court before serving any additional written discovery requests.

In addition, relator served three additional interrogatories, Nos. 20-22, on January 3, 2022. (#309 at 7.)

Relator states that the fourteen interrogatories it served on May 19, 2021 were in place of a noticed Rule 30(b)(6) deposition. (#279 at 7-8.)[4] Indeed, the title of the document relator served Janssen is "Interrogatories in the Place of 30(b)(6) Deposition Noticed on May 12, 2021." (#279-4 at 2.) Relator's position is that she accommodated Janssen's request to forgo a Rule 30(b)(6) deposition by serving the interrogatories in its stead, but that she never intended for the interrogatories to count against those Chief Judge Saylor allowed her. (#279 at 7-8.)

A party seeking information from an opposing party that is an organization or entity is entitled to a Rule 30(b)(6) deposition during the course of discovery. Fed. R. Civ. P. 30(b)(6) (stating that, when a party notices the deposition of an organization, the "organization *must* designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf" (emphasis added)); *see Cabi v. Bos. Children's Hosp.*, No. 15-cv-12306-DJC, 2017 U.S. Dist. LEXIS 230174, at *16 (D. Mass. June 21, 2017) ("[S]o long as Plaintiffs describe with reasonable particularity the topics which the designated corporate deponent should be prepared to be examined on, they are entitled to conduct a Rule 30(b)(6) deposition of [defendant]."). Relator agreed to excuse Janssen from providing a deponent at Janssen's convenience and should not be burdened with taxing its interrogatory limit to Janssen's benefit, particularly when relator could have asked the same questions during a Rule 30(b)(6) deposition without affecting that limit.[5] Thus, the fourteen interrogatories posed to

---

[4] In her memorandum in support of her renewed motion to compel, relator incorporated by reference her briefing from her first motion to compel. (#307 at 4.)

[5] Janssen argues both that depositions are superior to interrogatories, (#309 at 13-14), and that interrogatories in place of a Rule 30(b)(6) deposition were sufficient. (#294 at 3 n.2.)

Janssen in lieu of a Rule 30(b)(6) deposition will not count against relator's twenty-five interrogatories.

Janssen also argues that relator's Amended Interrogatory No. 18 included thirty-one subparts that should be counted separately, and which would exceed relator's limit. (#309 at 7 n.3.) That interrogatory asks Janssen to identify when it began using and, if applicable, stopped using a list of thirty-one different programs, presentations, and resources. (#279-8 at 10-11.) The only responses sought in connection with these thirty-one programs, then, were dates. Relator contends that the list of program names did not constitute subparts. (#279 at 8.)

Under Federal Rule of Civil Procedure 33, interrogatories are counted not just by individual question, but by including "all discrete subparts." Fed. R. Civ. P. 33(a). The issue, then, is whether the list of program names in Amended Interrogatory No. 18 would be understood as "discrete subparts" that should be counted as separate interrogatories. "The application of the numerical limitation on interrogatories can present problems in some cases, given the direction that 'discrete subparts' be counted as separate interrogatories for purposes of the 25-question rule." 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2168.1 (3d ed. 1999). "The Advisory Committee provided some insight on this problem by explaining that 'a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the times, place, persons present, and contents be stated separately for each such communication.'" *Id.* (quoting Fed. R. Civ. P. 33(a) advisory committee's notes to 1993 amendment). "Thus, it would appear that an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question, although the breadth of the area inquired about may be disputable." *Id.*; *see United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 235 F.R.D. 521, 527 (D.D.C. 2006) ("What case law there is on the

subject supports the common sense conclusion that an interrogatory may only contain multiple parts that 'are logically or factually subsumed within and necessarily related to the primary question.'" (quoting *Trevino v. ABC American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006))).

The court finds that the program names are not subparts, but should be treated as part of a single interrogatory seeking information about a common theme: start and end dates for the programs at issue. *See* 8B Fed. Prac. & Proc. Civ. § 2168.1. Although formatted as a numbered list, relator could just have easily included the program names in paragraph form, separated by semi-colons; that the interrogatory's formatting has the appearance of subparts does not automatically render each program name a "discrete subpart" for purposes of Rule 33(a). Accordingly, relator has not exceeded the limitation Chief Judge Saylor set on the number of interrogatory requests.

