UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, et al., ) <br> *ex rel.* JULIE LONG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANSSEN BIOTECH, INC., ) <br> ) <br> Defendant. ) | Civil Action No. <br> 16-12182-FDS |

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION FOR DISMISSAL OR JUDGMENT ON CLAIMS PRIOR
TO OCTOBER 28, 2010

**SAYLOR, C.J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free services to physicians who prescribed its medications.[1] Relator Julie Long has sued defendant Janssen Biotech, Inc., a company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases.

The second amended complaint ("SAC") alleges that Janssen provided free business advisory services to rheumatology and gastroenterology practices that prescribed and infused Remicade and Simponi ARIA. Janssen allegedly employed teams of practice advisors, including relator, and hired outside consultants to provide those services, including presentations, advice, and customized analysis on how to run a profitable infusion business. The SAC alleges that by

---

[1] The facts and procedural background are set forth in more detail in the court's Memorandum and Order on Defendant's Motion to Dismiss filed October 21, 2020.

providing those services, Janssen violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and caused physicians to submit false claims for reimbursement to Medicare and Medicaid in violation of the False Claims Act, 31 U.S.C. § 3729(a).

On July 19, 2022, relator and the United States filed a voluntary stipulation stating that the claims brought under the FCA shall be governed by the six-year statute of limitations under 31 U.S.C. § 3731(b)(1).[2] The stipulation further stated that neither relator nor the United States would seek to recover damages or penalties for any alleged false claims presented for payment to the United States before October 28, 2010.[3]

Defendant has moved for judgment on the pleadings or summary judgment as to any claims that predate October 28, 2010, pursuant to Fed. R. Civ. P. 12(c) and 56. It also seeks the entry of final judgment as to those claims.

A Rule 12(c) motion for judgment on the pleadings "is treated much like a Rule 12(b)(6) motion to dismiss." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008). It differs from a Rule 12(b)(6) motion primarily because it is filed after the close of pleadings and "implicates the pleadings as a whole." *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006). In light of the stipulation, the court finds that dismissal of all FCA claims prior to October 28, 2010, is appropriate under Rule 12(c).

---

[2] The FCA sets out two possible limitations periods for FCA claims. First, 31 U.S.C. § 3731(b)(1) provides that a civil action under section 3730 may not be brought "more than 6 years after the date on which the violation of section 3729 is committed . . . ." Second, 31 U.S.C. § 3731(b)(2) provides that a civil action under section 3730 may not be brought "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed."

[3] On July 20, 2022, relator filed a notice clarifying that the stipulation was intended to "streamline[] and narrow[] the damages aspect of this *qui tam* action," but was not meant to circumscribe the scope of discovery. (Dkt. No. 314 at 1). That is, while relator only seeks damages and penalties related to false claims presented for payment on or after October 28, 2010, relator contends that documents and information predating the damages period remain relevant to those claims. (*Id.* at 2-3). The court takes no view at this point as to the scope of relevant discovery.

Entry of final judgment as to those claims is a different matter.  Under Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[4]  However, Rule 54(b) is "narrowly circumscribed."  *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 28 (1st Cir. 2022).  "The rule is designed to balance the need for the timely adjudication of important issues that arise early in a case with the 'long-settled and prudential policy against the scattershot disposition of litigation.'"  *Id.* (quoting *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988)).  Judgments under Rule 54(b) must therefore "be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Id.* (quoting *Spiegel*, 843 F.2d at 42).  Here, the facts of this case are not particularly unusual, and there is no pressing need for an early and separate judgment.

Accordingly, and pursuant to Rule 12(c), defendant's motion for judgment on the pleadings as to all claims in the Second Amended Complaint that predate October 28, 2010, is GRANTED.  The Court declines to enter final judgment as to those claims at this stage.

**So Ordered.**

Dated:  January 27, 2023

/s/  *F. Dennis Saylor IV*
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[4] "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).