UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>　　　　　　　　*Plaintiffs,*<br><br>　　v.<br><br>JANSSEN BIOTECH, INC.,<br><br>　　　　　　　　*Defendant.* | Civil Action No. 16-CV-12182-FDS |

**DEFENDANT JANSSEN BIOTECH, INC.'S MEMORANDUM REGARDING REMAINING DISCOVERY DISPUTES PURSUANT TO ECF NO. 371**

Pursuant to ECF No. 371, Defendant Janssen Biotech, Inc. ("Janssen") respectfully submits that all but three discovery disputes have been resolved given that Janssen has agreed to provide a full ESI production for all of the individuals it has identified as having had "significant involvement" in the programs at issue, as explained in its Notice withdrawing its request for a court order requiring Relator to select 12 additional custodians. *See* ECF No. 369.

As the Court is aware, many of the discovery disputes pending before the Court relate to the identification of individuals who had significant involvement in dozens of programs over a period of nearly twenty years. "Significant involvement" is a subjective metric invented by Relator, and there is no list or database where one can find the identity of those individuals. During the oral argument held on January 23, 2023, Janssen confirmed that, based on its investigation, it has disclosed to Relator the identity of all the individuals that Janssen is aware of at this time that had significant involvement in the programs at issue. *See* ECF No. 367 (Jan. 23, 2023 Hrg. Tr. at 14:21–25). Relator does not accept Janssen's representations, and she insists she does not have sufficient information to identify her remaining custodians. During oral

argument, counsel for Relator proposed that Janssen produce the documents for all of the individuals Janssen has identified as having significant involvement, so Relator can "identify the core individuals" on her own. *Id.* at 9:12–17; *see also id.* at 29:1–3 ("It sounds like [Janssen's] view is all these people were involved, and, therefore, all had significant involvement, and if that's the case, we need their documents.").

Following oral argument, and in an effort to finally move forward with discovery, Janssen concluded that the most efficient way to proceed was as Relator proposed, and it agreed to (i) produce ESI from all the non-legal personnel Janssen has identified as having significant involvement, (ii) identify and produce non-privileged ESI from non-legal personnel that had significant involvement from 2016 to 2020 in the termination of any of the programs or the assessment of the legality of the programs, (iii) allow Relator to review all of those documents and then select (without court intervention) two additional custodians (if there are any) that she believes had significant involvement who were not identified by Janssen, and (iv) if, after all that, Relator identifies additional people whose documents she believes should be produced, Janssen will meet and confer with Relator in good faith at that time. *See* ECF No. 369. Points (iii) and (iv) protect Relator if she believes, after reviewing the huge volume of additional documents Janssen has agreed to produce from these individuals, that Janssen's list is insufficient and production from further individuals is necessary. Of course, Janssen disagrees with Relator's unwarranted conjecture on this point, but there is no need to further waste the Court's or the parties' resources on this hypothetical issue now.

Although this approach will substantially increase the burden on Janssen by requiring it to make a full production of ESI for at least 47 individuals rather than 28, Janssen is willing to undertake this burden to eliminate the multi-step process (which clearly has not worked) of

litigating whether Janssen's disclosure of individuals with significant involvement is sufficient, and then (i) having Relator select 12 additional custodians for complete production and (ii) having the parties attempt to confer on a process for "sampling" documents from the other custodians who had significant involvement.

In light of all of this, as explained in the following chart, Janssen's position is that all but three issues raised in the parties' discovery motions have been resolved due to Janssen's willingness to provide a full ESI production for all of the individuals it has identified as having had "significant involvement" in the programs at issue.

| **Discovery Dispute** | **Janssen's Position** | **Status** |
|---|---|---|
| Janssen's Request to Compel Relator to Identify the 12 Remaining Custodians (ECF No. 329) | Withdrawn by Janssen.  *See* ECF No. 369. | Withdrawn |
| Janssen's Request for a Protective Order Related to Identifying How its Employees' Documents Are Stored (ECF No. 329) | Moot because Relator will not be required to select custodians for ESI production from the broader list of individuals with "significant involvement."  Relator will get a full production of responsive, non-privileged ESI available for each individual, and Relator will reserve its right to seek documents from even more individuals in the future.  *See* ECF No. 369. | Resolved |
| Janssen's Request for a Protective Order Related to Identifying Employees from 2016–2020 with Significant Involvement (ECF No. 329) | Moot now that Janssen has agreed to identify and produce ESI for individuals between 2016–2020 that were significantly involved in the termination of any programs or the assessment of the legality of the programs.  *See* ECF No. 369. | Resolved |
| Janssen's Request for a Protective Order Related to Identifying the Roles of the Many Hundreds of Individuals Listed on the Privilege Log (ECF No. 329) | During oral argument, Janssen agreed to provide the email addresses for the individuals listed on the privilege log.  *See* ECF No. 367 at 41–42.  If, after Relator reviews that information, she has questions about specific entries, the parties should meet and confer about those entries. | Resolved |

