UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>　　　　　　*Plaintiffs,*<br><br>　　v.<br><br>JANSSEN BIOTECH, INC.,<br><br>　　　　　　*Defendant.* | Civil Action No. 16-CV-12182-FDS |

### DEFENDANT JANSSEN BIOTECH, INC.'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Janssen Biotech, Inc. ("Janssen") hereby moves this Court for an Order awarding judgment to Janssen on all remaining claims in the Second Amended Complaint (ECF No. 55), pursuant to Federal Rule of Civil Procedure 12(c), for the following reasons:

1.　　　Relator's core allegation is that Janssen provided "kickbacks . . . in the form of valuable business advisory services that the Company regularly provided free of charge to rheumatology and gastroenterology practices throughout the country to help the practices establish infusion suites (so the practices would directly administer Remicade and Simponi ARIA infusions) and then, once opened, to help the practices operate the infusion businesses more efficiently and profitably (so the practices would grow their infusion businesses by prescribing and infusing more Remicade and/or Simponi ARIA."  Second Amended Complaint ("SAC") ¶ 5, ECF No. 55 (Feb. 11, 2020); *see also* Memorandum and Order on Defendant's Motion to Dismiss, ECF No. 75, at 1 (Oct. 21, 2020) ("Janssen provided a variety of free business advisory services to rheumatology and gastroenterology practices that prescribed and infused Remicade and Simponi ARIA," including "presentations, advice, and customized analysis on how to run a profitable infusion business," and that, "by providing these services,

Janssen violated the Anti-Kickback Statute [AKS], and caused physicians to submit false claims for reimbursement to Medicare and Medicaid in violation of the [FCA].").

2.  The FCA's public disclosure bar requires dismissal "if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed . . . in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party," unless "the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A).

3.  To be "an original source," a relator must (1) have "voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based" prior to the public disclosures; or (2) "ha[ve] knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions," and "voluntarily provided the information to the Government before filing." 31 U.S.C. § 3730(e)(4)(B).

4.  First, as set forth more fully in Janssen's Memorandum of Law in support if its motion which is filed herewith and incorporated herein ("Janssen's Memorandum"), qualifying public disclosures occurred prior to the filing of this suit in late 2016.

5.  Second, as set forth more fully in Janssen's Memorandum, Relator does not qualify as an original source.

Accordingly, as set forth more fully in Janssen's Memorandum, Janssen respectfully requests this Court enter an Order dismissing all remaining claims in the Second Amended Complaint (ECF No. 55).

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), Janssen respectfully requests oral argument on this Motion. Oral argument will assist the Court in understanding the legal issues involved. Janssen estimates that one hour will be sufficient to hear argument from the parties.

## LOCAL RULE 7.1 CERTIFICATION

I, Jason C. Raofield, counsel for Defendant Janssen Biotech, Inc., hereby certify that Janssen has conferred with counsel for Plaintiff-Relator Julie Long and attempted in good faith to resolve the issue.

Dated: March 14, 2023            /s/ *Ethan M. Posner*

Ethan M. Posner (admitted *pro hac vice*)
Jason C. Raofield (BBO No. 641744)
Kristin M. Cobb (admitted *pro hac vice*)
Nicholas O. Pastan (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter, 850 10th Street, NW
Washington, DC 20001
(202) 662-6000
eposner@cov.com
jraofield@cov.com
kcobb@cov.com
npastan@cov.com

*Attorneys for Defendant Janssen Biotech, Inc.*

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 14th day of March, 2023.

                                              */s/ Ethan M. Posner*
                                              Ethan M. Posner (admitted *pro hac vice*)