UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>    *Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>    *Defendant.* | Civil Action No. 16-CV-12182-FDS |

## DEFENDANT'S MOTION TO COMPEL RELATOR TO AMEND INTERROGATORY RESPONSES SO THEY ARE CONSISTENT WITH STATEMENTS MADE TO THE COURT IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.1, and for the reasons set forth in the accompanying memorandum of law in support of this motion, Defendant Janssen Biotech, Inc. ("Janssen") respectfully requests that the Court enter an order compelling Plaintiff-Relator Julie Long ("Relator") to amend her interrogatory responses to conform to the representations she made to Judge Saylor and to clearly explain her theory of liability in this case.

1. Earlier this year, in briefing and oral argument related to Janssen's Motion for Judgment on the Pleadings (ECF No. 377), counsel for Relator represented to the Court that a publicly-disclosed educational document cited by Janssen was not relevant because Relator does not allege that providing such materials to doctors constituted an unlawful kickback. These representations directly contradicted Relator's interrogatory responses, which claimed that numerous highly similar presentations were kickbacks. *See* Ex. 3 (Pl.'s Supp. Objs. & Resp. to Def.'s Interrogs. 6 to 18).

2.     On May 25, 2023, Janssen sent a letter to Relator concerning the irreconcilable discrepancies between Relator's recent statements to the Court and her interrogatory responses, which requested that Relator amend her interrogatory responses to correct this discrepancy. *See* Ex. 5 (May 25, 2023 Letter from M. Dunn to C. Preston).

3.     On June 6, 2023, Relator amended her response to one of Janssen's interrogatories, but she made no changes to address the identified discrepancies. *See* Ex. 1 (Pl.'s 4th Supp. Objs. & Resp. to Def.'s Interrog. No. 2).

4.     On June 22, 2023, Janssen sent another letter to Relator asking "whether you contend that Janssen's act of simply providing a presentation identified in your response to Interrogatory 2, either orally or by giving a practice a copy of the presentation, was a violation of the Anti-Kickback Statute." Ex. 6 (June 22, 2023 Letter from M. Dunn to C. Preston) at 4.

5.     On June 29, 2023, Relator's counsel responded by email and argued that Relator's representations to the Court were not inconsistent with her revised interrogatory responses. *See* Ex. 7 (Emails Between C. Preston and M. Dunn) at 7.

6.     On June 30, 2023, Janssen emailed Relator's counsel and asked that Relator answer the following question: "Do you contend that Janssen's act of simply providing one of the 36 specific 'presentations and programs' identified in your response to Interrogatory 2, either orally or by giving a practice a copy of the presentation -- <u>without more</u> -- was a violation of the Anti-Kickback Statute?" *Id.* at 6. Janssen also asked Relator to provide times for a telephonic meet and confer on July 6, 2023. *Id.*

7.     Relator's counsel did not respond until July 7, 2023. *Id.* at 5. In that response, Relator's counsel refused to answer Janssen's question on the basis that Janssen's request for

clarification was premised on a "hypothetical." *Id.* Relator's counsel did not acknowledge Janssen's request for a meet and confer. *Id.*

8. Janssen made additional requests for a meet and confer on July 7 and July 10, 2023. *Id.* at 2–4. Relator's counsel continued to claim there was no issue in dispute between the parties and refused to schedule a meet and confer. *Id.*

9. On July 11, 2023, Janssen made a final attempt to schedule a meet and confer, noting that if Relator's counsel refused to meet and confer, Janssen reserved its right to advise the Court of that fact when seeking relief from the Court. *Id.* at 1. In a response later that day, Relator's counsel accused Janssen of undertaking a "fishing expedition" and again refused to provide a date or time to meet and confer. *Id.*

10. In light of Relator's continued refusal to meet and confer or amend her interrogatory responses, Janssen files the present motion.

Dated: August 9, 2023

Respectfully Submitted,

*/s/ Jason C. Raofield*
Jason C. Raofield (BBO No. 641744)
Ethan M. Posner (admitted *pro hac vice*)
Matthew F. Dunn (admitted *pro hac vice*)
Kristin M. Cobb (admitted *pro hac vice*)
Nicholas Pastan (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
(202) 662-6000
jraofield@cov.com
eposner@cov.com
mdunn@cov.com
kcobb@cov.com
npastan@cov.com

*Attorneys for Defendant Janssen Biotech, Inc.*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

Counsel for Janssen certifies that they have attempted to confer in good faith with Relator's counsel in an effort to resolve these disputes prior to bringing them to the Court's attention. Although Janssen requested a telephonic meet and confer in emails dated June 30, July 7, July 10, and July 11, 2023, Relator's counsel refused to participate in one.

                                                          */s/ Jason C. Raofield*
                                                          Jason C. Raofield (BBO No. 641744)
                                                          Covington & Burling LLP

**CERTIFICATE OF SERVICE**

I hereby certify on this 9th day of August, 2023, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                          */s/ Jason C. Raofield*
                                                          Jason C. Raofield (BBO No. 641744)
                                                          Covington & Burling LLP