# Exhibit 5

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**                                                                                  May 25, 2023

Casey M. Preston
Gary L. Azorsky
COHEN MILSTEIN SELLERS & TOLL PLLC
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
cpreston@cohenmilstein.com
gazorsky@cohenmilstein.com

Theodore J. Leopold
Leslie M. Kroeger
Diana L. Martin
Poorad Razavi
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
dmartin@cohenmilstein.com
prazavi@cohenmilstein.com

> Re: *United States ex rel. Long v. Janssen Biotech, Inc.* –
> Relator's Definition of Remuneration

Dear Counsel:

We write concerning irreconcilable discrepancies between statements you made to the Court in connection with Defendant's Motion for Judgment on the Pleadings and statements in Relator's sworn and verified interrogatory responses.

Throughout this case Relator has maintained that an illegal kickback took place each and every time that a healthcare provider received one of the 40 presentations identified in your January 27, 2023 supplemental response to Defendant's Interrogatory 2. *See* Pl.'s 3d Supp. Obj. & Resp. to Def.'s Interrogatory 2 (Jan. 27, 2023) at 9-11. Your response to that interrogatory states that "Defendant's provision of these *presentations*, programs, tools, and resources (and their substantive equivalents) to physician practices . . . violated the Anti-Kickback Statute." *Id.* at 11-12 (emphasis added). Your other interrogatory responses similarly take the position that an unlawful kickback took place every time "one or more of the services, *presentations*, or programs identified in Plaintiff's response to Interrogatory 2" was provided to a healthcare provider. *See* Pl.'s Supp. Obj. & Resp. to Def.'s Interrogatories 6 to 18 (Mar. 17, 2023) at 12

Casey M. Preston
Theodore J. Leopold
May 25, 2023
Page 2

(emphasis added). *See also id*. at 12 (stating that "Defendant's offering and provision . . . of each form of remuneration identified in Plaintiff's response to Interrogatory 2 to the Phase 1 Accounts violated the Anti-Kickback Statute"). Asked in Interrogatory 11 to "[s]tate the basis for Your contention that the remuneration identified in Your response to Interrogatory 10 was a kickback," you stated that "[t]he services and related *presentations and programs* identified in the responses to Interrogatories 2 and 10 constitute 'remuneration' as that term is used in the Anti-Kickback Statute." *Id*. at 14 (emphasis added). You added that "[e]ach kind of service *and related presentation and program* offered and provided (directly or indirectly through agents and representatives including outside consultants) had significant value and the value of the package or bundle of services and related presentations and programs offered and provided was even greater." *Id*. at 15 (emphasis added). Building upon the prior interrogatories, Interrogatory 12 asked that you "[i]dentify all False Claims that you allege Defendant caused the Phase One Accounts to submit to Medicare for the reimbursement of Remicade and Simponi ARIA." *Id*. at 18. You responded "that all claims for payment for Remicade, Simponi ARIA, and related infusion procedures that health care providers associated with the Phase 1 Accounts submitted to Medicare on or after October 28, 2010 and after the Phase 1 Account received one or more of the services, *presentations, or programs* identified in Plaintiff's response to Interrogatory 2 constitute claims that were false or fraudulent in violation of 31 U.S.C. § 3729(a)(1)(A) & (B)." *Id*. at 19 (emphasis added).

That suddenly changed when you responded to Defendant's Motion for Judgment on the Pleadings. Despite these interrogatory responses, in Relator's Sur-Reply Memorandum of Law in Further Opposition to Defendant's Motion for Judgment on the Pleadings, you stated that Relator "does [not] allege that merely making available or providing a written guide regarding setting up an infusion suite constitutes illegal remuneration." ECF No. 389 at 7. *See also* Relator's Memorandum of Law In Opposition to Defendant's Motion for Judgment on the Pleadings, ECF No. 381 at 17 ("Relator's case concerns Janssen's provision of free services, not free pamphlets.").[1] Of course, most of the 40 presentations that you have previously claimed were unlawful kickbacks were written educational materials, including pamphlets, PowerPoint presentations, and related guidance. The fact that some of these programs were presented orally rather than provided on paper does not change that fact.

Your recent representations to the Court make clear that you no longer contend that all of the presentations and programs identified in your response to Interrogatory 2 were kickbacks. You now appear to allege that some additional service was required for Janssen's conduct to rise to the level of illegal remuneration. That is not identified in your interrogatory responses. Accordingly, Federal Rule of Civil Procedure 26(e)(1) requires that you supplement the relevant interrogatory responses in a timely manner in order to clearly explain what actions by Defendant you allege form the basis of Relator's claims.

---

[1] You made similar statements during the May 18, 2023 argument on Defendant's Motion for Judgment on the Pleadings. The transcript is not yet available, so we do not quote them here.

COVINGTON

Casey M. Preston
Theodore J. Leopold
May 25, 2023
Page 3

      Given the pending dispute about the Defendant's Motion for Judgment on the Pleadings, and our long-running dispute about interrogatory responses, we need an answer promptly. Please tell us by no later than next Monday, May 29, whether you intend to amend your interrogatory responses in order to render them accurate and consistent with your representations to Judge Saylor. If you refuse to amend your interrogatories accordingly, we will file the appropriate motion(s) with the Court.

      Sincerely,

      */s/ Matthew F. Dunn*
      Matthew F. Dunn