# Exhibit 6

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 6000

**By Email**                                                                                          June 22, 2023

Casey M. Preston
Gary L. Azorsky
COHEN MILSTEIN SELLERS & TOLL PLLC
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
cpreston@cohenmilstein.com
gazorsky@cohenmilstein.com

Theodore J. Leopold
Leslie M. Kroeger
Diana L. Martin
Poorad Razavi
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
dmartin@cohenmilstein.com
prazavi@cohenmilstein.com

      Re:  *United States ex rel. Long v. Janssen Biotech, Inc.* –
           **Clarification of Relator's Definition of Remuneration**

Dear Counsel:

      Your supplemental response to Defendant's Interrogatory 2, served June 6, fails to address the fundamental inconsistency between what is in your interrogatory responses and the statements you have recently made to the Court.

      As set out in our May 25, 2023 letter, Relator has taken the position in written and oral statements to the Court that mere written publications or presentations provided by Janssen are not unlawful remuneration.  For example, you stated that Relator "does [not] allege that merely making available or providing a written guide regarding setting up an infusion suite constitutes illegal remuneration."  ECF No. 389 at 7.  *See also* ECF No. 381 at 16-17 ("Relator does not allege that merely providing, or making available on its website, a document discussing the profitability of Remicade . . . constitutes the provision of illegal remuneration.  Relator's case concerns Janssen's provision of free services, not free pamphlets."); Hr'g Tr. (May 18, 2023) at 36:20-22 ("Relators' allegations are not based on what pamphlets Janssen made available or

COVINGTON

Casey M. Preston
June 22, 2023
Page 2

information it made available on its website to all doctors."). Janssen is entitled to know what Relator alleges *did* constitute illegal remuneration.

The problem is that your recent statements to the Court cannot be reconciled with your claim that Janssen's provision of **each presentation** identified in your response to Interrogatory 2 constituted a kickback. Your amended response to Interrogatory 2 continues to state that Janssen's presentation of 36 identified "programs" and "presentations" violated the Anti-Kickback Statute. *See* Pl.'s 4th Supp. Objs. & Resp. to Def.'s Interrogatory 2 (June 6, 2023) at 7-11. And your responses to other interrogatories, which you have not amended, continue to claim that an unlawful kickback took place each and every time one of these presentations was given to a healthcare provider. For example, you claim:

- Response to Interrogatory 10: "Plaintiff alleges that Defendant's offering and provision . . . ***of each form of remuneration identified in Plaintiff's response to Interrogatory 2*** to the Phase 1 Accounts violated the Anti-Kickback Statute." Pl.'s Supp. Objs. & Resp. to Def.'s Interrogatories 6 to 18 at 12 (Mar. 17, 2023).

- Response to Interrogatory 11:

    - "***The services and related presentations and programs identified in the responses to Interrogatories 2 and 10*** constitute 'remuneration' as that term is used in the Anti-Kickback Statute." *Id*. at 14.

    - "***Each kind of service and related presentation and program offered and provided*** (directly or indirectly through agents and representatives including outside consultants) had significant value and the value of the package or bundle of services and related presentations and programs offered and provided was even greater." *Id*. at 15.

- Response to Interrogatory 12: "Plaintiff alleges that ***all claims for payment*** for Remicade, Simponi ARIA, and related infusion procedures that health care providers associated with the Phase 1 Accounts submitted to Medicare on or after October 28, 2010 and ***after the Phase 1 Account received one or more of the services, presentations, or programs identified in Plaintiff's response to Interrogatory 2*** constitute claims that were false or fraudulent in violation of 31 U.S.C. § 3729(a)(1)(A) & (B)." *Id*. at 19.

- Response to Interrogatory 13: "In submitting claims for payment for Remicade, Simponi ARIA, and related infusion services ***after receiving the services and related presentations and programs*** identified in the response to Interrogatory 2, the providers falsely represented that they were complying with the certification made in their enrollment agreements." *Id*. at 21-22.

- Response to Interrogatories 14 and 15: "As a result of its knowing and willful offering and provision of the ***services and related presentations and programs*** identified in Plaintiff's response to Interrogatory 2 to induce health care providers associated with the

**COVINGTON**

Casey M. Preston
June 22, 2023
Page 3

Phase 1 Accounts to prescribe and infuse Remicade and Simponi ARIA to Medicare beneficiaries in violation of the Anti-Kickback Statute, Defendant caused the health care providers associated with the Phase 1 Accounts to present claims for reimbursement to Medicare that were false or fraudulent under 31 U.S.C. § 3729(a)(1)(A)." *Id*. at 23; s*ee also id*. at 24-25.

Your failure to amend these responses means that the contradiction we raised previously continues. Therefore, we ask again that you answer the simple question presented in our May 25 letter: Do you contend that Janssen's mere act of providing a presentation identified in your response to Interrogatory 2 was illegal remuneration, or do you allege that some additional service, on top of providing the presentation, was required for Janssen's conduct to rise to the level of illegal remuneration?

Please state clearly, once and for all, whether you contend that Janssen's act of simply providing a presentation identified in your response to Interrogatory 2, either orally or by giving a practice a copy of the presentation, was a violation of the Anti-Kickback Statute. And, if that is not your contention, please amend your responses to Interrogatories 2, 10, 11, 12, 13, 14, and 15 accordingly.

Clarity on this simple, discrete issue will promote judicial economy and preserve the parties' resources. Given how basic and essential this question is, we expect you should be able to answer it clearly, easily, and promptly.

Sincerely,

*/s/ Matthew F. Dunn*
Matthew F. Dunn