# Exhibit 7

| | |
|---|---|
| **From:** | Casey M. Preston |
| **To:** | Dunn, Matthew |
| **Cc:** | Pastan, Nicholas; Posner, Ethan; Raofield, Jason; Tremont, Sarah; Cobb, Kristin; Theodore Leopold; Gary Azorsky; Leslie Mitchell Kroeger; Diana L. Martin; Poorad Razavi |
| **Subject:** | Re: [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl."s suppl. response to Interrog. 2 |
| **Date:** | Tuesday, July 11, 2023 1:02:56 PM |

**[EXTERNAL]**

Once again, we have fully addressed all the inaccurate assertions concerning Relator's allegations that you raised in your correspondence; we are unaware of an actual dispute. That you are unable/unwilling to specify the dispute that you intend to raise with the Court and the particular relief you would seek, heightens our concern that you are continuing to deliberately misconstrue Relator's allegations in an effort to sustain what appears to be a fishing expedition. Once you set forth the specific issues that you believe remain and that you intend to raise with the Court, we will set up a call to provide you Relator's position on such issues.

Casey

> On Jul 11, 2023, at 12:19 PM, Dunn, Matthew <mdunn@cov.com> wrote:
>
> Casey,
>
> We have done that several times now. You are saying that we have not done so to your satisfaction, and you appear to be refusing to have a telephonic meet and confer until we have satisfied you. Given that you are saying you cannot understand the issue we are raising from our voluminous written correspondence, this is clearly a situation where we should confer over the phone. Are you refusing to participate in a telephonic meet and confer? Having a discussion will be much more efficient than continued written correspondence, and we want to preserve the parties' resources.
>
> If in your next response you will not provide times for a telephonic meet and confer, we reserve our rights to file and inform the court that you refused our repeated requests for a meet and confer, which have been pending since June 30. We sincerely hope that it does not come to that, because our goal in the meet and confer would be to make sure we understand each other and, if possible, avoid the need for motions practice.
>
> Thank you.
>
> Matt
>
> **From:** Casey M. Preston <cpreston@cohenmilstein.com>
> **Sent:** Tuesday, July 11, 2023 11:08 AM

1

**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

**[EXTERNAL]**
Matt, for some time now, we have been conferring with you to address your repeated incorrect assertions regarding Relator's allegations. We are not refusing a telephone meeting. Because we don't see any issue or ambiguity and find your assertions to be vague and, frankly, completely unfounded, we are requiring that you specifically state the dispute that you intend to raise with the Court and the specific information that you are still seeking. This will allow us to have a much more productive discussion and hopefully resolve any remaining issues.

Casey

---

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Monday, July 10, 2023 12:22 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

Casey,

Not wanting to meet and confer is different than refusing to meet and confer.

You appear to disagree with our view that your discovery responses are either inconsistent with what you represented to Judge Saylor, or they are at least ambiguous on the point we have raised.

We brought this issue to your attention in a good faith attempt to resolve the concern without court intervention. We raised our concern about this with you in a professional manner, and you baselessly responded by accusing us of simply trying to waste resources. That is not the case.

2

In our view, your discovery responses are at odds with your representations to Judge Saylor. At a minimum, they are ambiguous. You have insisted that they are not ambiguous and, to the extent we believe they are, have purported to dispel our concerns through email correspondence insisting that we are wrong. At the same time, you have refused to amend your discovery responses to address the inconsistency/ambiguity. As you know, unlike amended responses, your email representations are not binding.

Your email at 3:22 pm on Friday refused to meet and confer unless we first identify "the legal issue" we wish to discuss in a meet and confer. Of course, meet and confers often involve fact issues and issues regarding discovery responses, independent of legal issues. If we told the court that you refused to meet and confer unless the subject involved a "legal issue," we expect you would tell the court that was not what you meant. The meet and confer process allows parties to attempt to resolve any confusion or ambiguity before bringing a dispute to the court.

Please either confirm that you are refusing to meet and confer with us on the subject raised in our prior correspondence, or tell us when you are available. Should your response be the former, we reserve all rights, including a submission to Judge Saylor letting him know of our concern with your representations in opposing our dispositive motion, and your refusal to confer about amending your discovery responses to make clear you are not reserving the ability to take a position in this litigation that is inconsistent with those representations.

Thanks.

Matt

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Friday, July 07, 2023 3:23 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

**[EXTERNAL]**
We've addressed all the assertions you have made in your letters and emails and don't see an open issue. Please specify the legal issue that you wish to discuss further. If you believe that we are obligated to answer your hypothetical scenarios, please point us to the rule that you believe requires such and we'll consider it.

3

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Friday, July 7, 2023 2:47 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

The topic of our email chain below and the related letter correspondence.

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Friday, July 07, 2023 2:45 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

**[EXTERNAL]**
Please specify the issue about which you want to meet and confer.

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Friday, July 7, 2023 2:19 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

Casey,

You did not provide a response to our request for a meet and confer. Please provide proposed times for a meet and confer on Tuesday or

Wednesday of this coming week so we can determine whether to seek intervention from the Court.

Thank you.

