UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


_____

UNITED STATES OF AMERICA, ex rel.,

                Plaintiffs,      Civil Action
                              No. 16-12182-FDS
V.

                              February 23, 2022
JANSSEN BIOTECH, INC.,          4:15 p.m.

                Defendant.
_____



TRANSCRIPT OF STATUS CONFERENCE VIA VIDEO CONFERENCE

BEFORE THE HONORABLE F. DENNIS SAYLOR, IV

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

1 COURTHOUSE WAY

BOSTON, MA  02210




DEBRA M. JOYCE, RMR, CRR, FCRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
joycedebra@gmail.com

```
 1     APPEARANCES:

 2     FOR THE RELATOR:

 3     THEODORE JON LEOPOLD, ESQ.
       POORAD RAZAVI, ESQ.
 4     LESLIE KROEGER, ESQ.
       DIANA L. MARTIN, ESQ.
 5     CASEY M. PRESTON, ESQ.
       Cohen Milstein Sellers & Toll, PLLC
 6     11780 US Highway One
       Suite 200
 7     Palm Beach Gardens, FL 33408
       561-515-1400
 8     tleopold@cohenmilstein.com
       prazavi@cohenmilstein.com
 9     lkroeger@cohenmilstein.com
       dmartin@cohenmilstein.com
10     cpreston@cohenmilstein.com

11     FOR THE DEFENDANT:

12     ETHAN M. POSNER, ESQ.
       STACEY K. GRIGSBY, ESQ.
13     SARAH TREMONT, ESQ.
       KRISTEN M. COBB, ESQ.
14     Covington & Burling LLP
       One CityCenter
15     850 Tenth Street, N.W.
       Washington, DC 20001
16     202-662-6000
       eposner@cov.com
17     SGrigsby@cov.com
       stremont@cov.com
18     kcobb@cov.com

19     SHAILEE DIWANJI SHARMA, ESQ.
       Jenner & Block LLP
20     1155 Avenue of the Americas
       New York, NY 10036
21     212-407-1748
       ssharma@jenner.com
22

23

24

25
```

P R O C E E D I N G S

1          (The following proceedings were held via

videoconference before the Honorable F. Dennis Saylor, IV,

United States District Judge, United States District Court,

District of Massachusetts, at the John J. Moakley United States

Courthouse, 1 Courthouse Way, Boston, Massachusetts, on

February 23, 2022.)

          THE CLERK:  Court is now in session in the matter of

United States v. Janssen Biotech, Inc., civil action 16-12182.

          Just a reminder that photographing, recording and

rebroadcasting of this hearing is prohibited and may result in

sanctions.

          Would counsel please identify themselves for the

record starting with the plaintiff.

          MR. LEOPOLD:  Good afternoon, your Honor.  Thank you

for having us.  Ted Leopold on behalf of the relator, along

with my partners, Poorad Razavi, Leslie Kroeger, Diana Martin,

and Casey Preston.

          THE COURT:  All right, good afternoon.

          MR. LEOPOLD:  Good afternoon.

          MR. POSNER:  Good afternoon, your Honor.  Ethan

Posner, Covington & Burling for Janssen.  I'm joined by my

colleagues Stacey Grigsby, Sarah Tremont, Shailee Sharma, and

Kristen Cobb.

          THE COURT:  Good afternoon.

1          All right.  This is a status conference in this case.

2     Thank you for your patience and allowing me to postpone this.

3     I have a trial that was supposed to last a week that is lasting

4     two days.  Believe me, that is good news, but it's making me

5     scramble a little bit here to prepare jury instructions and

6     whatnot.

7          So I understand that Magistrate Judge Kelley issued a

8     series of orders I guess at the end of last week.  I glanced at

9     those but haven't had really a chance to digest them.  I had

04:16 10     hoped to do it before today and didn't have a chance to.  But

11    with that as a prelude, where are we generally and where do we

12    go from here, Mr. Leopold?

