```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


THE UNITED STATES OF AMERICA,     )
ex rel.                           )
JULIE LONG,                       ) Civil Action
                                  )
              Plaintiffs          ) No. 16-12182-FDS
                                  )
                                  )
vs.                               )
                                  )
JANSSEN BIOTECH, INC.,
              Defendant


BEFORE:  CHIEF JUDGE F. DENNIS SAYLOR, IV



                  TELEPHONE STATUS CONFERENCE




           John Joseph Moakley United States Courthouse
                         1 Courthouse Way
                         Boston, MA 02210



                         April 28, 2021
                           3:21 p.m.




                 Valerie A. O'Hara, FCRR, RPR
                     Official Court Reporter
           John Joseph Moakley United States Courthouse
                         1 Courthouse Way
                         Boston, MA 02210
                     E-mail: vaohara@gmail.com
```

```
 1   APPEARANCES VIA TELEPHONE:

 2   For The Relators:

 3       Cohen Milstein Sellers & Toll PLLC, by CASEY M. PRESTON,
     ESQ., 1717 Arch Street, Suite 3610, Philadelphia, Pennsylvania
 4   19103;

 5       Cohen Milstein Sellers & Toll, PLLC, THEODORE JON LEOPOLD,
     ESQ., and 11780 US Highway One, Suite 200, Palm Beach Gardens,
 6   Florida 33408;

 7       Cohen Milstein Sellers & Toll, PLLC, by GARY L. AZORSKY,
     ESQ., 1717 Arch Street, Suite 3610
 8   Philadelphia, Pennsylvania 19103;

 9

     For the Defendant:
10
         Covington & Burling LLP, by ETHAN M. POSNER, ESQ.,
11   SARAH TREMONT, ATTORNEY, and SHANYA DINGLE, ATTORNEY,
     and BRADLEY MARKANO, ESQ., 850 Tenth Street, NW,
12   Washington, D.C. 20001-4956;

13       Covington & Burling LLP, by NICHOLAS BAER, ESQ., The New
     York Times Building, 620 Eighth Avenue, Philadelphia,
14   Pennsylvania 10018-1405.

15

16

17

18

19

20

21

22

23

24

25
```

|  |  |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: Court is now in session in the matter of |
| 3 | United States of America vs. Janssen Biotech, Civil Action |
| 4 | Number 16-12182. |
| 5 | Participants are reminded that photographing, |
| 6 | recording or rebroadcasting of this hearing is prohibited and |
| 7 | may result in sanctions. |
| 8 | Would counsel please identify themselves for the |
| 9 | record, starting with the plaintiff. |
| 03:21PM 10 | MR. LEOPOLD: Good afternoon, your Honor, Ted Leopold |
| 11 | on behalf of the relator U.S. Government. |
| 12 | THE COURT: Good afternoon. |
| 13 | MR. LEOPOLD: Good afternoon. |
| 14 | MR. PRESTON: Good afternoon, your Honor, this is |
| 15 | Casey Preston on behalf of plaintiff relator. |
| 16 | THE COURT: Good afternoon. |
| 17 | MR. AZORSKY: Gary Azorsky on behalf of the relator. |
| 18 | THE COURT: Good afternoon. |
| 19 | MR. POSNER: That's all for plaintiffs, your Honor. |
| 03:21PM 20 | THE COURT: All right. For the defendant? |
| 21 | MR. POSNER: Ethan Posner from Covington & Burling for |
| 22 | defendant Janssen. Good afternoon. |
| 23 | THE COURT: Good afternoon. |
| 24 | MS. TREMONT: Good afternoon, your Honor, |
| 25 | Sarah Tremont from Covington as well as for defendant Janssen. |

1    Good afternoon.

2              THE COURT: Good afternoon.

3              MS. DINGLE:  Good afternoon.  This is Shanya Dingle

4    from Covington & Burling as well on behalf of the defendant

5    Janssen.

6              THE COURT:  Good afternoon.

7              MR. BAER:  This is Nick Baer from Covington & Burling

8    on behalf of defendant Janssen.  Good afternoon.

9              THE COURT:  All right.  This is a status conference in

03:22PM 10   this case.  Let me cut to the chase I think here in terms of

11   the issues, as I see them, with regard particularly to the

12   scope and timing of discovery.  I've had a lengthy conference

13   with Magistrate Judge Kelley about where things stand and her

14   view of things and what she has done, and what I'm going to do

15   is this.  I'm basically going to leave things where they are.

16   Any party has the right to appeal any particular discovery

17   order to me through normal channels.

18              I should add that I've also read the -- I think

19   there's two letters from Covington on the docket that I've read

03:23PM 20   as well as part of this mix, but I'm going to leave things

21   where they are in terms of any appeal from a discovery order

22   should be made to me through normal channels.

