UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>    *Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>    *Defendant.* | Civil Action No. 16-CV-12182-FDS |

**DEFENDANT'S MOTION FOR STATUS CONFERENCE TO SET DISCOVERY DEADLINE AND DEADLINE FOR RELATOR TO FILE FORTHCOMING MOTION REGARDING JANSSEN'S ATTORNEY-CLIENT PRIVIVILEGED COMMUNICATIONS**

Defendant Janssen Biotech, Inc. ("Janssen") respectfully renews its request dated October 2, 2023 for the Court to convene a status conference and enter a scheduling order. ECF 410. As is set out in greater detail below, since the filing of that request, Relator Julie Long ("Relator") has taken four depositions. Relator recently informed Janssen that she intends to file a motion challenging Janssen's invocation of the attorney-client privilege and that she does not intend to take any additional depositions until that motion is resolved. In other words, Relator has decided to unilaterally stay the case while her upcoming motion is pending.[1] Federal Rule of Civil Procedure 1 states that the rules should be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." The current open-ended discovery process is inefficient and prejudicial to Janssen, and it can be averted through entry of a scheduling order as provided in Federal Rule of Civil Procedure 16.

---

[1] The parties met and conferred telephonically on January 5, 2024, but were unable to further resolve or narrow the issues in dispute.

**Background and Argument**

Since September 9, 2022, no deadlines have existed in this matter. However, in October 2023, following Janssen's substantial completion of its production of documents, the parties separately asked the Court for a status conference. *See* ECF 410, 411. Janssen asked the Court to set a fact discovery deadline of April 26, 2024. *See* Request for Status Conference, ECF 410. Relator stated that she expected that fact discovery, including all depositions, could be completed by March 15, 2024. Opp'n, ECF 411. Relator also stated that the scope of her expected discovery included the yet-to-be filed challenge to Janssen's privilege assertions. *Id*. at 3.

On the basis of these statements, Janssen has proceeded expeditiously in order to ensure that all fact discovery can be completed no later than April 26. Since October, Janssen served its final privilege log (on Oct. 10), provided four current and former employees for deposition, offered dates for five more depositions Relator requested of current and former employees, and repeatedly requested that Relator identify additional witnesses for deposition to facilitate efficient and timely scheduling.

However, on December 22, 2023, Relator informed Janssen that she no longer intended to attempt to finish fact discovery by the end of March or even April, and that she intended to postpone all remaining depositions indefinitely. *See* Ex. A (Email from C. Preston). Relator claimed that this complete stop to discovery was required to address a forthcoming motion challenging Janssen's assertion of attorney-client privilege. However, Relator has not stated precisely when this motion will be filed or why this issue was not foreseeable when she proposed a March 15, 2024 fact discovery deadline in October. On the contrary, on October 3, 2023, Relator represented to the Court that she planned to challenge Janssen's privilege claims, and was "hopeful" that this privilege challenge, along with "all depositions and follow-up discovery"

could be completed by March 15. ECF 411 at 3. Nonetheless, she has waited more than three months to file her motion, bringing discovery to a standstill with its mere anticipation.

This phase of discovery has been taking place since December of 2020. Relator's recent announcement that she intends to halt all depositions until the Court rules upon her forthcoming motion means discovery will continue to languish indefinitely until a schedule is put in place.

The lack of a scheduling order is increasingly prejudicial to Janssen, which is threatened with unending and expanding discovery-related litigation from Relator, without a deadline for fact discovery and a path to summary judgment in the foreseeable future. The lack of a scheduling order in a case that is not stayed also raises concerns under Federal Rule of Civil Procedure 16 and Local Rule 16.1(f)-(g), which require entry of a scheduling order in all cases, subject to modification for good cause.

To avoid this prejudice, Janssen renews its request that the Court calendar a scheduling conference to establish binding case deadlines governing the remainder of Phase I discovery. In the alternative, if the Court determines that a scheduling conference is unnecessary, Janssen asks that the Court issue an order establishing the deadlines proposed in Janssen's letter dated October 2, 2023, which remain reasonable and appropriate now, or any other deadline the Court deems reasonable. *See* Defs.' Proposed Scheduling Order, ECF 410-1.

Either at the status conference or by order, Janssen also respectfully requests that the Court direct Relator to file her forthcoming motion challenging Janssen's invocation of the attorney-client privilege by January 19, 2024. During the parties' aforementioned meet and confer, Relator's counsel indicated that they are planning to file their motion by approximately mid-January. However, when asked by Janssen if they could commit to filing by January 19 or any other specific date, they said they could not do so. Given Relator's insistence that she

cannot take depositions while the motion is pending, she should file it promptly so that the case can proceed.

Dated:  January 5, 2024                                         Respectfully submitted,

                                                                */s/ Jason C. Raofield*
                                                                Jason C. Raofield (BBO No. 641744)
                                                                Ethan M. Posner (admitted pro hac vice)
                                                                Matthew F. Dunn (admitted pro hac vice)
                                                                Nicholas O. Pastan (admitted pro hac vice)
                                                                Covington & Burling LLP
                                                                One CityCenter
                                                                850 Tenth Street, NW
                                                                Washington, DC 20001
                                                                (202) 662-6000
                                                                jraofield@cov.com
                                                                eposner@cov.com
                                                                mdunn@cov.com
                                                                npastan@cov.com

                                                                *Attorneys for Defendant Janssen Biotech, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 5th day of January, 2024.

                                                   */s/ Jason C. Raofield*
                                                   Jason C. Raofield (BBO No. 641744)