UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA *et al.* *ex rel.* JULIE LONG,<br><br>           Plaintiffs,<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>           Defendant. | Civil Action No. 16-CV-12182-FDS |

**PLAINTIFF-RELATOR'S MOTION TO COMPEL FULL DISCLOSURE OF LEGAL ADVICE RECEIVED REGARDING THE LAWFULNESS OF PROVIDING THE INFUSION BUSINESS SUPPORT AND CONSULTATIVE SERVICES AT ISSUE**

Pursuant to Federal Rule of Civil Procedure 37(a), plaintiff-relator Julie Long respectfully moves for an order compelling defendant Janssen Biotech, Inc., to fully disclose the legal assessments its attorneys performed concerning whether providing the infusion business support and consultative services at issue was lawful and complied with the Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b, and the advice its attorneys provided on this subject before and/or while Janssen provided the infusion business support and consultative services to physicians. This request for an implied waiver of these privileged communications is necessary because, in defending against Relator's claim that it acted willfully in violating the AKS, Janssen is using the attorney-client privilege as both a sword and shield. Janssen is doing so by partially disclosing select legal advice it received as well as by asserting an affirmative defense that it had a good faith belief that its conduct was lawful while unfairly blocking Relator from examining the actual legal reviews and advice it received from its attorneys. Despite its representations,

Janssen is defending this action by relying on its counsel's advice and involvement in the alleged illegal conduct.

Alternatively, Relator requests that the Court preclude Janssen from using in the litigation the approvals from the Promotional Review Committee, which included an attorney, that signed off on Janssen's provision of the services at issue to physicians, and also strike Janssen's affirmative defense that it had a good faith belief in the lawfulness of its conduct.

For the reasons set forth in the accompanying Memorandum of Law in support of this motion, Plaintiff requests that this motion be granted.

### REQUEST FOR ORAL ARGUMENT

Plaintiff requests oral argument on this motion.

Dated:  January 24, 2024

Respectfully submitted,

/s/ Casey M. Preston
Casey M. Preston (admitted pro hac vice)
Gary L. Azorsky (admitted pro hac vice)
Jeanne A. Markey (admitted pro hac vice)
Adnan Toric (admitted pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
(267) 479-5700
cpreston@cohenmilstein.com
gazorsky@cohenmilstein.com
jmarkey@cohenmilstein.com
atoric@cohenmilstein.com

Theodore J. Leopold (admitted pro hac vice)
Leslie M. Kroeger (admitted pro hac vice)
Diana L. Martin (admitted pro hac vice)
Poorad Razavi (admitted pro hac vice)
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
(561) 515-1400
tleopold@cohenmilstein.com

> lkroeger@cohenmilstein.com
> dmartin@cohenmilstein.com
> prazavi@cohenmilstein.com
>
> Jonathan Shapiro (BBO No. 454220)
> SHAPIRO & TEITELBAUM LLP
> 55 Union Street, 4th Floor
> Boston, MA 02108
> (617) 742-5800
> jshapiro@jsmtlegal.com
>
> ***Counsel for Plaintiff-Relator Julie Long***

### Local Rules 7.1 And 37.1 Certification

In accordance with Local Rules 7.1(a)(2) and 37.1(a), counsel for plaintiff-relator Julie Long certify that they conferred with counsel for defendant Janssen Biotech, Inc., in a good faith effort to resolve or narrow the issues presented in this motion but were unable to do so.

> /s/ Casey M. Preston
> Casey M. Preston (admitted pro hac vice)

### Certificate of Service

I hereby certify on this 24th day of January, 2024, that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

> /s/ Casey M. Preston
> Casey M. Preston (admitted pro hac vice)