UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>     *Plaintiffs,*<br><br> v.<br><br>JANSSEN BIOTECH, INC.,<br><br>     *Defendant.* | Civil Action No. 16-CV-12182-FDS |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR STATUS CONFERENCE**

The parties are in agreement that a status conference is needed, and that Defendant Janssen Biotech Inc.'s Motion for Status Conference (ECF 424) should be granted.[1] Janssen requests that a conference be set as soon as the Court's schedule will permit in order to ensure the efficient conduct of this litigation.

Though Relator does not oppose Janssen's status conference request, Janssen submits this brief Reply in order to respond to Relator's incorrect assertion that "two additional issues have emerged" that will impact (and presumably lengthen) the case schedule. Opposition, ECF 425 at 2. Contrary to Relator's claim, neither issue identified is new, and neither justifies a lengthy discovery extension.

---

[1] Relator's objection to Janssen's Motion extends only to Janssen's request that the Court impose a deadline for Relator to file her motion challenging Janssen's assertion of attorney-client privilege. *See* ECF 425 at 5. Relator filed her motion regarding Janssen's privilege assertions on January 24. 2024 (ECF 426), mooting this portion of Janssen's Motion.

1

First, since December 2022, Relator has expressed her intention to re-raise her challenge previously rejected by this Court in April 2022, *see* ECF 303, that Janssen has waived attorney-client privilege in this matter. *See* ECF 349 at 14. In October 2023, Relator even filed a brief and proposed schedule in which she stated that she intended to file her motion challenging Janssen's assertion of privilege and still complete discovery by March 15, 2024. ECF 411 at 3. Nothing has prevented Relator from filing her motion and she cannot blame Janssen for her delay until January 24, 2024.

Second, Relator cannot credibly claim that the Court's September 2023 ruling in *United States v. Regeneron Pharm., Inc.*, Civ. No. 20-11217-FDS, 2023 WL 6296393 (D. Mass. Sep. 27, 2023), regarding the applicable standard for causation under the False Claims Act raises an unforeseeable discovery issue, as this issue was squarely addressed in the context of a discovery dispute in February 2023—eleven months ago. During a February 13, 2023 meet and confer about Relator's failure to disclose in her interrogatory responses a basis for her contention that Janssen caused Phase One Accounts to submit false claims, Janssen raised the issue that Relator appeared to be relying solely on her position that the FCA requires no causal link between an alleged Anti-Kickback Statute violation and the submission of a false claim. Following the meet and confer, Janssen sent Relator a letter on February 24, 2023 in which it asked Relator to confirm that "Relator takes the position that there does not need to be a causal link between Janssen's provision of an IOI support service and an account's claim for payment for the claim to be false." Feb. 24, 2023 Letter to C. Preston, Ex. A, at 5-6. Janssen further stated:

> Please also confirm that you do not intend to rely on any alternative theory of what constitutes a false claim in the event that the Court disagrees with your legal position that all claims submitted after a kickback are "false" and that the False Claims Act requires no causal link between an AKS violation and a false claim. If Relator refuses to disclose an alternate theory of causation and identify the

>  allegedly false claims under that theory, Defendant will seek to preclude her from relying on an alternative causation theory in the future.

*Id*.

Following this letter, Relator amended her interrogatory responses to confirm that she contends that all claims submitted to Medicare after provision of an alleged kickback were false. *See* Relator's March 17, 2023 Responses to Interrogatories 6-18, Ex. B at 18-20 (Response to Interrogatory No. 12).  Relator did not identify any alternative theory of causation.

Moreover, since the outset of this case Relator has had the ability to take discovery from the Phase One practices.  She has simply chosen not to.  In December 2020, Relator disclosed in her Rule 26 disclosures that she believes that "IOI Accounts and Prescribers of Remicade and Simponi ARIA" have relevant information, including on topics such as "false claims for reimbursement for Remicade and Simponi Aria."  Nonetheless, Janssen is unaware of any attempts by Relator to pursue any discovery of the Phase One practices, including in the four months since the Court's *Regeneron* decision.  Relator's strategic decision to forego discovery from such physicians is not a basis to prolong the fact discovery period now or in the future.

Neither of the two points identified by Relator justifies having an open-ended fact discovery schedule and they should not distract from the need to set a fact discovery deadline that will allow the parties to move expeditiously toward the resolution of this matter.  While Janssen thinks fact discovery could have been completed by April 2024, in an effort to be reasonable, Janssen submits that a fact discovery deadline in Fall of 2024 will allow ample time for Relator to complete any remaining discovery.  Any concern about potential impacts on expert discovery can be readily addressed by setting a status conference to take place shortly after the

fact discovery deadline (perhaps two weeks) in order to establish a process for continuing through summary judgment.

Dated:  January 26, 2024                         */s/ Jason C. Raofield*
                                                 Jason C. Raofield (BBO No. 641744)
                                                 Ethan M. Posner (admitted pro hac vice)
                                                 Matthew F. Dunn (admitted pro hac vice)
                                                 Nicholas O. Pastan (admitted pro hac vice)
                                                 Covington & Burling LLP
                                                 One CityCenter
                                                 850 Tenth Street, NW
                                                 Washington, DC 20001
                                                 (202) 662-6000
                                                 jraofield@cov.com
                                                 eposner@cov.com
                                                 mdunn@cov.com
                                                 npastan@cov.com

                                                 *Attorneys for Defendant Janssen Biotech, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify on this 26th day of January, 2024, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                            */s/ Jason C. Raofield*
                                            Jason C. Raofield (BBO No. 641744)