# EXHIBIT 1

## Exhibit 1

**Janssen's Unambiguous Representations Since the Court's April 2022 Order That It Is Not Relying on or Implying Anything About Privileged Legal Advice When Responding to Relator's Discovery Requests**

| | **30(b)(6) Deposition Written Responses** |
|---|---|
| Ex. 2 | **Mar. 23, 2023 Def. Janssen Biotech, Inc.'s Am. Written Resp. to Relator's Nov. 4, 2022 30(b)(6) Dep. Notice** <br><br> General Objections: "Janssen objects to each Topic set forth in the Notice to the extent that it calls for information protected from disclosure by the attorney-client privilege, the protection afforded work product, or any other applicable privilege or protection. As previously stated, Janssen has not asserted and does not intend to assert the advice of counsel defense. For avoidance of doubt, *by providing the requested factual information regarding the identities of the individuals who provided privileged legal advice, Janssen is not asserting the advice of counsel defense and has not waived any applicable privilege.*" (p. 1) <br><br> Response to Topics 4, 6, 7, 8: "*In answering this Topic, Janssen is not disclosing or intending to imply anything about what legal advice may or may not have been provided.* For avoidance of doubt, by providing the requested factual information regarding the identities of the individuals who provided privileged legal advice, Janssen is not asserting the advice of counsel defense and has not waived, and has no intention of waiving, any applicable privilege." (p. 26, 30, 37–38, 41) |
| | **Initial Disclosures** |
| Ex. 3 | **Mar. 23, 2023 Def. Janssen Biotech, Inc.'s Supp. Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)** <br><br> "Furthermore, for the avoidance of doubt, *though Janssen has identified two individuals who served in legal roles at the company in the above disclosure of individuals likely to have discoverable information, it does not list these individuals because it intends to rely on privileged legal advice they provided about the IOI Support Services.* Instead, as specified above, they are listed as potential fact witnesses regarding healthcare compliance policies and practices and disclosures of information to the government through previous investigations and litigation. As previously stated, Janssen has not asserted and does not intend to assert the advice of counsel defense." (p. 4–5) |
| | **Interrogatory Responses** |
| ECF No. 427-2 | **Mar. 23, 2023 Def. Janssen Biotech, Inc.'s Supp. Objs. & Resp. to Relator Julie Long's Interrog. Nos. 3, 5, 7, 8, 9, 15, 20 & 22** <br><br> Introduction: "Janssen has not asserted and does not intend to assert the advice of counsel defense. For avoidance of doubt, *by providing the requested factual information and the identities of the individuals who provided privileged legal advice, Janssen is not disclosing or intending to imply anything about what legal* |

| | |
|---|---|
| | *advice may or may not have been provided*, it is not asserting the advice of counsel defense and has not waived, and it has no intention of waiving, any applicable privilege. Janssen reserves the right to recall from discovery any inadvertently produced document that is protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity. If privileged documents are inadvertently produced, Janssen does not waive or intend to waive any privilege pertaining to such documents, or to any other information or documents." (ECF No. 427-2 at 2)<br><br>General Objections: "9. As previously stated, Janssen has not asserted and does not intend to assert the advice of counsel defense. For avoidance of doubt, *by providing the requested factual information and the identities of the individuals who provided privileged legal advice, Janssen is not disclosing or intending to imply anything about what legal advice may or may not have been provided*, it is not asserting the advice of counsel defense and has not waived, and it has no intention of waiving, any applicable privilege. Janssen reserves the right to recall from discovery any inadvertently produced document that is protected by the attorney-client privilege, the work product immunity, or any other applicable privilege or immunity. If privileged documents are inadvertently produced, Janssen does not waive or intend to waive any privilege pertaining to such documents, or to any other information or documents." (ECF No. 427-2 at 6)<br><br>Responses to Interrogatories 3, 8, 15, and 20: "As previously stated, Janssen has not asserted and does not intend to assert the advice of counsel defense. In answering Interrogatory No. [3, 8, 15, and 20], Janssen is not disclosing or intending to imply anything about what legal advice may or may not have been provided. For avoidance of doubt, *by providing the requested factual information and the identities of the individuals who provided privileged legal advice, Janssen is not disclosing or intending to imply anything about what legal advice may or may not have been provided*, it is not asserting the advice of counsel defense and has not waived, and it has no intention of waiving, any applicable privilege." (ECF No. 427-2 at 11, 25, 31, 37–38) |
| **Document Productions** ||
| Ex. 4 | **Oct. 12, 2023 Letter from N. Pastan to T. Leopold et al. re Janssen Productions**<br><br>"The production of materials in today's productions is not intended as a waiver of any form of privilege, and, as *Janssen has clearly and consistently maintained, it has no intention of waiving privilege in this case*." (p. 2) |
| **Depositions** ||
| Ex. 5 | **Dec. 8, 2023 Deposition of Christopher Zalesky**<br><br>"[Relator's Counsel]: I'm focusing more on roles rather than actual advice given for this line of questioning at the moment." (Zalesky Dep. at 125:1–3)<br><br>"[Janssen's Counsel]: I have to make a statement on the record at this point. Yeah, I think we've been very clear, including with filings to the Court, that *Janssen is not* |

