UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, et al., )<br>*ex rel.* JULIE LONG,                    )<br>                                                          )<br>           Plaintiffs,                              )<br>                                                          )     Civil Action No.<br>           v.                                         )     16-12182-FDS<br>                                                          )<br>JANSSEN BIOTECH, INC.,                  )<br>                                                          )<br>           Defendant.                             )<br>                                                          ) | |

ORDER CONCERNING MOTION TO COMPEL
RELATOR'S AMENDMENT OF INTERROGATORY RESPONSES

**SAYLOR, C.J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free services to physicians in order to induce them to prescribe its medications. Relator Julie Long has sued defendant Janssen Biotech, Inc., a company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases.

Janssen has moved to compel the relator to amend certain of her interrogatory answers, asserting that those answers contradict representations made to the Court. Specifically, defendant requested in Interrogatory No. 2 that the relator

> Identify all services provided by You or Defendant and any Physicians or Physician Practices that You allege violate the AKS or FCA, including but not limited to any meetings, presentations, communications, or other interactions between You or Defendant and any Physicians or Physician Practices.

(Pl. Resp. to Interrog. 2, ECF No. 399-1 at 7). In her response, the relator identified a number of "presentations and programs" that were given by Area Business Specialists ("ABSs") and outside consultants, which she alleges were a component of the services constituting illegal

kickbacks offered by Janssen. (*Id.* at 11). Janssen contends, however, that the relator has represented to the Court that at least some of the slideshow presentations identified in that interrogatory response were irrelevant to this action because they did not constitute an unlawful kickback. (Def. Mem. at 1). That apparent inconsistency, Janssen submits, can only be resolved through the relator amending her response to Interrogatory No. 2.

The relator responds that there is no inconsistency to resolve. She contends that the interrogatory response does not identify the slideshow presentations themselves as violating the Anti-Kickback Statute and the False Claims Act. Rather, it was the provision of those "live consultative services and support" by ABSs and outside consultants without charge that constituted unlawful remuneration and kickbacks.

The Court is persuaded that there is no material inconsistency requiring the amendment of the interrogatory response. The interrogatory response clearly identifies a range of services that relator alleges Janssen unlawfully provided to selected practices, including "consultive meetings," also called "programs and presentations," which may have included the use of the identified slideshow presentations "as visual aids." (Pl. Resp. to Interrog. 2 at 7-11). The relator did not assert that the slideshow presentations themselves constituted unlawful remuneration or kickbacks, but that Janssen provided free services that made use of those presentations.

Accordingly, because the Court finds that there is no inconsistency between the relator's interrogatory responses and her representations to the Court, the motion is DENIED.

**So Ordered.**

Dated: February 16, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court