# EXHIBIT 18

| | |
|---|---|
| Subject: | RE: Janssen |
| Date: | 1/2/2024 3:33 PM |
| From: | "Casey M. Preston" <cpreston@cohenmilstein.com> |
| To: | "Pastan, Nicholas" <NPastan@cov.com>, "Posner, Ethan" <eposner@cov.com>, "Raofield, Jason" <jraofield@cov.com>, "Dunn, Matthew" <mdunn@cov.com> |
| Cc: | "Theodore Leopold" <tleopold@cohenmilstein.com>, "Gary Azorsky" <gazorsky@cohenmilstein.com>, "Leslie Mitchell Kroeger" <LKroeger@cohenmilstein.com>, "Diana L. Martin" <DMartin@cohenmilstein.com>, "Poorad Razavi" <prazavi@cohenmilstein.com>, "Adnan Toric" <atoric@cohenmilstein.com>, "Denig, Christopher" <cdenig@cov.com> |

Nick, again, it has become clear, despite your dissembling, that the PRC approvals that Janssen has partially disclosed and claims to have relied upon were legal advice. And it has also become clear that Janssen is not merely denying Plaintiff's claim that it acted knowingly and willfully; Janssen elected to place in issue legal advice it received as well as its purported "good faith belief" that providing the remuneration at issue to physicians was lawful and compliant with the AKS, which was at least partially based on legal advice. Consequently, discovery of Janssen's knowledge of the wrongfulness of its conduct, including any legal advice it received, is essential to the disposition of Janssen's defenses as well as Plaintiff's claims. A motion is necessary to prevent further prejudice Janssen has caused and enable Plaintiff to overcome Janssen's abuse of the attorney-client privilege to uncover the truth about the actual legal reviews conducted and actual advice Janssen received regarding the legality/illegality of providing the remuneration to physicians. Plaintiff's coming motion will not "stay the case indefinitely" – that's hyperbole. In fact, it would be highly inefficient, and indeed counterproductive, to continue taking witness depositions before the waiver issue is decided when one of the main areas of questioning will be the legal advice Janssen received and its related knowledge concerning the legality/illegality of providing the remuneration. Addressing the waiver dispute now, should in fact shorten the length of the discovery period and make it more efficient, as it allows the most knowledgeable witnesses to be deposed and also avoids creating a situation where numerous witnesses would need to be deposed multiple times.

We are available after 1:30 on Friday (Jan. 5) to further discuss the waiver issue, the motion we are preparing (and Janssen's position, which it has already made known), and how it doesn't make sense to proceed with additional witness depositions until the motion has been decided. We will also be prepared to discuss another request for a status conference.

Thanks,
Casey

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Thursday, December 28, 2023 11:15 AM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin

<DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; Denig, Christopher <cdenig@cov.com>
**Subject:** [EXTERNAL] RE: Janssen

Counsel,

Janssen's position on privilege has been consistent throughout this litigation.  We have repeatedly and consistently explained that we are not asserting a reliance on advice of counsel defense and are not waiving privilege.  Given the absence of a discovery cutoff, your decision to pull down all of the scheduled depositions pending a forthcoming motion to challenge our assertions of privilege has effectively stayed the case indefinitely.

As a basis for halting all depositions, you blame Janssen's document productions and the testimony provided in recent depositions.  But your email provides no specific support for your position that Janssen's recent document productions or recent witness testimony has resulted in a waiver of attorney-client or work product privilege.  It has not.

With respect to witness testimony, you state that Janssen has selectively allowed testimony about legal review of the at-issue programs.  As we have repeatedly stated during the depositions of Ms. Marzullo, Mr. Zalesky, Mr. Cornely, and Ms. Babia-Ramos, Janssen has not put the advice of its counsel at issue.  Relator—not Janssen—has decided to repeatedly ask about the role of lawyers in the review of the programs, but this questioning has not resulted in a privilege waiver.

Absent a resolution, Janssen reserves its right to file a motion seeking an immediate status conference and case schedule to address Relator's indefinite delay of discovery.  Please provide times on or before Friday, January 5 for a meet and confer on this issue.

Best,
Nick

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Friday, December 22, 2023 1:31 PM
**To:** Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>
**Subject:** Janssen

**[EXTERNAL]**
Counsel, from Janssen's document production and the recent depositions of its employees, it has become clear that Janssen is selectively disclosing documents and allowing testimony in an effort to create the appearance that its legal counsel reviewed the services/programs that are the alleged illegal remuneration for compliance with the law, including the Anti-Kickback Statute, and subsequently approved the provision of the services/programs to physician practices. At the same time, Janssen is improperly claiming privilege to block Plaintiff from discovering the actual legal advice it sought and

obtained. Additionally, Janssen's contention that it is not asserting a reliance upon counsel defense is false and misleading; its reliance upon the promotional review committee approvals are the equivalent of a reliance upon counsel defense.

Because Janssen's knowledge regarding the wrongfulness of its conduct—an element of Plaintiff's AKS claim as well as an issue Janssen itself has raised through its good faith belief defense—is one of the principal issues and disputes in the case, we believe that Janssen's misuse of the privilege must be addressed before proceeding with the Conley, Heckmann, Knepp, Walls, and Wickmann depositions. Going forward with those depositions while Janssen is blocking the witnesses from providing critical testimony concerning their communications with legal counsel concerning the illegality or legality of the services/programs would be both prejudicial and inefficient. Accordingly, as a result of Janssen's actions, we are forced to postpone those depositions until after the Court decides an upcoming motion regarding Janssen's misuse of the attorney-client privilege, which we will be filing shortly. Also, while it is Plaintiff's wish to complete this initial discovery phase as soon as practicable, in light of the need to resolve the privilege issue before resuming depositions, we no longer believe that this discovery phase can be completed by the end of April. We will be in touch about scheduling a meet and confer in early January before we file the motion.

In the meantime, we wish you all a happy holidays.

Casey

**Casey M. Preston**
Of Counsel



**Cohen Milstein Sellers & Toll PLLC**

Two Logan Square 100-120 N. 18th Street  | Suite 1820
Philadelphia, PA 19103

phone 267.479.5700  | direct 267.479.5704
fax 267.479.5701  | mobile 484.844.0332

website  | map

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*