UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THE UNITED STATES OF AMERICA, et al., *ex rel.* JULIE LONG,  Plaintiffs,  v.  JANSSEN BIOTECH, INC.,  Defendant. | Civil Action No. 16-12182-FDS |

## ORDER ON RELATOR'S SECOND MOTION TO COMPEL DISCLOSURE OF LEGAL OPINIONS

**SAYLOR, C.J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free services to physicians in order to induce them to prescribe its medications. Relator Julie Long has sued defendant Janssen Biotech, Inc., a company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases.

Defendant has asserted an affirmative defense that its actions were taken in good faith, and thus did not "willfully" violate the law. As part of that defense, it has produced information concerning its internal "Promotional Review Committee" ("PRC"), which reviewed the company's promotional materials before distribution. The PRC comprises employees from different disciplines within the company, including attorneys from the legal department.

In January 2022, relator moved to compel the disclosure of any legal advice obtained by the PRC related to the services provided to physicians. The Court denied that motion on the ground that defendant's mere disclosure of the PRC documents, without more, did not

necessarily amount to either an express or implied waiver of attorney-client privilege. (ECF No. 303). The Court explicitly noted that it was making a discovery ruling only, and that defendant had not asserted that the PRC attorney's review of the marketing plan implied that the attorney had approved it. (*Id.* at 4). Were it to do so, "then privileged communications will have been placed at issue and a finding of waiver is likely warranted." (*Id.*).

Relator now contends that defendant has in fact implied that the PRC process involved approval by counsel, and has thus placed the communications at issue. She therefore seeks an order that either (1) compels the disclosure of the attorney communications with the PRC or (2) prohibits defendant from using the PRC approvals as evidence in this action, and strikes defendant's affirmative defense that it had a good-faith belief in the lawfulness of its conduct.

I.      **Legal Standard**

As the Court explained, the attorney-client privilege can be waived either through an express or implied waiver. An express waiver occurs through a "deliberate disclosure of a privileged communication, where no privilege protects this further disclosure . . . ." *United States v. Rakes*, 136 F.3d 1, 5 (1st Cir. 1998). An implied waiver results when "the party asserting the privilege place[s] protected information in issue for personal benefit through some affirmative act, and the court [finds] that to allow the privilege to protect against disclosure of that information would [be] unfair to the opposing party." *In re Keeper of Recs. (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24 (1st Cir. 2003) (internal quotation marks omitted). Implying a waiver of attorney-client privilege is often necessary when a defendant asserts a defense based on advice of counsel, because the lawyer's advice has been placed squarely at issue. *Id.* Maintaining the privilege in that context would permit a defendant to "selectively disclose fragments unhelpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *Id.* That said, "not every passing reference to

counsel . . . will trigger a waiver of the privilege." *United States v. Gorski*, 36 F. Supp. 3d 256, 268 (D. Mass. 2014); *see also United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989) ("An averment that lawyers have looked into a matter does not imply an intent to reveal the substance of the lawyers' advice.").

**II.     Analysis**

Relator does not assert that there has been an express waiver of attorney-client privilege. Instead, she alleges that defendant has (1) impliedly waived the privilege by selectively disclosing information indicating that PRC attorneys both reviewed and approved the marketing scheme at issue, and (2) by seemingly asserting an affirmative defense that it had a good-faith belief that its services were lawful.  (Reply at 1).

As an initial matter, the Court has already considered most of the evidence relator submits in support of her motion.  For example, in connection with the earlier motion, the Court considered both the PRC policy document (which disclosed its existence, membership, and basic function) and several approval forms signed by PRC attorneys.  (*See* ECF Nos. 264-4, 264-6, and 264-7).[1]  There are, however, two new forms of evidence before the Court.

First, relator points to deposition testimony of four current or former Janssen employees (Thomas Cornely, Christopher Zalesky, Thao Marullo, and Janice Biba-Ramos).  (Pl. Exs. 6, 7, 16, 17).  None of their submitted testimony, however, appears to go beyond the essential facts that were previously disclosed.  Although some witnesses acknowledged that the PRC process would involve a legal representative's approval, that alone does not amount to an implied waiver.

Second, relator points to defendant's supplemental response to Interrogatory No. 20,

---

[1] Relator also points to defendant's supplemental response to Interrogatory No. 3, which essentially repeats the contents of the PRC policy documents.  (*See* Pl. Ex. 1).  Although that interrogatory response had not been submitted before the Court's prior order, it is also not truly new evidence that would support an implied waiver.

which states that defendant had an "objectively reasonable" good-faith belief that its provision of services did not violate the AKS or FCA. (Pl. Ex. 2 at 37).[2] That response does not assert that the basis for that objective belief was any communication received through the PRC attorneys, or any legal opinions obtained through the PRC process.

As to the first assertion, and as the Court previously explained, defendant's disclosure of the procedural measures it took to comply with the law, without more, does not constitute a waiver of the privilege. *Bacchi v. Massachusetts Mut. Life Ins.*, 110 F. Supp. 3d 270, 278 (D. Mass. 2015); *see also Banco Do Brasil v. 275 Washington St. Corp.*, 2011 WL 3208027, at *3-4 (D. Mass. July 27, 2011) (holding that affidavit of attorney discussing bank's efforts to obtain regulatory approval for new branch did not implicate privileged materials because bank did not assert that it relied on regulator's or attorney's statements, but offered such efforts as evidence of its good faith in abiding by contract terms with realty company).

As to relator's second assertion, defendant has represented that it "is not, and has no intention of ever: (1) asserting an advice of counsel defense; (2) disclosing any privileged legal advice; (3) relying on any privileged legal advice; (4) asserting or implying that its attorneys determined the programs were legal; or (5) asserting a defense based on its subjective good faith belief that the [marketing] programs were legal." (Def. Opp'n at 7). For present purposes, the Court will credit those representations. Nonetheless, some clarification may be in order.

As noted, the Court's earlier order was limited, and addressed the relatively narrow question of whether the mere *production* of the PRC documents in discovery constituted an implied waiver of the attorney-client privilege. The production of additional information

---

[2] Defendant notes that this supplemental response essentially accords with its original response, which was submitted in March 2022, before the Court's order in April 2022. While that may be true, the original response was not before the Court in deciding the previous motion. (*See* ECF No. 264).

concerning the PRC does not change that conclusion, although perhaps it edges the calculus somewhat closer to a finding of implied waiver.

The *use* of the PRC documents, however, is a different question, which the Court does not now decide. It is certainly arguable, for example, that offering documents in evidence at trial that show that (1) the PRC approved the program, and (2) the PRC included lawyers, would have the practical effect of suggesting to the jury that lawyers had approved the programs. That, in turn, might constitute an implied waiver, requiring the production of otherwise-privileged information. The Court will address that issue when and if it arises.

### III.   Conclusion

Accordingly, the motion to compel disclosure of legal opinions is DENIED without prejudice. Defendant's motion for a hearing on the motion is DENIED as moot.

**So Ordered.**

Dated:  February 29, 2024

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
Chief Judge, United States District Court