## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br><br>**THE UNITED STATES OF AMERICA, et al.,** )<br>*ex rel.* **JULIE LONG,** )<br> )<br>**Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**JANSSEN BIOTECH, INC.,** )<br> )<br>**Defendant.** )<br>_____) | **Civil Action No.**<br>**16-12182-FDS** |

## <u>ORDER ON PRETRIAL SCHEDULE</u>

SAYLOR, C.J.

This order sets a tentative schedule addressing the completion of fact discovery, disclosure of expert reports, and taking of expert depositions.  The parties have proposed differing schedules for those events, which the Court has reviewed and carefully considered.

The principal complicating factor in setting such a schedule is the uncertainty surrounding the relevant causation standard.  In November and December 2023, the U.S. Court of Appeals for the First Circuit accepted interlocutory appeals from two rulings of judges in this district setting forth different standards for causation in claims arising under the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, and the False Claims Act, 31 U.S.C. § 3729(a), *et seq*.  *See United States v. Teva Pharms. USA, Inc*., No. 20-11548-NMG (D. Mass. Aug. 14, 2023), *interlocutory appeal docketed*, No. 23-8028 (1st Cir. Nov. 17, 2023); *United States v. Regeneron Pharms., Inc*., No. 20-11217-FDS (D. Mass. Sept. 27, 2023), *interlocutory appeal docketed*, No. 23-8036 (1st Cir. Dec. 11, 2023).  What discovery is appropriate is likely to be greatly affected by the result of those appeals.

Rather than wait for a ruling from the Court of Appeals, which will likely take a substantial amount of time, the Court is issuing a tentative schedule that will permit discovery and motion practice to proceed on other topics until that question has been resolved.  In the event the Court of Appeals renders a decision resolving that dispute, the Court will revisit the schedule.

Accordingly, pending further order of the Court, the following schedule is ordered:

Completion of Phase One fact discovery (that is, fact discovery concerning the region for which relator was responsible and as to which she has direct personal knowledge), other than third-party causation discovery, shall be completed by September 30, 2024.

If relator intends to call any trial experts whose testimony does not depend on the resolution of the causation standard issue, relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) by October 28, 2024.

Any such experts disclosed by relator shall be deposed by November 25, 2024.

If defendant intends to call any trial experts in response to such experts, defendant shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) by December 13, 2024.

Any such experts disclosed by defendant shall be deposed by January 17, 2024.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  May 14, 2024                                    Chief Judge, United States District Court