# EXHIBIT B

| | |
|---|---|
| From: | DiCiurcio, Alison |
| To: | "atoric@cohenmilstein.com"; "tleopold@cohenmilstein.com"; "cpreston@cohenmilstein.com"; "LKroeger@cohenmilstein.com"; "DMartin@cohenmilstein.com"; "prazavi@cohenmilstein.com" |
| Cc: | Raofield, Jason; Dunn, Matthew; Pastan, Nicholas |
| Bcc: | Denig, Christopher; Markano, Bradley |
| Subject: | RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer |
| Date: | Tuesday, July 16, 2024 4:06:18 PM |
| Attachments: | image001.png<br>image002.png |

Adnan,

We finished reviewing entries which you had flagged for including a third party. We will downgrade and produce (in full or in part) the documents underlying 39 of these entries. The list is at the end of this email.

We plan to produce all documents that we have agreed to downgrade as soon as possible next week. We will also provide you with a revised privilege log that reflects these changes and includes revised descriptions for certain entries at that time.

We do not understand why you have decided to burden the court with yet another privilege motion when we have been willing to address your concerns through the meet and confer process, but of course we cannot stop you from filing whatever you see fit. We plan to oppose your motion.

<u>Third Party Downgrades</u>:

JANSSENBIO-PL_2-0000049
JANSSENBIO-PL_2-0000050
JANSSENBIO-PL_2-0000051
JANSSENBIO-PL_2-0000073
JANSSENBIO-PL_2-0000184
JANSSENBIO-PL_2-0000185
JANSSENBIO-PL_2-0001401
JANSSENBIO-PL_2-0001402
JANSSENBIO-PL_2-0001503
JANSSENBIO-PL_2-0001704
JANSSENBIO-PL_2-0001705
JANSSENBIO-PL_2-0001706
JANSSENBIO-PL_2-0001707
JANSSENBIO-PL_2-0001714
JANSSENBIO-PL_2-0001717
JANSSENBIO-PL_2-0001843
JANSSENBIO-PL_2-0001844
JANSSENBIO-PL_2-0001845
JANSSENBIO-PL_2-0001846
JANSSENBIO-PL_2-0001847
JANSSENBIO-PL_2-0001848
JANSSENBIO-PL_2-0002899

JANSSENBIO-PL_2-0000133
JANSSENBIO-PL_2-0000481
JANSSENBIO-PL_2-0000485
JANSSENBIO-PL_2-0001502
JANSSENBIO-PL_2-0003099
JANSSENBIO-PL_2-0003100
JANSSENBIO-PL_2-0003101
JANSSENBIO-PL_2-0003102
JANSSENBIO-PL_2-0003103
JANSSENBIO-PL_2-0003104
JANSSENBIO-PL_2-0003105
JANSSENBIO-PL_2-0003106
JANSSENBIO-PL_2-0003107
JANSSENBIO-PL_2-0003108
JANSSENBIO-021-00007403
JANSSENBIO-021-00001603
JANSSENBIO-064-00000169

Best,
Alison


### Alison DiCiurcio

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5353 | adiciurcio@cov.com
www.cov.com

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Monday, July 15, 2024 5:49 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]
Counsel,

2

We write to follow up on your letter dated July 3, 2024. First, please tell us by what date we can expect (1) the 50 additional documents Janssen has agreed to produce after its review of the related challenged entries and (2) an updated log identifying the specific name of the privilege actor/who sought legal advice and who provided legal advice. Second, your letter stated that, by the end of the last week, you would provide us with a list of documents from the category of third-party communications that you will produce from the deficiency list we previously provided. We have not received any such list. This has caused us to delay filing our motion for in camera review and we would like to move forward with our motion due to Janssen's inconsistent assertions of privilege. In our continued effort to narrow the issues for the Court, we ask that you provide us with the list of documents/entries related to third-party communications that Janssen intends to produce by the end of **tomorrow, July 16**. Irrespective of what will and will not be provided to us, we will be filing our motion for in camera review on Wednesday.

Thank you,

Adnan

---

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Wednesday, July 3, 2024 11:21 AM
**To:** Adnan Toric <atoric@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

Counsel,

Please see the attached letter.  I hope you all have a nice Fourth of July.

