# EXHIBIT C

| | |
|---|---|
| **From:** | Dunn, Matthew |
| **To:** | Theodore Leopold |
| **Cc:** | Adnan Toric; Raofield, Jason; Pastan, Nicholas; Casey M. Preston; Leslie Mitchell Kroeger; Diana L. Martin; Poorad Razavi |
| **Subject:** | RE: U.S. xr Long v. Janssen - Privilege Log Meet & Confer |
| **Date:** | Tuesday, June 18, 2024 5:57:57 PM |

Ted,

There is no need to cast aspersions in routine discovery correspondence. After you've had the log for 8 months, I'm surprised you would accuse us of seeking improper delay simply because we made a request for the list of challenged documents to help facilitate a meaningful discussion.

The purpose of a meet and confer isn't to check a box, as I'm sure you'd agree. It's to see if the parties can come to a compromise on any or all issues prior to burdening the Court or each other with motions practice. It will be impossible to do that in a meaningful way if we don't know which entries you are challenging.

Take category 1 in Adnan's email for instance. It's possible that an attorney might not be on a particular document because of a clerical error. It's also possible that there might be clarifications we can make to the log that satisfy you. It's also possible that we might have made a mistake and, upon review, determine that a particular document is not wholly or only partially privileged. Finally, it's possible that we might stick with the current log, make no changes, and end up at an impasse. In all but the last instance, we would have wasted the Court's and each other's time litigating an issue that could have been resolved if we had been able to review the challenged documents and have a real meet and confer.

We spent a lot of time and effort on the privilege log, and we take our obligations seriously. That said, as we have demonstrated in many recent discovery disputes, we are willing to compromise where appropriate in order to avoid unnecessary litigation, such as on the numbers of additional custodians, depositions, etc. If given the opportunity, we would make a good faith effort to narrow or eliminate disputes entirely, but we won't be able to do that if you will not identify the documents in dispute. We hope you will reconsider, but of course we cannot stop you from filing whatever you want to file.

One question: You reference a "detailed exhibit." Is this a list of documents you intend to attach to your filing and, if so, is there any reason not to share it with us? At least that would give us something to discuss concretely.

Thanks.

Matt

---

**From:** Theodore Leopold <tleopold@cohenmilstein.com>

**Sent:** Tuesday, June 18, 2024 3:32 PM
**To:** Dunn, Matthew <mdunn@cov.com>
**Cc:** Adnan Toric <atoric@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** Re: U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]

Matt

We are obligated to meet and confer. Meet and confer is not an avenue for delay and we will not accept same. If the matter with our detailed exhibit, memorandum and explanation on our meet and confer is not sufficient for your client you may address that in your response to our motion that we shall file promptly after our call.  Thank you

Ted

Ted Leopold
Cohen Milstein Sellers & Toll
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL. 33408
561-515-1400

> On Jun 18, 2024, at 6:13 PM, Dunn, Matthew <mdunn@cov.com> wrote:
>
> Adnan,
>
> You have had a privilege log containing over 4,000 entries since October 12, 2023.  Now, eight months later, you are demanding that we meet and confer this week on a motion you intend to file challenging undisclosed entries based on general categories.
>
> Please send us the list of documents you are challenging within each category so we can meaningfully assess your position and meet and confer.  Needless to say, a meet and confer about general legal positions you lay out below will not be productive.
>
> Thanks.
>
> Matt
>
> **From:** Adnan Toric <atoric@cohenmilstein.com>
> **Sent:** Friday, June 14, 2024 3:45 PM

2

**To:** Posner, Ethan <eposner@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Casey M. Preston <cpreston@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>
**Subject:** U.S. xr Long v. Janssen - Privilege Log Meet & Confer

[EXTERNAL]
Counsel,

We write to inform you of our intention to file a motion requesting the Court to conduct an *in-camera* review of documents listed on Janssen's privilege log dated May 13, 2024. Our review of the lengthy log raises significant concerns regarding the applicability of the attorney-client privilege to many of the listed documents.

Our specific objections are as follows:

1. **Absence of Attorney Participants**: Many documents on the privilege log do not list any attorney as a participant in the communication. Without the involvement of legal counsel, it is unclear how these communications could be protected by the attorney-client privilege.
2. **Mass Communications**: Some entries indicate that email communications included dozens of participants. The inclusion of such a large number of individuals suggests that there was no effort or intent to maintain the confidentiality required for a communication to be privileged.
3. **Undisclosed Recipients**: The log lists several email communications sent to "undisclosed recipients." This lack of transparency prevents us from assessing whether these communications were indeed confidential and protected.
4. **Involvement of Third Parties**: Many communications involve third-party participants. As you know, sharing information that is attorney-client privileged with third parties usually results in a waiver of the privilege.
5. **Legal Capacity**: The entries fail to demonstrate that identified lawyers were acting in their legal capacity rather than a general business capacity. If lawyers were acting outside of their legal capacity, those entries are not protected by the privilege.
6. **Grouped Attachments**: Most entries include no description for the attachments to purportedly privileged communications, without a description for the attachments, it is impossible for us to discern the application of privilege to attachments.

**Please provide multiple dates and times next week that you are available to meet and confer on these issues.**

Thank you,

**Adnan Toric**
Associate

<image001.png>

**Cohen Milstein Sellers & Toll PLLC**

100 N 18th Street Suite 1820 | Suite 1820
Philadelphia, PA 19103

phone 267.479.5700

**website** | **map**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*

4