# EXHIBIT D

**COVINGTON**

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

**By Email**                                                    July 3, 2024

Theodore J. Leopold
Leslie M. Kroeger
Diana L. Martin
Poorad Razavi
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL  33408
tleopold@cohenmilstein.com
lkroeger@cohenmilstein.com
dmartin@cohenmilstein.com
prazavi@cohenmilstein.com

Casey M. Preston
Gary L. Azorsky
Jeanne A. Markey
Adnan Toric
COHEN MILSTEIN SELLERS & TOLL PLLC
100 N. 18th Street, Suite 1820
Philadelphia, PA 19103
cpreston@cohenmilstein.com
gazorsky@cohenmilstein.com
jmarkey@cohenmilstein.com
atoric@cohenmilstein.com

      Re:  *United States ex rel. Long v. Janssen Biotech, Inc.*,
          No. 16-cv-12182 (D. Mass.)

Dear Counsel:

      We write to respond to your June 26 email regarding alleged deficiencies with Janssen's privilege log.

      As an initial matter, as we noted at the end of our June 25 meet and confer, iterations of Janssen's privilege log have been in Relator's possession for at least three years.  None of the issues you raise are in any way new.  For that reason, it is confounding that you opted to send a categorical challenge to approximately 900 entries, some of which you have had for ages, and demanded a response within four business days.  Your position is made even more puzzling by your apparent plan to file a motion for *in camera* review the week of July 8, no matter how Janssen responds to your inquiry.  There is simply no "new news" or exigency here that should

**COVINGTON**

Casey M. Preston
July 3, 2024
Page 2

prevent an orderly process of attempting to resolve any potential dispute before burdening the Court with yet another privilege motion.

Even more significantly, the issues Mr. Toric raised in his email are basically exactly the same as issues that were the subject of a prior motion to compel by Relator. Relator challenged the sufficiency of the information on Janssen's privilege log, including the descriptions of privileged documents and information provided about attachments, in late 2021. Your previous challenges, which are similar—if not identical—to the ones you make now, were unsuccessful. Therefore, if Relator moves to compel on any issue already considered and rejected by the Court, Janssen reserves its right to move for fees and costs related to the motion.

That being said, in an effort to compromise and address your concerns, we voluntarily reviewed hundreds of challenged entries on our privilege log.

First, we reviewed entries which you had flagged as "Fails to Identify Participating Attorney." Based on that review, we will downgrade and produce the documents underlying approximately 50 challenged entries, at least some of which appear to be duplicates or near-duplicates of each other. Further, in an attempt to resolve any disputes, we will edit these entries in the log to identify the specific name of the privilege actor, where possible. We will also voluntarily provide a new field that identifies attorneys present lower in the email chain, even though you have not asked for it as contemplated by the Protective Order.

Second, we reviewed every entry which you had flagged for involving "Dozens of recipients." We confirmed that the documents underlying these entries are privileged and will be maintaining our claim of privilege over them. Please note that several entries that you flagged in this category were not actually communications to dozens of recipients, as you suggested. As we explained during the meet and confer, the recipients of emails on Janssen's privilege log are listed in the To, CC, and BCC columns, not the All Participants field. The All Participants field, as required by Exhibit B to the Protective Order, contains information about other emails in the thread as well as attachments, not necessarily the email over which we are asserting privilege.

As requested, we looked into the meaning of the term "Undisclosed Recipients," which appears in the All Participants field on the privilege log. As we expected, the "Undisclosed Recipients" value is pulled from metadata. It is most often captured when there is a BCC value unknown to the system. For example, for JANSSENBIO-PL_2-0000270 and its family, the "Undisclosed Recipients" value comes from one of the attachments, which was sent to a set of "Undisclosed Recipients." The All Participants field pulled in the recipients from both the parent email and the attachments, including the attachment sent to "Undisclosed Recipients."

We also looked into the meaning of the term "Janssen End Users," which appears in the Author field on the privilege log. "Janssen End Users" is the name of a shared team account at Janssen. It appears on the log when "Janssen End Users" is the actual author of a document, as identified by the document properties.

**COVINGTON**

Casey M. Preston
July 3, 2024
Page 3


Finally, we have started to review entries which you had flagged for including a third party. We will follow up next week to inform you of documents from that category that we will downgrade and produce, if any.

The documents that Janssen agreed to remove from its privilege log during the June 25 meet and confer were included in Janssen's July 2, 2024 production. In the coming days, Janssen will produce the other documents that it has agreed to remove from its log, as well as an updated privilege log with the edits described above.

Sincerely,


*s/ Matthew F. Dunn*
Matthew F. Dunn

Counsel for Janssen Biotech, Inc.