UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>*Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>*Defendant.* | Civil Action No. 16-CV-12182-FDS |

### DEFENDANT JANSSEN BIOTECH, INC.'S MOTION FOR A PROTECTIVE ORDER CONCERNING RELATOR'S 30(b)(6) DEPOSITION NOTICE

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, and for the reasons below and set forth more fully in the accompanying Memorandum of Law in support of this motion, Defendant Janssen Biotech, Inc. ("Janssen") respectfully requests that the Court enter a protective order under Rule 26(c) to place reasonable limits on the Notice of Deposition of the Corporate Representative of Janssen Biotech, Inc. served by Relator Julie Long ("Relator") pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "30(b)(6) Notice" or the "Notice") (attached as Ex. A).

1. On May 6, 2024, Relator Julie Long served a 30(b)(6) deposition notice on Defendant Janssen Biotech Inc. ("Janssen"), which is attached as Ex. A. That Notice includes 51 distinct deposition topics, including topics that concern information protected by the attorney-client privilege and topics seeking a level of detail that would not reasonably be feasible for a witness to address in a deposition.

2. Despite meeting and conferring in good, Janssen was unable to reach an agreement with Relator to meaningfully narrow the vast majority of the topics. Relator also

stated that she would not recognize Janssen's objections concerning privileged information or scope of the topics presented unless it first obtained a protective order.

3.  Accordingly, and as set forth more fully in Janssen's accompanying Memorandum of Law in support of this motion, which is filed herewith and incorporated herein, Janssen respectfully requests that the Court grants its motion and enter a protective order holding that holding that (1) Relator may not seek information protected by the attorney-client privilege or work product protection; and (2) that Janssen may provide a witness to testify about the programs at issue collectively, rather than on an individual basis, and to testify about corporate records, policies, and practices on a general basis, rather than as to every single record, policy, or practice that falls within the topics identified.

Dated:  August 2, 2024

*/s/ Jason C. Raofield*
Jason C. Raofield (BBO No. 641744)
Ethan M. Posner (admitted *pro hac vice*)
Matthew F. Dunn (admitted *pro hac vice*)
Nicholas O. Pastan (admitted *pro hac vice*)
Alison S. DiCiurcio (admitted *pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
(202) 662-6000
jraofield@cov.com
eposner@cov.com
mdunn@cov.com
npastan@cov.com
adiciurcio@cov.com

*Attorneys for Defendant Janssen Biotech, Inc.*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

Counsel for Janssen certifies that they have conferred in good faith with Relator's counsel, including during telephone conferences on May 31 and June 20, 2024 in an ultimately unsuccessful effort to resolve these disputes prior to bringing them to the Court's attention. Present at the meet and confers were Ted Leopold, Casey Preston, and others for Relator, and Jason Raofield, Matt Dunn, and others for Janssen.

*s/Jason C. Raofield*
Jason C. Raofield (BBO No. 641744)

## **CERTIFICATE OF SERVICE**

I hereby certify on this 2nd day of August, 2024, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                        */s/ Bradley Markano*
                                        Bradley Markano (admitted *pro hac vice*)