**EXHIBIT 3**

| | |
|---|---|
| Subject: | RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up |
| Date: | 8/2/2024 5:13 PM |
| From: | "Dunn, Matthew" <mdunn@cov.com> |
| To: | "Casey M. Preston" <cpreston@cohenmilstein.com>, "Pastan, Nicholas" <NPastan@cov.com>, "Raofield, Jason" <jraofield@cov.com> |
| Cc: | "Theodore Leopold" <tleopold@cohenmilstein.com>, "Gary Azorsky" <gazorsky@cohenmilstein.com>, "Leslie Mitchell Kroeger" <LKroeger@cohenmilstein.com>, "Diana L. Martin" <DMartin@cohenmilstein.com>, "Poorad Razavi" <prazavi@cohenmilstein.com>, "Adnan Toric" <atoric@cohenmilstein.com>, "DiCiurcio, Alison" <ADiCiurcio@cov.com> |

Casey,

We once again ask that you please maintain a civil and professional tone when speaking with us and refrain from making baseless accusations. We have made this request at least a dozen times, both in writing and orally in meet and confers and in depositions. We are troubled by your pattern of casually accusing Covington & Burling attorneys of concealing evidence or otherwise violating our ethical obligations. It is unproductive, and we hope it will stop.

To be clear, there was nothing "disingenuous" about anything we said or did. We lined up witnesses, proposed dates, are preparing written responses to very broad topics, and sent written responses and objections after telephonic meet and confers during which we voiced serious concerns about many of the topics.

We have been working incredibly hard and Janssen has committed to spend hundreds of thousands of dollars to respond to the wildly overbroad topics in your 30(b)(6) notice, which contains over 50 discrete topics/sub-topics. As to three of the topics, Relator narrowed the scope (somewhat), and as to a handful of others Relator agreed to accept written responses. But as to the remaining topics, when we raised our concerns about the breadth of those topics in our meet and confer discussions and correspondence, and detailed those concerns in written objections, you told us quite explicitly that our objections were "without merit" and that Relator would expect Janssen's witnesses to be prepared on the topics as written. You also stated that if Janssen did not agree to respond to "*all topics/subtopics* . . . as they are currently stated," Janssen would need to seek a protective order. Thus, as you suggested, we have no choice but to seek a protective order.

Simply put, despite Janssen's attempt to avoid a dispute by expressing a willingness to prepare witnesses to respond to far more than we believe any remotely reasonable understanding of the Federal Rules of Civil Procedure and caselaw would require, you told us that the topics must be interpreted literally and would not be narrowed. As we prepared for the deposition and considered the implications of your blanket rejection of our well-considered written objections (which we stand by and speak for themselves), it became clear that it would be impossible to provide any witness who could satisfy your

demands. We have met and conferred about these issues on multiple occasions, and we served written responses and objections that you flatly rejected. As such, it is clear we are at an impasse. Thus, you left us no choice but to file a motion for a protective order, which we will file today, as you said we must if we did not intend to present a witness who could respond to each topic as written.

With respect to your demand that we identify "legal support" for our motion (something Relator has often refused to provide before filing a motion), we would respond as follows. Janssen has already agreed to go far beyond what is required by the Federal Rules of Civil Procedure and the caselaw. However, your blanket rejection of our reasonable responses and objections is a bridge too far. And, as you note, our remedy is to seek a protective order, rather than face the prospects and potential consequences of presenting a witness without first doing so.

Best regards,

Matt

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Thursday, August 1, 2024 1:57 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

**[EXTERNAL]**
Matt and Nick, we are disappointed by your attempt to further delay Janssen's Rule 30(b)(6) deposition. It's now apparent that your multiple representations that the deposition would be completed in August were disingenuous. Completion by the end of August has been important to us because the information obtained from the deposition will likely require follow-up discovery. Inasmuch as your dilatory, generic objections are broad-brush and vague, we ask that you "expeditiously" set forth for us the specific relief you are going to seek from the Court and the legal support for such requests so that we can consider any asserted issues and determine whether they can be resolved without further delaying the deposition. As we offered earlier, should Janssen wish to address additional topics through a written question and answer process, let us know and we will consider it. And as we have also previously offered, in the event Janssen does not understand the meaning of a particular word or term, let us know and we will define it for Janssen.

