UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>     *Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>     *Defendant.* | Civil Action No. 16-CV-12182-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR EXTENSION/MODIFICATION OF PHASE ONE EXPERT DEADLINES**

  Plaintiff-Relator Julie Long ("Relator") and Defendant Janssen Biotech, Inc. ("Janssen") jointly request that the Court extend and modify the deadlines for Phase One expert disclosures and discovery so as to allow the completion of the Rule 30(b)(6) deposition of Janssen's corporate representative(s) before the parties complete their expert disclosures and conduct expert discovery.

  On May 14, 2024, the Court issued a tentative case schedule, ordering that Phase One fact discovery be completed by September 30, 2024. ECF No. 444. The Court subsequently entered an Electronic Order on September 30, 2024, granting the parties' joint motion for an extension of the deadline for completion of Phase One fact discovery to December 30, 2024. ECF No. 459.

  The parties have taken 19 depositions, including the deposition of Relator, responded to over 40 interrogatories, and produced more than 3.4 million pages of documents. Following the close of Phase One fact discovery on December 30, 2024, the parties have begun to turn to preparing for their respective expert disclosures.

1

However, before making expert disclosures, Relator needs to take the Rule 30(b)(6) deposition of Janssen's corporate representative(s), which is currently stayed while the parties await the Court's decision on Janssen's pending Motion for a Protective Order Concerning Relator's 30(b)(6) Deposition Notice (ECF No. 450).[1]

The current expert disclosure schedule requires that Relator make her expert disclosures by January 27, 2025, followed by depositions of Relator's experts and then Janssen's disclosure of its experts followed by depositions of Janssen's experts. As such, Relator and Janssen are currently required to disclose their experts and conduct expert discovery before the deposition of Janssen's 30(b)(6) corporate representative(s) occurs. Given the significant likelihood that the corporate representatives' deposition testimony will influence the disclosures and opinions of the parties' experts, it would be inefficient and increase costs for the parties to undertake the extensive and expensive expert witness process, only to have to prepare and submit amended disclosures and then sit for supplemental depositions following the completion of the Rule 30(b)(6) deposition of Janssen's corporate representatives.

Additionally, the current structure for expert disclosures and discovery requires that Relator provide her expert disclosures and that Relator's experts be deposed before Janssen provides its expert disclosures. In light of the expert issues in this case, the parties believe it would be more efficient and orderly for both parties to complete their expert disclosures before expert depositions are conducted. This slight modification will allow all experts to review each other's opinions and to be more fully examined during expert discovery and will also allow for Relator to provide rebuttal expert disclosures, all of which will avoid the need for multiple

---

[1] The parties are also awaiting the Court's decision concerning Relator's Motion for *In Camera* Review of Documents Withheld on the Basis of Attorney-Client Privilege (ECF No. 445), but, if necessary, can proceed with their expert disclosures before resolution of this issue.

2

depositions and amended reports of the experts, and therefore save time and reduce expenses for all parties.

In light of the above, the parties jointly request that the deadlines for expert disclosures and discovery be modified as follows:

- If Relator intends to call any trial experts whose testimony does not depend on the resolution of the causation standard issue, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 30 days of the conclusion of the Rule 30(b)(6) deposition of Janssen's corporate representatives**.

- If Defendant intends to call any trial experts in response to such experts, defendant shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 60 days of receipt of Relator's disclosures.**

- If Relator intends to call any trial experts in rebuttal to Defendant's experts' opinions, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of receipt of Defendant's disclosures.**

- Any such experts disclosed by Relator and Defendant shall be deposed **within 60 days of receipt of the last occurring event above.**

- Neither party will use the extension sought herein as a basis to seek to reopen Phase One fact discovery.