### 3.   Whether Responses to Contention Interrogatories Are Premature.

Janssen also objects on the ground that the three interrogatory requests at issue are contention interrogatories that do not require a response until the close of fact discovery. (#307-2 at 8; #309 at 10-11.) In spite of Janssen's argument in a previous filing that the case is ready for summary judgment, (##173, 174), Janssen now argues that, because the case is "pre-summary judgment and in the midst of Phase One Discovery," responding to contention interrogatories is premature. (#309 at 10.) In support, Janssen cites case law from outside of this circuit for the proposition that contention interrogatories are best answered towards the close of discovery and that, at this "early stage," it is only required to provide "notice" of its defenses. *Id.* at 11-12. Relator counters that she is entitled to obtain information about Janssen's affirmative defenses now, so that she can seek discovery based on its responses. (#279 at 11-12.)

When a party seeks a response to a contention interrogatory, "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As is clear from the language of the rule, the court has discretion to decide whether or not to delay a party's obligation to answer contention interrogatories based on the circumstances of a particular case. *Compare Britton v. Marcus, Errico, Emmer & Brooks, P.C.*, No. 18-cv-11288-IT, 2021 U.S. Dist. LEXIS 153225, at *6 (D. Mass. Aug. 13, 2021) (finding no basis to delay a party's responses to contention interrogatories where responses would be "based on the materials already in their possession"), *with HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-cv-11020-ADB, 2021 U.S. Dist. LEXIS 88061, at *13 (D. Mass. May 6, 2021) (delaying response where party had not yet reviewed its own documents or received documents from opposing party). For example, courts have allowed a motion to compel responses to contention interrogatories where "the original fact discovery deadline set by the [c]ourt" had passed. *In re New Eng. Compounding Pharmacy Prods. Liab. Litig.*, No. 13-md-2419-RWZ, 2015 U.S. Dist. LEXIS 195156, at *48 (D. Mass. Sep. 8, 2015).

Phase one discovery in this case is drawing to a close. In addition, documentation supporting Janssen's responses to these interrogatories is necessarily in Janssen's possession where Janssen avers that it followed its own internal "practices and standards" and "approval process" in order to comply with applicable laws and regulations. (#307-2 at 10, 17); *see* #309 at 12 (noting that "Janssen has produced thousands of documents concerning the defenses"). Although phase one discovery is not yet complete, the parties are well aware that the next step is summary judgment. Contrary to Janssen's assertion, then, "notice" of its affirmative defenses is insufficient at this stage. *See* #309 at 12. Again, both sides will be required to challenge each

other's claims and defenses at summary judgment, and to do so they will need to fully understand

each other's positions.

4.   <u>Whether the Requests Are Overbroad</u>.

As noted above, Interrogatory Nos. 15 (Amended), 20, and 22 are contention

interrogatories. Janssen claims that the interrogatories are overly broad in that they seek "all facts,

documents, and evidence" supporting each contention. (#307-2 at 8, 15-16; #279-8 at 8.)[6] Relator

cites Local Rule 26.5(c)(8) to argue that the three interrogatories appropriately ask for "all"

materials Janssen relies upon to support its contentions. (#307 at 5; #279 at 10-11.)

"An interrogatory may ask for an opinion or contention that relates to a fact or the

application of law to fact." *Patel v. 7-Eleven, Inc.*, No. 17-cv-11414-NMG, 2019 U.S. Dist. LEXIS

234319, at *10 (D. Mass. Dec. 16, 2019) (citing Fed. R. Civ. P. 33(a)(2)). "Indeed, '[c]ontention

interrogatories are a proper means to establish the factual and legal bases for the adverse party's

claims.'" *Id.* (alteration in original) (quoting *Eveden, Inc. v. The N. Assur. Co. of Am.*, No. 10-cv-

10061-GAO, 2012 U.S. Dist. LEXIS 14257, at *1 (D. Mass. Feb. 7, 2012)).