3

| Discovery Dispute | Janssen's Position | Status |
|---|---|---|
| Janssen's Request for a Protective Order Related to Collecting and Producing Documents Stored at Outside Counsel's Offices (ECF No. 329) | | Pending Before the Court |
| Janssen's Request for a Protective Order Related to the Production of Government Communications (ECF No. 329) | | Pending Before the Court |
| Janssen's Request for a Protective Order Vacating Relator's 30(b)(6) Deposition Notice Regarding Identity of Individuals With Significant Involvement (ECF No. 334) | Moot because Relator is no longer required to select custodians whose documents will be produced from the broader list of individuals with "significant involvement." Relator will get a full production of responsive, non-privileged ESI available for each individual, and Relator will reserve its right to seek documents from even more individuals in the future. | Resolved |
| Relator's Motion to Compel a Supplemental Privilege Log (ECF No. 346) | During oral argument, Janssen confirmed that it will provide a supplemental privilege log covering productions to date plus the documents identified in the files of the one legal custodian that Relator has selected, which it expects to complete in approximately two weeks.  See ECF No. 367 at 41–42.  Janssen will continue to supplement its privilege log as its document review and productions continue. | Resolved |
| Relator's Motion to Compel Supplemental Interrogatory Responses Related to Identifying Individuals with Significant Involvement (ECF No. 346) | Relator is no longer required to select custodians as Janssen will now be producing ESI for all individuals it has identified with "significant involvement." On the basis of those productions, it is possible Janssen will need to update its responses to these interrogatories. However, it would be premature to require Janssen to do that at this time. | Resolved (and unripe) |
| Relator's Motion to Compel Akin Gump Contracts (ECF No. 346) | During oral argument, Janssen agreed to provide invoices from Akin Gump related to the presentation hosted jointly by Akin Gump and The Resource Group.  See ECF No. 367 at 59. | Resolved |

4

| Discovery Dispute | Janssen's Position | Status |
|---|---|---|
| Relator's Motion to Compel Supplemental Initial Disclosures (ECF No. 346) | During oral argument, Janssen agreed to update its initial disclosures. *See* ECF No. 367 at 23:3–9. | Resolved |
| Relator's Motion to Compel Production of Additional Xcenda Documents (ECF No. 346) | Janssen has produced hundreds of contracts with Xcenda. For the first time in her reply brief (ECF No. 359), Relator identified <u>seven</u> contracts produced by Xcenda, but allegedly not produced by Janssen. As to one of these seven contracts, it was produced by Janssen (XCE-CID 0000852, produced at JANSSENBIO-021-00001544). Janssen is investigating Relator's claims regarding the remaining six Xcenda contracts (copies of which Relator already has from Xcenda's production), and will confer with Relator regarding proposed next steps. | Pending Before the Court |

In light of the substantial increase in the number of custodians for production, Janssen has tripled the size of its document review team to 30 attorneys and begun the process of loading the ESI for review. Janssen estimates that the addition of the new custodians will require it to review more than 1,000 GB of data to locate responsive, non-privileged documents for production. Based on Janssen's experience loading, processing, and reviewing the documents of the prior 28 custodians in this case, it believes that production of these documents on a rolling basis will take at least 6 months to complete.

Dated: January 31, 2023

            *s/ Jason C. Raofield*
            Jason C. Raofield (BBO No. 641744)
            Ethan M. Posner (admitted *pro hac vice*)
            Sarah E. Tremont (admitted *pro hac vice*)
            Kristin Cobb (admitted *pro hac vice*)
            Nicholas Pastan (admitted *pro hac vice*)
            Covington & Burling LLP
            One CityCenter
            850 Tenth Street, NW
            Washington, DC 20001
            (202) 662-6000
            jraofield@cov.com
            eposner@cov.com
            stremont@cov.com
            kcobb@cov.com
            npastan@cov.com

            *Counsel for Defendant Janssen Biotech, Inc.*

## CERTIFICATE OF SERVICE

    I, Jason C. Raofield, counsel for Defendant Janssen Biotech, Inc., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 31st day of January 2023.

            */s/ Jason C. Raofield*
            Jason C. Raofield
            Covington & Burling LLP