Matt

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Friday, July 07, 2023 1:35 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

**[EXTERNAL]**
Again, Relator's allegations are clear, Matt. She has not asserted an allegation matching your hypothetical. If you believe she has, you're incorrect. And, we're not going to answer questions or share our views regarding hypothetical conduct or made up scenarios. Additionally, if Janssen is contending that ABSs "did nothing more" than go to physicians' offices and "read the words on the page[s] of [slide decks] … and left," please point out the evidence that supports this contention.

Casey

---

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Friday, June 30, 2023 11:39 AM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

Casey,

Thank you for your email.  I fear we are talking past each other.  My goal is to ensure we understand your interrogatory responses so that we can move forward as efficiently as possible.  Please answer the following question

5

clearly: Do you contend that Janssen's act of simply providing one of the 36 specific "presentations and programs" identified in your response to Interrogatory 2, either orally or by giving a practice a copy of the presentation -- <u>without more</u> -- was a violation of the Anti-Kickback Statute?

We do not think answering this should create any significant burden. If it's helpful, here's a more concrete example. The first "presentation and program" you list is "Becoming an Alternative Site of Care for Therapy with Remicade in Your Community." All we want to clarify is whether you assert it was a kickback if an ABS went into the office, read the words on the page of that particular presentation, did nothing more, and left. This seems like a question amendable to a "yes" or "no" answer. If you do not believe that is possible, please provide some times on July 6 for a meet and confer.

Finally, I feel a need to respond to your assertion that I am "feigning" confusion "in an apparent effort to make unnecessary work." We do not know each other at all, and I was disappointed that you would make such an accusation against a fellow member of the Bar. To be clear, I'm doing nothing of the sort. I am just trying to make sure we understand your position. Going forward, I'm hopeful that we can address each other with basic courtesy, including refraining from casting about baseless personal aspersions in routine discovery-related correspondence.

I hope you all have a nice Fourth of July.

Thanks.

Matt


**Matthew Dunn**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5314 | mdunn@cov.com
www.cov.com

**COVINGTON**

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Thursday, June 29, 2023 12:22 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Posner, Ethan <eposner@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

[EXTERNAL]
Matt, we write to respond to your June 22 letter.

Relator's arguments to the Court in responding to Janssen's motion for judgment on the pleadings were accurate. Again, and as you are aware, Relator has not asserted a claim against Janssen based on conduct that involved making a guide or brochure available to all physicians on its website or merely distributing a guide or brochure to all physicians.

Likewise, the statements in Relator's interrogatory responses referenced in your letter are also accurate and in no way inconsistent with the points Relator made in responding to the motion. Although Relator's complaint, voluminous briefing in the case, and discovery responses specifically describe the free services that Janssen provided to targeted physician practices that constitute the illegal remuneration on which Relator's AKS and FCA claims are based, in supplementing her response to Interrogatory 2, Relator described the alleged illegal remuneration with even more precision. Relator's supplemental response to Interrogatory 2 makes clear that your disingenuously narrow interpretation of "presentations" is incompatible with the facts and allegations. In this case, the meaning of "presentations" obviously is not limited to slide decks that Janssen utilized; rather "presentations" refers to the entire consultative meetings or programs through which Janssen provided the alleged illegal services.

In an apparent effort to create unnecessary work, you are now feigning that it's unclear whether "presentations" in other interrogatory responses, carries the same meaning as it does in the response to Interrogatory 2. The explanation concerning the meaning of "presentations" in Relator's supplemental response to Interrogatory 2 similarly applies to Relator's use of "presentations" in her other interrogatory responses. Under Rule 26(e)(1)(A), Relator is not required to supplement her other responses in order to repeat the explanation.

Casey

**From:** Pastan, Nicholas <NPastan@cov.com>

7

**Sent:** Thursday, June 22, 2023 5:03 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Posner, Ethan <eposner@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** [EXTERNAL] RE: U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

Counsel,

Please see the attached letter.

Best,
Nick

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Tuesday, June 6, 2023 5:01 PM
**To:** Posner, Ethan <eposner@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>; Tremont, Sarah <STremont@cov.com>; Cobb, Kristin <KCobb@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** U.S. xr Long v. Janssen - Pl.'s suppl. response to Interrog. 2

**[EXTERNAL]**
Counsel, attached is Relator's fourth supplemental objections and response to Interrogatory 2. We provide this supplemental response in accordance with Rule 26(e) to update and refine Relator's earlier response to Interrogatory 2.

Additionally, this response, consistent with the prior response to Interrogatory 2, Relator's complaint, briefing, responses to other interrogatories, and correspondence, clearly describes the alleged illegal remuneration at the center of this action. Once again, the characterizations of Relator's allegations stated in Matt's correspondence sent on May 25 and 31 are inaccurate and disregard Relator's allegations, interrogatory responses, extensive briefing, and prior correspondence.

Casey

**Casey M. Preston**        **Cohen Milstein Sellers & Toll PLLC**

Of Counsel

**COHEN**MILSTEIN

100 N. 18th Street | Suite 1820
Philadelphia, PA 19103

phone 267.479.5700 | direct 267.479.5704
fax 267.479.5701 | mobile 484.844.0332

**website** | **map**

**Powerful Advocates. Meaningful Results.**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

9