13          MR. LEOPOLD:  Thank you, your Honor.

14          Your Honor, you are correct that last Thursday

15    Magistrate Kelley entered a lengthy order on the motion for

16    reconsideration and then also two additional orders on motions

17    to compel document production.  Specifically on the motion for

18    reconsideration, she allowed and upheld her earlier ruling in

19    allowing 12 custodians.  She allowed discovery to be expanded

04:17 20    through February of 2020.  She also allowed reasonable searches

21    for all employee files, and expect the parties to meet and

22    confer about the best way to handle that.  And she also ordered

23    that we will be -- we, the relators, will be allowed to pick

24    three lawyer custodians, if you will, to address the *scienter*

25    issue, and the parties will need to meet and confer on that

1    issue as well.

2        In regards to the two orders on the motions to compel,

3    there were approximately 20 different requests for productions

4    that the defendant, Janssen, will need to be responding to.

5    We'll have to work in a meet and confer hopefully in the next

6    few days about a time frame for that.  The magistrate's order

7    didn't have a specific time frame when things would be --

8    documents, if you will, would be due, so hopefully we can work

9    out that.

04:18  10        I have put off having that meet and confer for right

11    now pending -- I wasn't sure if the -- Janssen was going to be

12    appealing any of these rulings, so I wanted to wait and see

13    what happens with that first.  I'm not sure if they're in a

14    position to set forth that at this time.

15        In addition, your Honor, we have basically two other

16    pending motions.  We have a motion to compel answers to

17    interrogatories 20 through 22, which is Docket 263, as well as

18    Janssen's response to those -- motion to compel.

19        The matter that your Honor asked us to brief, as well

04:19  20    as Magistrate Kelley, on the issues of advice of counsel is all

21    briefed.  That is pending before your Honor.  That hasn't been

22    referred.  I don't know, again, if your Honor is going to be

23    keeping that or referring that --

24        THE COURT:  I was expecting to keep it, which is why I

25    haven't referred it.  So I think it probably should be on my

1    plate, is the answer to that, and I think it makes sense to

2    probably schedule a hearing on that constellation of issues.

3         MR. LEOPOLD:  And that, again, is fully briefed.

4         So, other than that, that's where we stand.  There's a

5    lot of discovery that is owed.

6         I believe it's February 26th or 28th is when the

7    discovery is to close based on the previous Court's order, so

8    we might want to address that issue today, about scheduling,

9    also summary judgment schedule, trial schedule, and things of

04:20 10    that sort.

11         Other than that, your Honor, really the litigation of

12    actually litigating the case is basically -- and when I say

13    that, I mean depositions, is basically on hold because Janssen

14    has refused to produce any witnesses pending all of these

15    rulings so that their position is witnesses won't have to be

16    produced twice.

17         THE COURT:  All right.

18         Mr. Posner.

19         MR. POSNER:  Well, your Honor, yeah, the magistrate

04:20 20    has ordered a dramatic expansion of discovery.  The highlights

21    are that the relator is going to pick 12 new custodians.  We

22    had previously said that was likely going to take an additional

23    six to nine months.  I don't think the magistrate took issue

24    with that time frame.  She expanded the time frame for some of

25    the custodians to go from 1998 to May of 2020, for many others

1    from May of 2006 to May of 2020.  That requires us to redo all
2    the email searches or many of the email searches we already
3    did.
4            THE COURT:  Well, let me -- I assume you're going to
5    appeal, at least --
6            MR. POSNER:  I'd like to be candid with your Honor.  I
7    mean, if -- we already appealed on a number of these issues;
8    your Honor, I think, sent it back for reconsideration.
9            Look, it's -- all of this taken together, it's going
04:21 10    to add, I don't know, you know -- I don't know what all the
11    custodians are, at least a year and a half to two years to the
12    process.
13            THE COURT:  Whether that's true or not, you know,
14    again -- and maybe you haven't decided -- but if you're going
15    to appeal it to me, I'll either say "yes" or "no," or, you
16    know --
17            MR. POSNER:  I guess, your Honor, what I was trying to
18    do was if that expansion, you know, is -- you know, if you've
19    given direction to the magistrate and her rulings reflect that,
04:22 20    then there's no point of me appealing.  If your Honor -- you
21    know, I was just trying to gauge -- look, we obviously think
22    this is an unnecessary expansion.  I don't want to waste the
23    Court's time with more paper if the magistrate's rulings are
24    reflective of your Honor's guidance.  But it's certainly our
25    plan to appeal.