23             The one wrinkle in all of this is the discovery

24   deadlines.  Magistrate Judge Kelley has a discovery deadline of

25   July 16th, which is firm unless and until I change it, but I'm

```
 1   going to leave that in place for now, and I understand that
 2   there's a further status at the beginning of May and there will
 3   likely be other statuses as well, and we'll see how things move
 4   going forward.
 5            I am certainly -- I think she thinks that in light of
 6   where the case is that that discovery deadline should hold, and
 7   my instinct is to agree with that, but I'll listen what the
 8   parties have to say as we get closer to the deadline.  So that
 9   may cut out most of what you're here to discuss, but let me
10   pause there and ask whether counsel for the relator or the
11   government have anything that they want to take up?
12            MR. LEOPOLD:  This is Ted Leopold for the relator.
13   I'm totally fine with what the Court has just stated.  I would
14   state, I'm sure this would go for everyone, Magistrate Judge
15   Kelley has been tremendously helpful, at least from our
16   perspective about moving the case forward and starting the
17   process of what we need in order to begin the deposition
18   process, so we greatly appreciate her being available to us.
19            THE COURT:  Okay.  Anything from the relator?
20            MR. PRESTON:  From Janssen, your Honor, I'm sorry?
21            THE COURT:  I'm sorry, I was actually directing that
22   to Attorney Preston, but I'll hear from counsel for Janssen,
23   Mr. Posner.
24            MR. POSNER:  Good afternoon, your Honor.  Yeah, I
25   think we understand the order.  I think we agree that the
```

1    magistrate has been helpful.  We're negotiating with the
2    relator on a set of search terms that will guide the production
3    of documents from agreed-upon custodians in this case.  I think
4    we're now going back over a 10-year period, and we'll, you
5    know, we've got some edits on the relator's search terms that
6    we're going to provide quite shortly.
7            You know, we've got about 225,000 hits on just I think
8    four or five custodians.  You know, we may have an analogous
9    number.  I'm just not sure for the remainder.  You know, we've
03:26PM 10   already produced about, I don't know, a little over two and a
11   half million pages, so we have a lot of documents to review,
12   depending on how the final search terms shake out.
13           You know, this is sort of a process, you know, there
14   are these third-party companies, and, you know, there are
15   document reviewers that review this stuff along with our
16   personnel.
17           I guess I'm just cautioning the Court that with close
18   to potentially half a million more documents to review, and,
19   you know, whatever that resulting number is to produce along
03:27PM 20   with doing all the fact depositions in less than 90 days is
21   going to be a significant challenge.
22           We just have a mountain of documents that we're likely
23   going to have to review.  The vast majority of these are going
24   to be outside the scope of Pennsylvania, and we understand the
25   magistrate's orders, we're not challenging those, but the

numbers are what the numbers are, so I guess I'm just noting that when we convene in May, we'll set a status report, we'll work as hard as we can. We're trying to finalize the search terms, but there will be a lot of documents to review. It's a very large case that now appears to encompass the vast majority of the production that was made to the justice department. Very little of those documents involve Pennsylvania, and we're almost done with that production, so I'm just noting for the record that we have an extraordinary number of documents to get through in a short amount of time.

THE COURT: Okay. Just a couple observations. I'm certainly familiar with the drill and the challenges that that poses. I have great confidence in Magistrate Judge Kelley. That doesn't mean she's always right, but I have great confidence in her abilities and judgment, and I will, I hope, listen to reason, but I will need to be convinced, you know, that you need relief in whatever form you're seeking, and part of that process is convincing me that you really are doing what you can, you know, in the time allotted and that you can't meet the challenge, for whatever reason, and I will smile more favorably on, you know, requests for an additional 24 hours and an additional 24 months, so, you know, let's see how it goes.

In the meantime, I think I'm just going to set it for a further status toward the end of May, and we'll see where developments stand at that point, okay? I'm not sure I have

1   much to add at this stage on that, but why don't we -- and I'm
2   sure every Covington associate is grateful for the existence of
3   these document requests, but, let's see, how about 3:30 on
4   May 27th, further status?
5           MR. POSNER:  That's fine, your Honor.
6           MR. LEOPOLD:  Thank you, your Honor.
7           THE COURT:  Okay.  And, you know, roll up your
8   sleeves, metaphorically speaking, and let's see how this plays
9   out, okay?
03:30PM 10          MR. LEOPOLD:  Thank you, your Honor.  We appreciate
11  your time.
12          MR. POSNER:  Thank you.
13          THE COURT:  Anything else?
14          MR. LEOPOLD:  No, your Honor, thank you.
15          (Whereupon, the hearing was adjourned at
16  3:30 p.m.)
17
18
19
20
21
22
23
24
25

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS ) ss.

CITY OF BOSTON )

    I do hereby certify that the foregoing transcript, Pages 1 through 9 inclusive, was recorded by me stenographically at the time and place aforesaid in Civil Action No. 16-12182-FDS, THE UNITED STATES OF AMERICA ex rel. JULIE LONG vs. JANSSEN BIOTECH, INC., and thereafter by me reduced to typewriting and is a true and accurate record of the proceedings.

    Dated September 20, 2023.

                s/s Valerie A. O'Hara
                _____
                VALERIE A. O'HARA
                OFFICIAL COURT REPORTER