|  | |
|---|---|
|  | waiving attorney-client privilege.  *We're not asserting advice of counsel. We're in a deposition where I can't control the questions that you choose to ask the witness.* And you're asking a lot of questions that get into areas -- and *I'm trying to draw the line at the appropriate point to protect privilege consistent with our determined effort not to waive privilege or assert an advice of counsel defense.  I'm not asking the questions.  I'm not choosing to bring any of this into issue.  You are.* But I'm doing my best to draw the line here to be consistent with all of that." (Zalesky Dep. at 128:23–129:16)<br><br>"[Janssen's Counsel]: Objection.  I don't -- I can't -- can't possibly imagine a way in which there's an answer to that question that doesn't come as a result of conversations with counsel.  So -- [Relator's Counsel]: So it -- sorry, sorry, finish your thing and -- [Janssen's Counsel]: No, if you want to -- if you want to try to change it, but as -- like I've said, we're not putting any of this into evidence ourselves.  *You're asking these questions. I can't stop you from asking questions but I have to draw the privilege line.  And it's gone on for so long*, but if you want to try to rephrase it." (Zalesky Dep. at 207:22–208:12) |
| Ex. 6 | **Dec. 19, 2023 Deposition of Janice Babia-Ramos**<br><br>"[Janssen's Counsel]: Yes.  *Like we said, you guys are asking questions.  We are not putting a legal PRC review at issue.  We are not waiving privilege.  We have made this very clear.  And we have consistently objected to this through all the depositions.*" (Babia-Ramos Dep. at 188:18-25)<br><br>"[Janssen's Counsel]: First, I just want to make it clear.  *We are not waiving privilege.  I can't control what questions you ask about this, obviously, Casey, but we have made it very, very clear throughout the entire process we are not waiving privilege.*  If the witness can answer that without revealing any communications with counsel or any advice of counsel, she can answer whether a discussion was had, but I would limit it to that if she recalls." (Babia-Ramos Dep. at 211:22–212:9) |
| Ex. 7 | **Dec. 15, 2023 Deposition of Thomas Cornely**<br><br>"[Janssen's Counsel]: Hold on one second.  So I think that you can answer that one still, but we, again, are getting very close to the line.  *And I want to emphasize that we are not asserting advice of counsel.  We are not relying on advice of counsel.  You understand our position.  We're not asking the questions, you are.  We're not putting anything into evidence.*  I'm just drawing the line now about what's an appropriate question to protect privilege versus what you're entitled to ask.  And with all of that said, I think that that is still a question that would be consistent with something that would appear on a privileged log.  And, on that basis, I will allow the witness to answer, yes or no." (Cornely Dep. at 109:9–110:5)<br><br>"[Relator's Counsel]: I don't want to know what the point of view was.  I just want to know in those circumstances where you would reach out to legal to question whether a program or service was HCC compliant, did you always follow the point of view provided to you by counsel?" (Cornely Dep. at 126:12–18) |

|  |  |
|---|---|
|  | "[Janssen's Counsel]: *As I have said many times, we are not putting in any of this. You keep asking all these questions. That's your choice to ask what you want. We are not putting in anything relating to reliance on counsel.*" (Cornely Dep. at 221:7–13) |
| Ex. 8 | **Nov. 28, 2023 Deposition of Thao Marzullo**<br><br>"[Relator's Counsel]: Again, Ms. Marzullo, we're not asking – we don't want you to disclose any information that your counsel asserts is privileged. We're – we're simply seeking what was the process for reviewing these strategies and the lawfulness of these strategies." (Marzullo Dep. at 156:8–13)<br><br>"[Janssen's Counsel]: So, Casey, I'm going to let the -- the witness go ahead and answer, and we're going to just take it one question at a time. *As you know, we're not waiving privilege. I know you're not trying to get into privileged areas. I think the question you asked is yes or no and would only disclose information that would be disclosed on a privilege log.* So on that basis, I'll allow the witness to answer." (Marzullo Dep. at 157:23–158:8)<br><br>"[Relator's Counsel]: I guess we're not looking for any information that wouldn't be on a privilege log." (Marzullo Dep. at 160:25–161:1) |

4