Thanks.

Matt

---

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Wednesday, June 26, 2024 4:49 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]

Matt,

3

Apologies for any confusion, the row number listed corresponds with the row on Janssen's privilege log dated May 13, 2024. For example, if the row number listed is #2, you would refer to row 2 on Janssen's excel spreadsheet privilege log which lists JANSSENBIO-021-00004368. Let me know if that explanation does not make sense or you require further clarification.

Best,

Adnan

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Wednesday, June 26, 2024 4:20 PM
**To:** Adnan Toric <atoric@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

Adnan -- Confirming receipt and posing a question.  Your spreadsheet lists "row numbers," but no bates numbers or privilege log numbers.  What specific document does your Excel sheet correspond to?

Thanks.

Matt

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Wednesday, June 26, 2024 3:03 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]
Matt and Nick,

I am writing to follow up on our meet and confer. Our understanding of the result of the meet and confer as to each issue is as follows:

**1. Absence of Attorney Participants**: After reviewing the examples we provided, Janssen has agreed to produce or remove redactions on the following documents because Janssen has determined that the withheld communications are not privileged: JANSSENBIO-021-00004366 (partially unredacted);

4

JANSSENBIO-021-00005818 (entirely unredacted); JANSSENBIO-021-00005554; JANSSENBIO-PL_2-0000113; JANSSENBIO-PL_2-0000114. However, Janssen has reaffirmed its assertion that JANSSENBIO-021-00005555 is appropriately being withheld as subject to the attorney-client privilege. **Janssen will provide a proposal on how to rectify other entries that list no attorney involvement and fail to identify the attorney who provided the legal advice and/or from whom legal advice was being sought.**

**2. Mass Communications:** Janssen indicated that it disagrees with our position that dozens (or even hundreds) of participants listed in the "All Participants" column is a strong indication that the privilege does not apply to those withheld documents. Janssen has refused to produce any of the examples in this category. Janssen indicated that the "All Participants" column is often inaccurate and includes email addresses that your review, in anticipation of our meet and confer, did not find were in fact part of the underlying communication. Obviously, this makes it impossible for us to assess the appropriateness of the privilege assertions. **Please provide Janssen's proposal on how to address this issue so Relator can assess whether these documents are in fact privileged.** Relator maintains her position that disclosure of a communication to a large number of recipients is an indication that the communication does not constitute privileged information.

**3. Undisclosed Recipients:** Janssen has agreed to provide a written explanation as to why in some entries "undisclosed recipients" and "Janssen end users" are listed as participants in the communications. What's more Janssen must confirm that each entry accurately identifies all persons who participated in the communication as well as the attorney who provided the legal advice and/or from whom legal advice was being sought.

**4. Involvement of Third Parties**: You asked us to provide our position on whether the dissemination of legal advice to persons whom Janssen contracted to perform a task (such as Xcenda or Thomas J Paul) constitutes a waiver of the privilege. Our position is that it is impossible for us to assess such a proposition given that we do not know the circumstances surrounding the particular communications and relationships. **Please explain your basis for asserting each communication that was shared with a third party is protected by the attorney-client privilege and that the privilege was not waived by sharing it with the third party**. Furthermore, some of the examples we listed in this category are affected by the "All Participants" issue mentioned above. Relator cannot assess the validity of the privilege assertions for this category for those same reasons. Janssen has disagreed to produce any of the examples listed in this category.

**5. Legal Capacity:** Janssen contends that there are no entries where the communication from the attorney contained business information as distinguished from legal advice.

**6. Grouped Attachments:** Janssen has indicated that it would like to avoid updating all entries noted as attachments to other entries that entirely lack a description; we are open to alternative proposals if those proposals will satisfy Janssen's burden to provide Relator with adequate information to assess the privilege claim as to each withheld attachment. Furthermore, Janssen has agreed to produce the attachment entries to JANSSENBIO-PL_2-00001318 (5 attachments with no description); Janssen has reaffirmed its assertion of the application of the privilege to JANSSENBIO-PL_2-0000283 – JANSSENBIO-PL_2-0000285 and JANSSENBIO-PL_2-0000627 – JANSSENBIO-PL_2-

0000631.