Casey

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Wednesday, July 31, 2024 6:34 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Dunn, Matthew <mdunn@cov.com>; Raofield, Jason <jraofield@cov.com>

**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

We had hoped to proceed with the 30(b)(6) depositions on the proposed dates. But, reflecting on your position that Janssen's 30(b)(6) objections lack merit, and your insistence on proceeding on all topics as written despite the numerous meet and confers we have had attempting to reach consensus on what a witness could reasonably testify about, Janssen has no choice but to move for a protective order, which you have suggested is our only option. We intend to move for a protective order expeditiously in order to resolve the disagreements as quickly as possible so that the deposition may proceed. Once the Court has decided Janssen's motion, we will provide updated deposition dates.

Best,
Nick

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Friday, July 26, 2024 11:01 AM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

[EXTERNAL]
Thanks, Matt. We are available Aug. 26-29 and would like to schedule both representatives' depositions on days within that four-day span. Let us know, if that is workable on your end.

Casey

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Friday, July 26, 2024 9:23 AM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

Janssen employees Brian Smith and Angela Wood will serve as Janssen's 30(b)(6) representatives. Mr. Smith is available for deposition on Thursday, August 22. Ms. Wood is available for deposition on Wednesday, August 28. If those dates do not work for your team, we can try to find others.

Mr. Smith will provide testimony on 30(b)(6) topics 1(e), 1(j), 1(o), 2(b), 2(c), 2(i), 3(a), 3(b), 3(c), 3(e), 3(f), 13, 14, 15, and 17. Ms. Wood will provide testimony on topics 1(i), 1(l), 1(m), 1(n), 1(p), 1(q), 1(r), 2(f), 2(g), 2(h), 2(j), 2(k), 2(l), 3(d), 4, 5, 6, 7, 8, 9, 10, 11, and 12.

By providing a witness to testify on these topics, Janssen does not waive its objections to the topics as set forth in Janssen's July 22, 2024 Objections and Responses.

Thanks.

Matt

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Thursday, July 25, 2024 5:21 PM
**To:** Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

**[EXTERNAL]**
Matt, Jason and Nick, please identify who will be testifying on behalf of Janssen, the topics each representative will address, and multiple dates when each representative is available to be deposed.

Further, we have reviewed Janssen's written objections to the Rule 30(b)(6) topics that you emailed on July 22. We believe that the asserted objections lack merit. Also, to the extent that Janssen may be seeking to modify or narrow any topics through its written objections, we do not agree to any such changes. Except for those topics Janssen has agreed to address through the agreed upon written question and answer process (i.e., topics 1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(k), 2(a), 2(d), 2(e) and 16), Plaintiff will examine Janssen's representatives concerning all topics as they are currently stated (including the revisions to topics 13, 14 and 17 set forth in my June 24 email). In the event Janssen does not understand the meaning of a particular word or term, let us know and we will define it for Janssen.

Thanks,
Casey

---

**From:** Dunn, Matthew <mdunn@cov.com>
**Sent:** Monday, July 15, 2024 1:50 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield,

Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

I wanted to touch base on this. We are still trying to nail down potential dates, and we will let you know as soon we have proposed times. We still expect it to be two witnesses, and we are still trying for the weeks of August 12 or 19.

Thanks.

Matt

---

**From:** Dunn, Matthew
**Sent:** Tuesday, July 2, 2024 4:16 PM
**To:** 'Casey M. Preston' <cpreston@cohenmilstein.com>; Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

We are still trying to figure out who will be testifying and their dates of availability. For planning purposes, we expect it to be two witnesses, and we are hoping for the weeks of August 12 or 19. We will revert back as soon as we know more.

Thanks.

Matt

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Thursday, June 27, 2024 1:15 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

**[EXTERNAL]**
Nick,

We will provide the questions related to topics 1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(k), 2(a), 2(d), 2(e), and 16 by early next week.