- Defendant shall make its corporate representative(s) available to be deposed within **30 days** of the Court's ruling on the pending Motion for a Protective Order Concerning Relator's 30(b)(6) Deposition Notice (ECF No. 450)**.**

Courts have "broad discretion to allow motions to extend deadlines." *Gouin v. Nolan Assocs., LLC*, 325 F.R.D. 521, 524 (D. Mass. 2017) (internal quotation marks and citation omitted). Deadlines in a court's scheduling order may be extended upon a showing of good cause for the requested extension. *See id.*; Fed. R. Civ. P. 16(b)(4). Because the parties believe that it will be more efficient and reduce costs if the Rule 30(b)(6) deposition of Janssen is completed prior to Relator's designation of expert reports and that the proposed timing and cadence of expert reports and expert depositions will facilitate an orderly and efficient process given the issues in this case, there is good cause for the requested extension.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court extend and modify the deadlines for the completion of Phase One expert disclosures and discovery as follows:

- If Relator intends to call any trial experts whose testimony does not depend on the resolution of the causation standard issue, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 30 days of the conclusion of the Rule 30(b)(6) deposition of Janssen's corporate representatives**.

- If Defendant intends to call any trial experts in response to such experts, defendant shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 60 days of receipt of Relator's disclosures.**

- If Relator intends to call any trial experts in rebuttal to Defendant's experts' opinions, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of receipt of Defendant's disclosures.**

- Any such experts disclosed by Relator and Defendant shall be deposed **within 60 days of receipt of the last occurring event above.**

- Neither party will use the extension sought herein as a basis to seek to reopen Phase One fact discovery.

- Defendant shall make its corporate representative(s) available to be deposed within **30 days** of the Court's ruling on the pending Motion for a Protective Order Concerning Relator's 30(b)(6) Deposition Notice (ECF No. 450)**.**

Dated: January 16, 2025

| | |
|---|---|
| */s/ Jason C. Raofield* | */s/ Poorad Razavi* |
| Jason C. Raofield (BBO No. 641744) | Theodore J. Leopold (admitted *pro hac vice*) |
| Matthew F. Dunn (admitted *pro hac vice*) | Leslie M. Kroeger (admitted *pro hac vice*) |
| Nicholas O. Pastan (admitted *pro hac vice*) | Diana L. Martin (admitted *pro hac vice*) |
| Alison S. DiCiurcio (admitted *pro hac vice*) | Poorad Razavi (admitted *pro hac vice*) |
| Covington & Burling LLP | COHEN MILSTEIN SELLERS & TOLL PLLC |
| One CityCenter | 11780 U.S. Highway One, Suite N500 |
| 850 Tenth Street, NW | Palm Beach Gardens, FL 33408 |
| Washington, DC 20001 | (561) 515-1400 |
| (202) 662-6000 | tleopold@cohenmilstein.com |
| jraofield@cov.com | lkroeger@cohenmilstein.com |
| mdunn@cov.com | dmartin@cohenmilstein.com |
| npastan@cov.com | prazavi@cohenmilstein.com |
| adiciurcio@cov.com | |
| | Casey M. Preston (admitted *pro hac vice*) |
| *Attorneys for Defendant Janssen Biotech, Inc.* | Gary L. Azorsky (admitted *pro hac vice*) |
| | Jeanne A. Markey (admitted *pro hac vice*) |
| | Adnan Toric (admitted *pro hac vice*) |
| | COHEN MILSTEIN SELLERS & TOLL PLLC |
| | 100-120 N. 18th Street, Suite 1820 |
| | Philadelphia, PA 19103 |
| | (267) 479-5700 |
| | cpreston@cohenmilstein.com |
| | gazorsky@cohenmilstein.com |
| | jmarkey@cohenmilstein.com |
| | atoric@cohenmilstein.com |
| | |
| | Jonathan Shapiro (BBO No. 454220) |
| | SHAPIRO & TEITELBAUM LLP |
| | 55 Union Street, 4th Floor |
| | Boston, MA 02108 |
| | (617) 742-5800 |
| | jshapiro@jsmtlegal.com |
| | |
| | *Attorneys for Plaintiff-Relator Julie Long* |

**CERTIFICATE OF SERVICE FOR MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR EXTENSION/MODIFICATION OF PHASE ONE EXPERT DEADLINES**

I hereby certify on this 16th day of January, 2025, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                         */s/ Poorad Razavi*
                                         Poorad Razavi (Pro Hac Vice)