Local Rule 26.5 provides "uniform definitions in discovery requests," which relator

identified and incorporated in her interrogatory requests. *See* #279-1 at 2-3; #101-3 at 2-3; *see also*

L.R. 26.5(a) ("The full text of the definitions set forth in subsection (c) is deemed incorporated by

reference into all discovery requests . . . ."). The rule defines "state the basis," or contention,

interrogatories and their required responses as follows:

> (8) State the Basis. When an interrogatory calls upon a party to "state the basis" of
> or for a particular claim, assertion, allegation, or contention, the party shall

---

[6] Janssen asserts that the court "agreed" that this language, when used in Interrogatory No. 15, was overbroad, and advised relator to amend it. (#309 at 6-7.) The court did not, however, order relator to amend the interrogatory. (#131 at 31:1-2 ("I'm not going to have them rephrase the interrogatories.")); *see* #128. Instead, relator amended it of her own volition, (#137 at 1), and the court ordered Janssen to respond to it. (#139.)

(A) identify each and every document (and, where pertinent, the section, article, or subsection thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(B) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory;

(C) state separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(D) state separately any other fact which forms the basis of the party's information regarding the alleged facts or conclusions referred to in the interrogatory.

L.R. 26.5(c)(8).

Although the three interrogatories at issue do not use the phrase "state the basis" when asking Janssen to identify support for its contentions, it is clear that the interrogatories seek the equivalent. *See* #279-8 at 8 ("State all the facts that you believe support your contention . . . ."); #307-2 at 7 ("State whether you contend . . . and if so set forth all facts, documents, and evidence that support your contention"); *id.* at 14 ("[Y]ou contend that . . . . Set forth all facts, documents, and evidence that support your contention . . . ."). Although advisable, relator was not required to recite the phrase "state the basis" where her meaning was clear: she wanted Janssen to provide (state) evidence that supports (is the basis for) specific contentions. *See* #131 at 32:20-21 (counsel for plaintiff discussing Interrogatory No. 15 and noting, "[w]e asked . . . state all the bases and facts that support your affirmative defense . . . .").

Local Rule 26.5(c)(8) provides for expansive interrogatory responses that "identify each and every" document and communication relevant to a contention, as well as lists of acts, omissions, persons, and facts; this is consistent with the information relator requested in Interrogatory Nos. 15 (Amended), 20, and 22. Janssen's responses to these interrogatories do not

11

provide the detail required by the rule. (#279-8 at 8-10; #307-2 at 7-11, 15-18.) Accordingly,

Janssen must supplement its responses to comply with Local Rule 26.5(c)(8).

5.   Janssen's Objections as to Privilege.

In its responses to the interrogatories, Janssen objected to the extent that the requests sought

privileged information. (#279-8 at 8; #307-2 at 8, 15.) In addition, in its memorandum in

opposition to the renewed motion to compel, Janssen indicates that the interrogatory requests

"implicat[e] privileged information." (#309 at 6; *id.* at 16.) In support of its first motion to compel,

relator argued that any responses touching on privileged materials "can be described without

revealing the privileged information itself." (#279 at 9.) Now, relator argues that because Janssen

is not asserting an advice of counsel defense, the information it seeks is not privileged. (#307 at 9-

10, 11); *see* #303.

Under Rule 33 of the Federal Rules of Civil Procedure, "[a]n interrogatory is not

objectionable merely because it asks for an opinion or contention that relates to fact or the

application of law to fact." Fed. R. Civ. P. 33(a)(2). The rule was

> amended to provide that an interrogatory is not objectionable merely because it
> calls for an opinion or contention that relates to fact or the application of law to
> fact. Efforts to draw sharp lines between facts and opinions have invariably been
> unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to
> requests for opinions or contentions that call for the application of law to fact, they
> can be most useful in narrowing and sharpening the issues, which is a major purpose
> of discovery. On the other hand, under the new language interrogatories may not
> extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case.

Fed. R. Civ. P. 33 advisory committee's notes to 1970 amendment (citations omitted). "[W]hile [a

party] may not necessarily discover confidential communications between [an opposing party] and

its attorneys or documents prepared by [an opposing party's] attorneys, the underlying facts

contained therein are discoverable in response to a properly worded interrogatory." *Bank of Am.,*

*N.A. v. Barnes Hill, LLC*, No. 16-cv-11583-DJC, 2018 U.S. Dist. LEXIS 233146, at *5 (D. Mass.

July 26, 2018); *see Martin v. Evans*, No. 16-cv-11362-PBS, 2018 U.S. Dist. LEXIS 233381, at \*4-5 (D. Mass. Feb. 6, 2018) (citing Fed. R. Civ. P. 33 advisory committee's notes to 1970 amendment).