1          THE COURT:  Well, I can't answer that in the abstract

2     because I haven't drilled down into it.  It's the role of

3     counsel to point out what's wrong with it and, you know, and I

4     certainly had some thoughts about the direction I thought it

5     ought to go in, but I had not studied in any detail, again --

6     I'm not even sure I could fairly say that I read her orders.  I

7     glanced through them quickly.  I had intended to study them in

8     advance of this, I've been caught up in this trial and didn't

9     have a chance to.

04:23 10          So, it's up to you.  You can appeal it or not.  I have

11     a very passive job here, which is to, you know, wait for

12     someone to ask me to do something, and then I'll do it.  And so

13     it's up to you.  And I'm not going to just say, Well, let's

14     extend the discovery deadline two years.  I'm not going saying

15     I'm going to agree with you, maybe I will, maybe I won't, or

16     maybe I'll, agree in part and disagree in part, I don't know.

17     But if you're going to appeal, let's wait and let's -- I'll see

18     what your appeal says.

19          And in the meantime, I think I ought to take up this

04:24 20     issue of the advice of counsel defense or however it is that's

21     framed.  And it looks like I need to bump out the discovery

22     deadlines at least somewhat here while we're sorting all this

23     out.

24          MR. POSNER:  Yeah, we're going -- our plan was to

25     appeal.

1          THE COURT:  Okay.

2          All right.  And ballpark, assuming you do appeal, all

3   that would probably be ripe in about three weeks or so, does

4   that sound about right?

5          MR. POSNER:  Yeah, I'd have to go back and look, but

6   that sounds about right, your Honor.

7          THE COURT:  Okay.  All right.  I'm always fooled by

8   the fact that February only has 28 days.

9          I think what I would like to do is to set this for a

04:24 10   hearing on both sets of issues, advice of counsel and whatever

11   appeal you're going to do, so that I'm thinking about all of it

12   at once kind of like a package, and I think I'd like to do

13   that -- I was going to say the third or fourth week of March,

14   but I think really more realistically April 1st or 2nd more

15   likely will be the time frame for that.

16          That hearing may take a while.

17          Matt, do I have a free afternoon in that time frame?

18          THE CLERK:  Judge, it looks like the morning of April

19   4th on a Monday is open.

04:25 20          THE COURT:  All right, let's do that.  Morning of

21   April 4th.

22          THE CLERK:  10 a.m.

23          THE COURT:  Why don't we make it 9:30.  We'll do it by

24   Zoom so nobody has to fly up here, and we'll be -- there are

25   the two pending motions, I think one of them is a motion to

1    compel answers to interrogatories, and the motion to compel

2    disclosure of legal opinions, again, what I'll call the

3    constellation of the advice of counsel defense issues, and then

4    this what I'll call the expansion of discovery issues based on

5    Magistrate Judge Kelley's orders, whatever appeals are flowing

6    from that.  We'll hear all of that on that day.

7         In the meantime, I will extend discovery -- well,

8    let's say for the time being until the end of April, I'll just

9    push it out.  We may need to do that further, but I'll just

04:26 10   keep bumping it.

11        Why don't I say all current discovery deadlines are

12   pushed out 60 days, we'll say.

13        And the only other thing, there are some -- two very

14   old motions that, again, relate to this issue of what I'll call

15   expansion of discovery, No. 159 and 167.  I think they've been

16   overtaken by events.  I think a lot has changed since then.

17   They've been dangling for a while sort of waiting to see what

18   happened with the magistrate judge.  What I think I'd like to

19   do is clear those from the calendar and deny them both without

04:27 20   prejudice.  I think whatever is in there is kind of subsumed

21   with whatever we're talking about now.  If there's something in

22   there that you want to renew, that's fine, or -- I just --

23   unless I'm wrong about that, Mr. Posner, I think they may be

24   both your motions, but I think both of those relate to this

25   idea of, you know -- well, I'll ask you.  Is that okay, or do

1    you think that's inappropriate?