We have attached a more extensive list of deficient log entries (roughly 900 of approximately 4300 entries) to aid in your review and updating of Janssen's log. **By July 2, please provide us dates** by which you will provide: (1) an updated log that addresses some or all the deficiencies we discussed on the call and confirm which, if any, issues you refuse to address so we can narrow the issues raised in our motion for *in-camera* review; (2) the withheld documents Janssen identified as non-privileged on our call; (3) Janssen's explanations regarding "undisclosed recipients" and "Janssen end users" and how Janssen proposes to rectify the issue; and (4) Janssen's proposal as to the issue of grouped attachments and the "All Participants" field, either by updating each entry or some alternative resolution. As to the forthcoming production of documents, please also provide us with a written explanation as to why these documents were initially redacted or entirely withheld under the attorney-client privilege.

Finally, the haphazard and inconsistent manner in which Janssen has asserted the privilege in this action raises significant concerns that it is withholding other documents and information under a false claim of privilege. These concerns have been further heightened by the numerous clawbacks, privilege log deficiencies, and the documents Janssen has acknowledged are not privileged only after we raised concerns about individual entries and clawbacks confirm our belief that an in camera review is warranted and necessary. Accordingly, we are going to proceed with requesting an in camera review by the Court and/or a special master. However, with the goal of narrowing the issues that we must ask the Court to address, we will wait until **the week of July 8** to file the motion so as to provide Janssen an opportunity to appropriately resolve some or all of the privilege log deficiencies before we file the motion requesting an in camera review.

Thank you,

Adnan

---

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Friday, June 21, 2024 12:46 PM
**To:** Adnan Toric <atoric@cohenmilstein.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

Thanks, Adnan.  Talk then.  Have a good weekend.

Nick

---

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Friday, June 21, 2024 12:07 PM

6

**To:** Pastan, Nicholas <NPastan@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]

Nick,

Thank you for providing multiple dates and times. Let's plan to speak from 11-12 on Tuesday, June 25. Below is the call-in information:

Dial-in: +1 312 626 6799
Conference ID: 947 920 5856

Thanks, and enjoy your weekend.

Adnan

---

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Thursday, June 20, 2024 2:12 PM
**To:** Adnan Toric <atoric@cohenmilstein.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

Adnan,

We are available to meet and confer on these issues between 1-2 on Monday, or between 11-12 or 3-4 on Tuesday.

Thanks,
Nick

---

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Wednesday, June 19, 2024 9:00 AM
**To:** Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

<mark>[EXTERNAL]</mark>

Matt,

Below are examples of documents/privilege log entries for each issue we identified. These examples should help guide a meaningful meet and confer on the rest of the documents/entries that are impacted by the same issues. Now that we have given you examples, please provide us with **multiple dates and times this week and early next** that you are available to meet and confer on these issues.

1.      **Absence of Attorney Participants**: Many documents on the privilege log do not list any attorney as a participant in the communication. Without the involvement of legal counsel, it is unclear how these communications could be protected by the attorney-client privilege.

**Examples**: JANSSENBIO-021-00004366; JANSSENBIO-021-00005555; JANSSENBIO-021-00005818; JANSSENBIO-021-00005554; JANSSENBIO-PL_2-0000113; JANSSENBIO-PL_2-0000114

2.      **Mass Communications**: Some entries indicate that email communications included dozens or even hundreds of participants. The inclusion of such a large number of individuals suggests that there was no effort or intent to maintain the confidentiality required for the communication to be privileged.

**Examples**: JANSSENBIO-PL_2-0000002 – JANSSENBIO-PL_2-0000016 (over 20 participants); JANSSENBIO-PL_2-0000088 – JANSSENBIO-PL_2-0000092 (over 50 participants); JANSSENBIO-PL_2-0001520 –JANSSENBIO-PL_2-0001533 (over 50 participants); JANSSENBIO-PL_2-0000281 (over 350 participants)

3.      **Undisclosed Recipients**: The log lists several email communications sent to "undisclosed recipients." This lack of transparency prevents us from assessing whether these communications were in fact confidential and protected.