The purpose of your forthcoming objections and responses to our notice and matters for examination that you reference below is unclear. You received the notice and matters for examination on May 6 (nearly two months ago) and we've had two hour-long meet and confers, during which we provided all clarifications and explanations that you sought as well as reviewed all your asserted concerns. Further, we addressed the concerns that you raised by agreeing to cover certain topics/subtopics through a written question and answer process and agreeing to substantially narrow topics 13, 14, and 17. Should you require other clarifications, wish to propose the narrowing of a topic/subtopic, or wish to propose an alternative approach to providing the information sought in a topic/subtopic, we will consider it. However, to ensure there is no confusion, absent a protective order or Relator's agreement, we will examine Janssen's representative(s) concerning *all topics/subtopics*, including 1(i), 13, 14, and 17, as they are currently stated.

We again ask for you to provide multiple dates when the person(s) who will be testifying on Janssen's behalf are available for the deposition. If you don't provide available dates by July 2, we will go ahead and set the date of the deposition.

Thanks,
Casey

---

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Wednesday, June 26, 2024 5:08 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

We agree to provide answers to the following 30(b)(6) topics in writing: 1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(k), 2(a), 2(d), 2(e), and 16.

As discussed during the June 20 meet and confer, we will provide written responses within 30 days of receiving your questions corresponding to these topics.

With respect to your proposal for 30(b)(6) topics 13, 14, and 17, we do not believe that these topics

have been meaningfully narrowed, as they continue to seek vague and expansive testimony often covering a more than 15 year period.  However, subject to our forthcoming objections and responses to Relator's May 6, 2024 30(b)(6) notice, we will designate a witness on these topics.

Thanks,
Nick

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Monday, June 24, 2024 2:43 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

**[EXTERNAL]**
Matt and Nick, we write to follow up on last week's meet and confer regarding the topics for Janssen's Rule 30(b)(6) deposition.

As you requested, we have reviewed topics 13, 14 and 17 with an eye toward making them more specific and narrower in scope. In an effort to compromise and resolve the concerns that you raised, we hereby revise topics 13, 14 and 17 to state:

> 13.    The development and approval of the strategy to provide the IOI Support and Programs to IOI Customers, including the approval(s) to continue engaging in the strategy.
>
>> ***Relevant time period***: From the creation of the strategy to provide the IOI Support and Programs to IOI Customers to until February 19, 2016.
>
> 14.    An explanation of the infusion business model, IOI business model, and/or Remicade business model that You promoted to IOI Customers.
>
>> ***Relevant time period***: From the creation of the strategy to provide the IOI Support to IOI Customers to until February 19, 2016.
>
> 17.    The corporate organization and responsibilities of the departments, groups, and teams (such as sales, marketing, legal, compliance, regulatory, analytics, sales training, and finance) who had significant involvement in the strategy to provide the IOI Support to IOI Customers.
>
>> ***Relevant time period***: From 2010 to until February 19, 2016.

As we requested during the meet and confer, please provide us a complete list of the topics/subtopics that you agree to address through written questions and answers in accordance with Rule 31(a)(4) by Wednesday (June 26) so that we can move forward with that process.

Also, once again, please let us know by the end of this week the person(s) who will be testifying on Janssen's behalf and provide multiple dates when they are available for the deposition so that we can put the deposition on our calendars.

Thanks,
Casey

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Thursday, June 20, 2024 10:33 AM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

In addition to discussing your proposal that Janssen address 30(b)(6) topics 1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(k), 2(a), 2(d), 2(e), and 16 through written responses, we would like to discuss the following 30(b)(6) topics: 1(l), 1(m), 1(n), 1(o), 1(p), 1(q), 1(r), 2(b), 2(c), 3(d), 4, 5, 6, 10, 13, 14, and 17.  This list is a non-exhaustive list of topics we have questions about, however, because some of the topics are repetitive (for instance, 1(l) and 1(m) overlap with 2(f) and (2(g)), we are hopeful we can avoid having to discuss every topic.