Based on Janssen's responses to Interrogatory Nos. 15 (Amended), 20, and 22, the court cannot determine whether Janssen withheld any facts that it should have and could have disclosed consistent with Rule 33(a)(2). Therefore, to the extent Janssen's responses to the interrogatories at issue can be supplemented to include any "underlying facts" it may have improperly omitted, Janssen should supplement its responses accordingly. *See Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 233146, at \*5; *Patel*, 2019 U.S. Dist. LEXIS 234319, at \*10.

As a final note, the court disagrees with relator that, because Janssen is not pursuing an advice of counsel defense, materials it may rely on in support of its responses are not privileged. *See* #307 at 9-10, 11. Materials Janssen cites or relies upon in its amended responses may well be privileged, and whether Janssen uses that information in a manner that could result in a waiver is a decision for the court to address if and when necessary. *See* #303 at 4 ("It is of course possible that in the future [Janssen] might attempt to use the fact of [a Promotional Review Committee] review in a manner that implies approval of counsel, which in turn might trigger an implied waiver."); *see also SEC v. Honig*, No. 18-cv-8175, 2021 U.S. Dist. LEXIS 229931, at \*32 (S.D.N.Y. Nov. 30, 2021) ("[F]orfeiture of the privilege may result where the proponent asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice." (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014))).

## B. Initial Disclosures.

Lastly, relator asks the court to compel Janssen to revise or supplement its initial disclosures, arguing that Janssen only identified three individuals likely to have discoverable

information about its defenses. (#307 at 11-12.) Janssen states that it is not required to supplement

its disclosures because it has provided additional information through discovery, consistent with

the Federal Rules of Civil Procedure. (#309 at 16.)

Under the rules,

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct
> its disclosure or response: (A) in a timely manner if the party learns that in some
> material respect the disclosure or response is incomplete or incorrect, and if the
> additional or corrective information has not otherwise been made known to the
> other parties during the discovery process or in writing; or (B) as ordered by the
> court.

Fed. R. Civ. P. 26(e)(1).

Courts routinely decline to require a party to supplement their initial disclosures where

information was provided through other means, such as a document production or through a

deposition. *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, No. 14-cv-12405-ADB, 2016 U.S. Dist.

LEXIS 54835, at *20 (D. Mass. Apr. 25, 2016) (finding no need to supplement disclosure where

information was shared during deposition); *S. Shore Hellenic Church, Inc. v. Artech Church

Interiors, Inc.*, 183 F. Supp. 3d 197, 221 (D. Mass. 2016) (finding duty under Rule 26(e)(1)(A)

satisfied where information was disclosed during depositions); *Rojas v. GMD Airlines Servs.*, No.

13-cv-1578, 2015 U.S. Dist. LEXIS 76633, at *7 (D.P.R. June 12, 2015) (noting that information

was disclosed through deposition testimony so that, even if supplementation were required under

Rule 26(e)(1)(A), failure to do so was harmless). *But see Am. Steel Erectors, Inc. v. Local Union

No. 7, Int'l Ass'n of Bridge*, 815 F.3d 43, 57 n.2 (1st Cir. 2016) (affirming exclusion of evidence

improperly disclosed where "witnesses were not included in the plaintiffs' Rule 26 statement and

were only referred to on a handful of occasions within a voluminous record").

The supplemental answers to Interrogatory Nos. 15 (Amended), 20, and 22 that Janssen

provides in response to this order may provide relator with the information she seeks: the names

of individuals with information related to Janssen's defenses. *See* #307 at 11-12. Unless and until

relator can identify specific witnesses or categories of witnesses that Janssen has failed to disclose

through its initial disclosures, supplemental interrogatory responses, and discovery to date,

relator's request to compel Janssen to supplement its initial disclosures is denied without prejudice.

IV. Conclusion.

For the above reasons, relator's first motion to compel (#278) is DENIED as moot, and

relator's renewed motion to compel (#306) is ALLOWED in part and DENIED in part. Janssen

shall serve relator with supplemental responses to Interrogatory Nos. 15 (Amended), 20, and 22

within fourteen (14) days.

|  |  |
|---|---|
| | /s/ M. Page Kelley |
| September 9, 2022 | M. Page Kelley |
| | Chief United States Magistrate Judge |