2         MR. POSNER:  I don't have 159 and 167 on my

3    fingertips.

4         THE COURT:  That's how old they are.  I've got to

5    scroll up here for quite aways.

6         159 is a motion to compel production of documents,

7    which I think it -- I need to look at the memo, not the motion,

8    of course.

9         MR. POSNER:  We're happy to take a look at that if you

04:28 10   wanted --

11         THE COURT:  The plaintiffs' motions and it's -- again,

12   my memory, and it's been a while since I looked at this, is

13   that all of this has to do, again, with what I'll say is the

14   question of, you know, has discovery been artificially limited,

15   can it be expanded, does plaintiff need these documents to

16   properly prosecute their claims?

17         And I may be wrong on that.  Mr. Posner, I'll put that

18   question to you.

19         And 167 I think is motion to expand discovery.  And

04:29 20   let me find it again.  Yes, that's what it's called in the

21   memorandum -- I'm sorry, motion to expand discovery, and that

22   directly addresses the issue of are we limiting things to

23   Central Pennsylvania or not.

24         I just -- you know, the motions have been pending for

25   a long time and it seems to me that they're out of date.  I'm

1    not trying to make a substantive ruling here but just not leave

2    a motion dangling if it's been overtaken by events, and my

3    sense is that it has.

4          MR. POSNER:  We're fine with you denying those

5    motions.

6          THE COURT:  Well --

7          MR. LEOPOLD:  Well, thank you, Mr. Posner.

8    Your Honor --

9          THE COURT:  Mr. Leopold.

04:29  10          MR. LEOPOLD:  Your Honor, what we'd like to do is

11    maybe we can defer dockets 159 and 167 pending after these

12    other matters are resolved to see where we're at.  I think is

13    probably the best.

14          THE COURT:  What I'm going to do is I'm going to clear

15    the docket.  I'm going to deny them without prejudice to their

16    renewal, and you can just bring them back to life, like a

17    horror movie monster, if you want, or maybe it's part of it,

18    where I need to decide part B of your motion.  Whatever it is,

19    like if it hasn't been resolved by all of this, if there's

04:30  20    something left, I want it resolved.  It's just I also don't

21    want to spend a lot of time working through those motions when

22    I think a lot of it has been --

23          MR. LEOPOLD:  I certainly think 167 has sort of been

24    encompassed within the motion for reconsideration.  We'll look

25    at 159 and -- but both of them can be denied without prejudice

1  and we'll address those appropriately.

2          The only thing I would ask, your Honor, and for

3  clarification a little bit is I understand Janssen is moving

4  for reconsideration -- excuse me, objecting to the

5  reconsideration order, but the other two discovery motions to

6  compel orders from last Thursday, are those on hold?  Is

7  Janssen going to be moving on those as well?

8          THE COURT:  I understood -- whatever he objects to,

9  you know, he may object to everything.  Whatever he objects to

04:31 10  I want to be part of my April 4th package of --

11          MR. LEOPOLD:  That's fine.  We'll hold off on anything

12  until at least next Thursday we know what they're moving on.

13          THE COURT:  Okay.  All right.  And I want to get all

14  this on track.

15          All right.

16          MR. LEOPOLD:  Yes, your Honor.  Thank you for your

17  time.

18          MR. POSNER:  Thank you for your time, your Honor.

19          THE COURT:  Okay.  Thanks everyone.

04:31 20          (Court adjourned at 4:31 p.m.)

21                    - - - - - - - - - - - -

22

23

24

25

1                              CERTIFICATION

2              I certify that the foregoing is a correct transcript

3      of the record of proceedings in the above-entitled matter to

4      the best of my skill and ability.

5

6

7

8      /s/Debra M. Joyce                    September 19, 2023
       Debra M. Joyce, RMR, CRR, FCRR        Date
9      Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25