**Examples:** JANSSENBIO-PL_2-0000270 – JANSSENBIO-PL_2-0000273; JANSSENBIO-064-00004962

4.      **Involvement of Third Parties**: Many communications involve third-party participants. As you know, sharing information that is attorney-client privileged with third parties usually results in a waiver of the privilege and/or show that the communication was not intended to be confidential.

**Examples:** JANSSENBIO-021-00005555 (donna.gilbert@xcenda.com; jkpaul@thomasjpaul.com); JANSSENBIO-PL_2-0000272 (sidleynews@sidley.com); JANSSENBIO-PL_2-0000281 (edwin_hemwall@merck.com); JANSSENBIO-064-00010697 (lance.lucas@precisionformedicine.com); JANSSENBIO-PL_2-0003819 (diana.hampton@accredohealth.com; mike.scott@proherant.com)

5.      **Legal Capacity**: The entries fail to demonstrate that identified lawyers were acting in their legal capacity rather than a general business capacity. If lawyers were acting outside of their legal

8

capacity, those entries are not privileged.

We cannot provide examples because of the nature of the issue.

6.     **Grouped Attachments**: Most entries include no description for the attachments to purportedly privileged communications, without a description for the attachments, it is impossible for us to discern whether the attachments are privileged.

**Examples:** JANSSENBIO-PL_2-0000283 – JANSSENBIO-PL_2-0000285 (2 attachments with no description); JANSSENBIO-PL_2-0000627 – JANSSENBIO-PL_2-0000631 (4 attachments with no description); JANSSENBIO-PL_2-0001318 – JANSSENBIO-PL_2-0001318 (5 attachments with no description)

Thank you and enjoy the Juneteenth holiday.

Adnan

---

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Tuesday, June 18, 2024 11:12 AM
**To:** Adnan Toric <atoric@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

Adnan,

You have had a privilege log containing over 4,000 entries since October 12, 2023. Now, eight months later, you are demanding that we meet and confer this week on a motion you intend to file challenging undisclosed entries based on general categories.

Please send us the list of documents you are challenging within each category so we can meaningfully assess your position and meet and confer. Needless to say, a meet and confer about general legal positions you lay out below will not be productive.

Thanks.

Matt

---

**From:** Adnan Toric <atoric@cohenmilstein.com>
**Sent:** Friday, June 14, 2024 3:45 PM
**To:** Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>

**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]
Counsel,

We write to inform you of our intention to file a motion requesting the Court to conduct an *in-camera* review of documents listed on Janssen's privilege log dated May 13, 2024. Our review of the lengthy log raises significant concerns regarding the applicability of the attorney-client privilege to many of the listed documents.

Our specific objections are as follows:

1. **Absence of Attorney Participants**: Many documents on the privilege log do not list any attorney as a participant in the communication. Without the involvement of legal counsel, it is unclear how these communications could be protected by the attorney-client privilege.
2. **Mass Communications**: Some entries indicate that email communications included dozens of participants. The inclusion of such a large number of individuals suggests that there was no effort or intent to maintain the confidentiality required for a communication to be privileged.
3. **Undisclosed Recipients**: The log lists several email communications sent to "undisclosed recipients." This lack of transparency prevents us from assessing whether these communications were indeed confidential and protected.
4. **Involvement of Third Parties**: Many communications involve third-party participants. As you know, sharing information that is attorney-client privileged with third parties usually results in a waiver of the privilege.
5. **Legal Capacity**: The entries fail to demonstrate that identified lawyers were acting in their legal capacity rather than a general business capacity. If lawyers were acting outside of their legal capacity, those entries are not protected by the privilege.
6. **Grouped Attachments**: Most entries include no description for the attachments to purportedly privileged communications, without a description for the attachments, it is impossible for us to discern the application of privilege to attachments.

**Please provide multiple dates and times next week that you are available to meet and confer on these issues.**

Thank you,

**Adnan Toric**
Associate

**Cohen Milstein Sellers & Toll PLLC**

100 N 18th Street Suite 1820  | Suite 1820
Philadelphia, PA 19103

phone 267.479.5700

website  | map

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*