Thank you,

Nick

**From:** Pastan, Nicholas
**Sent:** Monday, June 17, 2024 3:50 PM
**To:** 'Casey M. Preston' <cpreston@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

We are available to meet and confer on Thursday, June 20 from 12-1 or 1-2.  Please let us know if either of those times works.  In advance of the meet and confer, we will provide you a list of the 30(b)(6) topics for discussion.  On Thursday's meet and confer, we will also respond to your request for a stipulation regarding the Medicare claims data and documents produced by the United States, and your

proposal concerning the length of the depositions of Ms. Trahan and Ms. Long.

Best,
Nick

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Thursday, June 13, 2024 2:29 PM
**To:** Pastan, Nicholas <NPastan@cov.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

[EXTERNAL]
Nick,

You've had our Rule 30(b)(6) deposition notice for more than a month. And we met and conferred for nearly an hour to review any concerns you wished to raise concerning the matters for examination. With the exception of the meritless contention that Janssen should not be required to testify as to the fundamental issues of when it started and stopped providing the programs to IOI customers that are alleged to be kickbacks, whether these programs were unbranded, and whether these programs were provided to all physician practices that prescribed Remicade and/or Simponi ARIA or only targeted physician practices, the company has not identified any matters for examination that it believes are not proportional to the needs of the case. Additionally, Janssen has not identified any matters for examination for which it seeks clarification or refinement to be able to prepare an appropriate witness to testify on such topic.

As we stated we would do, we have identified several topics for which we would allow Janssen to provide its testimony through a written question and answer process in accordance with Rule 31(a)(4). This attempt at a reasonable compromise, which is summarized in our June 5 email below, would address your purported concern that it would be burdensome to require the company to put forth a witness to testify as to the start and stop dates for the various programs that are alleged to be kickbacks. To be clear, we believe that all the matters for examination are appropriate deposition topics, are unambiguous and described with significant particularity, and are proportional to the needs of the case. Your characterization of the highly relevant information we are seeking as "extremely detailed" is hyperbole. Additionally, that Janssen provided a wide range of free services and programs to targeted IOI customers over a long period to induce them to prescribe Remicade and Simponi ARIA are the facts of the case. As you are aware, the Court rejected similar arguments as part of your prior attempts to obtain protective orders, including a protective order concerning matters for examination in an earlier Rule 30(b)(6) notice.

Although we have described each matter for examination clearly and with significant particularity and each topic is proportional to the needs of the case, and we have already offered a compromise in response to your burden assertions, we will make ourselves available for a second meet and confer to review Janssen's requests to clarify or refine the matters for examination. We are available on June 18

and 20. In the meantime, we ask that in advance of the meet and confer you specify any topics that you believe lack sufficient particularity or are not proportional to the needs of the case along with any reasonable compromises you wish for us to consider, as this will make the meet and confer more productive. Please also let us know your response to our offer that Janssen could address topics/subtopics 1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(i), 1(k), 2(a), 2(d), 2(e), and 16 through written questions and answers in accordance with Rule 31(a)(4). Also, please designate the person(s) who will be testifying on Janssen's behalf and provide multiple dates when they are available for the deposition so we can work on scheduling it.

With regard to our request for Janssen's position on whether it is agreeable to entering into a stipulation concerning the authenticity of the Medicare claims data and documents produced by the United States, this request is hardly premature; you have been in possession of the data and documents produced by the United States for a very long time. Please let us know your position on this simple request by June 20. Should you refuse to cooperate, we will have no choice but to burden the United States with requests for declarations concerning the authenticity of the documents and data it has produced.

Lastly, because it impacts our preparation for Karen Trahan's already scheduled deposition, let us know by June 20 whether you accept our proposed compromise regarding your request to enlarge the length of Ms. Long's deposition.

Thanks,
Casey

---

**From:** Pastan, Nicholas <NPastan@cov.com>
**Sent:** Monday, June 10, 2024 6:11 PM
**To:** Casey M. Preston <cpreston@cohenmilstein.com>; Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>; DiCiurcio, Alison <ADiCiurcio@cov.com>
**Subject:** RE: U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

Casey,

We write to respond to your June 6 email following up on the parties' May 31 meet and confer.

**Rule 30(b)(6) Deposition**

Your email demonstrates a significant departure from the commitments made at the end of our May 31 meet and confer.  At the end of that conference, which covered only 4 of the 51 topics in your May 6, 2024 30(b)(6) deposition notice, you and Ted stated that in light of the questions and objections that we expressed, you would take another look at the topics in order to better identify the information you are seeking that is appropriate for 30(b)(6) testimony. Your proposal to merely convert 13 of your requests to written interrogatories fails to do that.

Primarily, your proposal completely ignores the chief concern we expressed on our call regarding the first few topics in your notice, which is that many of your topics are impermissible because they merely seek to force Janssen to sort through documents in the possession of both parties to provide extremely detailed information about at least 36 programs over a 15-year period.  In addition, we asked whether Relator had attempted to determine this information on its own from the documents, or whether Relator has identified a basis to conclude there is a specific source available to Janssen that has not been produced that would contain this information.  Feel free to tell us if we are wrong, but our understanding is that the answer to both of those things is "no."  Simply converting those topics to writing doesn't address this fundamental problem.  Additionally, your proposal ignores that we have already provided much of the information requested in interrogatory responses, which bind the company.

For example, your email acknowledges one way that Janssen has addressed Topics 1(a)-1(b), but fails to acknowledge the other relevant interrogatory responses that provide relevant information, such as dates of delivery of the program.  *See* Janssen's Response to Relator's Interrogatory No. 23.  During the meet and confer, you failed to identify what other information we could provide to answer Topics 1(a) and 1(b).  You stated that you believe you need 30(b)(6) testimony, rather than interrogatory responses, because you had determined that some of the interrogatory responses were "wrong."  We asked for the basis for your belief, noting that it would be more efficient for us to understand your rationale and address them if appropriate, rather than going about preparing a witness on issues that overlap with interrogatory responses provided long ago which you have now told us, for the first time, you believe are inaccurate.  We renew our request for you to point out any interrogatory responses you believe are inaccurate, and why.  That way, we might be able to come to an agreement short of burdening the Court with litigation.

In addition, during our meet and confer, we did not get a chance to discuss the vast majority of the topics in your notice.  Thus, we have not yet had a meet and confer on the vast majority of the topics in your notice.

Finally, you ask us to identify multiple dates when Janssen is available to be deposed.  Of course, we cannot do that until the parties complete the meet and confer process.  We must understand what information Relator is seeking through the 30(b)(6) deposition, and reach an agreement or impasse on Relator's topics.  Please let us know when you are available to complete the meet and confer.

**Additional Document Custodians**

We will begin the process of searching for and collecting the documents for Mr. Monzon and Mr. Scharf.  However, we will not be able to review and produce these documents until Relator identifies all 4 of her document custodians.  In short, reviewing custodial documents requires the company to undertake the burdensome and expensive process of hiring and training a

team of document reviewers.  Given the passage of team, a new review team will be required. We will not do this piecemeal given the few custodians remaining.  We will provide an estimated date for production of documents and provision of an updated privilege log once Relator has identified all remaining custodians and the collections are complete.

**Janssen's Request to Be Able to Depose Relator for More Than Seven Hours**

We are considering your proposal to allow Janssen to conduct a one-day 10 hour deposition of Ms. Long in exchange for Relator conducting a one-day 10 hour deposition of Ms. Trahan.  We have not yet been able to discuss this proposal with Ms. Trahan, but we will provide an answer to your proposal once we have been able to do so.

**Authenticity of the Medicare Claims Data and Documents Produced by the United States**

We disagree that the issue of authenticity of the Medicare Claims Data and Documents Produced by the United States requires a response at this time.  We are still evaluating this issue.

Best,
Nick

---

**From:** Casey M. Preston <cpreston@cohenmilstein.com>
**Sent:** Wednesday, June 5, 2024 12:06 PM
**To:** Raofield, Jason <jraofield@cov.com>; Dunn, Matthew <mdunn@cov.com>; Pastan, Nicholas <NPastan@cov.com>
**Cc:** Theodore Leopold <tleopold@cohenmilstein.com>; Gary Azorsky <gazorsky@cohenmilstein.com>; Leslie Mitchell Kroeger <LKroeger@cohenmilstein.com>; Diana L. Martin <DMartin@cohenmilstein.com>; Poorad Razavi <prazavi@cohenmilstein.com>; Adnan Toric <atoric@cohenmilstein.com>
**Subject:** U.S. xr Long v Janssen - add'l custodians & meet and confer follow-up

[EXTERNAL]
Jason, Matt, and Nick, we write to follow up on the issues discussed during our recent meet and confer and to advise you of two additional employees whom we select as document custodians.

**Additional Document Custodians:**
In accordance with our earlier agreement concerning additional document custodians, we select Eric Monzon and Steve Scharf as custodians. Accordingly, please search for and produce all non-privileged documents that are responsive to Relator's document requests for these two employees. Inasmuch as we are still in the process of reviewing Janssen's recent productions, we have not yet made a decision concerning the remaining two custodians. Please let us know by June 10 the date by which Janssen expects to complete this production including any associated privilege log.

**Janssen Rule 30(b)(6) Deposition:**
As requested, the topics/subtopics that we would be agreeable to have Janssen address through written questions and answers are:  1(a), 1(b), 1(c), 1(d), 1(f), 1(g), 1(h), 1(i), 1(k), 2(a), 2(d), 2(e), and 16. Please let us know by June 10 whether Janssen wishes to address these topics/subtopics through written questions and answers or by oral examination.

Also, during the meet and confer, you asked why Relator is seeking the company's testimony concerning the dates "when [it] started [and stopped] providing the Program[s] to IOI Customers." This fundamental information is indisputably relevant. The information Janssen provided in response to Interrogatory 18 and your letter October 7, 2022 letter is inconclusive because, rather than specifying the dates when Janssen started and stopped providing the Programs to IOI Customers, it appears that you and Janssen provided dates when the written materials and visual aids utilized in presenting the Programs were approved by the company's Promotional Review Committee. That information does not answer the critical question of when Janssen began and stopped providing the Programs to IOI Customers.

By June 10, please provide multiple dates when the person(s) who will be testifying on behalf of Janssen is/are available to be deposed.

**Authenticity of the Medicare Claims Data and Documents Produced by the United States:**
As we requested, please advise us concerning Janssen's position on whether it is agreeable to entering into a stipulation concerning the authenticity of the Medicare claims data and documents produced by the United States in this action. If Janssen is agreeable to working with Relator on reaching an appropriate stipulation concerning the authenticity of the Government data and documents, Relator will provide a proposed stipulation for Janssen's review. However, if Janssen is unwilling to enter into such stipulation, please state so by June 10 and explain why it will not stipulate to the authenticity of the data and documents produced by the Government and specify the particular data and documents whose authenticity it questions.

**Janssen's Request to Be Able to Depose Relator for More Than Seven Hours:**
Although we do not believe you have provided a valid justification for Janssen being able to depose Ms. Long for more than the seven hours allowed under Rule 30(b) (the Rule that has governed – and Janssen has strictly applied to – all depositions Relator has taken), in an effort to compromise and avoid burdening the Court with this issue, Relator would agree to extend the time limit for her deposition to 1 day of up to 10 hours if Janssen likewise agrees that the time limit for Karen Trahan's deposition will be 1 day of up to 10 hours. Please let us know by June 10 whether Janssen accepts this proposal to resolve the issue.

Thanks,
Casey

**Casey M. Preston**                      **Cohen Milstein Sellers & Toll PLLC**

Of Counsel



100 N 18th Street Suite 1820  | Suite 1820
Philadelphia, PA 19103

phone 267.479.5700  | direct 267.479.5704

**website**  | **map**

*This e-mail was sent from Cohen Milstein Sellers & Toll PLLC. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible.*