UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG,<br><br>*Plaintiffs,*<br><br>v.<br><br>JANSSEN BIOTECH, INC.,<br><br>*Defendant.* | Civil Action No. 16-CV-12182-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION
FOR EXTENSION/MODIFICATION OF PHASE ONE EXPERT DEADLINES**

Plaintiff-Relator Julie Long ("Relator") and Defendant Janssen Biotech, Inc. ("Janssen") jointly request that the Court modestly extend and modify the deadlines for the Rule 30(b)(6) deposition of Janssen and Phase One expert disclosures and discovery to allow for the efficient completion of discovery prior to Phase One summary judgment.

On January 17, 2025, the Court issued a case schedule concerning the completion of the Rule 30(b)(6) deposition of Janssen, which triggered deadlines for expert discovery, with a carveout for Relator's experts concerning the causation standard issue. ECF No. 465. This exception for Relator's causation experts was based on the then-pending decision from the First Circuit in *United States v. Regeneron Pharms., Inc.,* No. 23-2086 (1st Cir.).

Since that time, three significant events have occurred that affect the case schedule. First, on February 18, 2025, the First Circuit issued a ruling in *Regeneron. See United States v. Regeneron Pharms., Inc.*, 128 F.4th 324 (1st Cir. 2025). Second, the Court held a status conference on March 14, 2025. ECF No. 467. Third, on March 21, 2025, the Court issued

1

rulings on Relator's motion for *in camera* review and Janssen's motion for a protective order concerning the 30(b)(6) deposition of Janssen. ECF No. 470.

In light of these events, and in an effort to move the matter forward efficiently, the parties have met and conferred cooperatively concerning a slight modification to the existing schedule. Specifically, the parties have agreed that the time for the completion of the 30(b)(6) deposition of Janssen should be extended from 30 days from the Court's March 21, 2025 order on Janssen's motion for a protective order to 60 days from that order (meaning from April 21, 2025 to May 20, 2025) and that Relator and Janssen will be provided an additional, reciprocal 15-day extension for their expert disclosures. There are two reasons for these changes. First, the 30-day extension will provide Janssen with an opportunity to prepare its 30(b)(6) deponents adequately for their examination. Second, the parties agree that it will be most efficient for all expert discovery, including causation experts, to proceed on the same timeline. This extension will provide Relator with an opportunity to provide her causation expert's report at the same time as the reports of her other experts. The parties agree that this modification to the schedule will not prejudice either party, and it will facilitate the efficient and expeditious close of discovery and progression to Phase One summary judgment.

In light of the above, the parties jointly request that the deadlines for the 30(b)(6) deposition of Janssen and expert disclosures and discovery be modified as follows:

- The 30(b)(6) deposition of Janssen shall be **completed by May 20, 2025**.

- Relator shall designate her experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of May 20, 2025**.

- If Defendant intends to call any trial experts, Defendant shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 75 days of the deadline for Relator's disclosures.**

- If Relator intends to call any trial experts in rebuttal to Defendant's experts' opinions, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of the deadline for Defendant's disclosures.**

- Any such experts disclosed by Relator and Defendant shall be deposed **within 60 days of the last occurring event above.**

- The parties reserve their rights to make discovery motions and seek reconsideration of this schedule for good cause in light of the First Circuit's ruling in *Regeneron* and the outcome of the Court's *in camera* review that is the subject of the Court's March 21, 2025 ruling, ECF No. 470.

Courts have "broad discretion to allow motions to extend deadlines." *Gouin v. Nolan Assocs., LLC*, 325 F.R.D. 521, 524 (D. Mass. 2017) (internal quotation marks and citation omitted). Deadlines in a court's scheduling order may be extended upon a showing of good cause for the requested extension. *See id.*; *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Because the parties believe that it will be more efficient and reduce costs if the Court enters this schedule, there is good cause for the requested extension.

## **CONCLUSION**

For the foregoing reasons, the parties respectfully request that the Court extend and modify the deadlines for the completion of the 30(b)(6) deposition of Janssen and Phase One expert disclosures and discovery as follows:

- The 30(b)(6) deposition of Janssen shall be **completed by May 20, 2025**.

- Relator shall designate her experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of May 20, 2025**.

- If Defendant intends to call any trial experts, Defendant shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 75 days of the deadline for Relator's disclosures.**

- If Relator intends to call any trial experts in rebuttal to Defendant's experts' opinions, Relator shall designate such experts and make the disclosures required by Fed. R. Civ. P. 26(a)(2) **within 45 days of the deadline for Defendant's disclosures.**

3

- Any such experts disclosed by Relator and Defendant shall be deposed **within 60 days of the last occurring event above.**

- The parties reserve their rights to make discovery motions and seek reconsideration of this schedule for good cause in light of the First Circuit's ruling in *Regeneron* and the outcome of the Court's *in camera* review that is the subject of the Court's March 21, 2025 ruling, ECF No. 470.

Dated:  April 1, 2025

| | |
|---|---|
| */s/ Jason C. Raofield* | */s/ Poorad Razavi* |
| Jason C. Raofield (BBO No. 641744) | Theodore J. Leopold (admitted *pro hac vice*) |
| Matthew F. Dunn (admitted *pro hac vice*) | Leslie M. Kroeger (admitted *pro hac vice*) |
| Nicholas O. Pastan (admitted *pro hac vice*) | Diana L. Martin (admitted *pro hac vice*) |
| Alison S. DiCiurcio (admitted *pro hac vice*) | Poorad Razavi (admitted *pro hac vice*) |
| Covington & Burling LLP | COHEN MILSTEIN SELLERS & TOLL PLLC |
| One CityCenter | 11780 U.S. Highway One, Suite N500 |
| 850 Tenth Street, NW | Palm Beach Gardens, FL 33408 |
| Washington, DC 20001 | (561) 515-1400 |
| (202) 662-6000 | tleopold@cohenmilstein.com |
| jraofield@cov.com | lkroeger@cohenmilstein.com |
| mdunn@cov.com | dmartin@cohenmilstein.com |
| npastan@cov.com | prazavi@cohenmilstein.com |
| adiciurcio@cov.com | |
| | Casey M. Preston (admitted *pro hac vice*) |
| *Attorneys for Defendant Janssen Biotech, Inc.* | Gary L. Azorsky (admitted *pro hac vice*) |
| | Jeanne A. Markey (admitted *pro hac vice*) |
| | Adnan Toric (admitted *pro hac vice*) |
| | COHEN MILSTEIN SELLERS & TOLL PLLC |
| | 100-120 N. 18th Street, Suite 1820 |
| | Philadelphia, PA 19103 |
| | (267) 479-5700 |
| | cpreston@cohenmilstein.com |
| | gazorsky@cohenmilstein.com |
| | jmarkey@cohenmilstein.com |
| | atoric@cohenmilstein.com |
| | |
| | Jonathan Shapiro (BBO No. 454220) |
| | SHAPIRO & TEITELBAUM LLP |
| | 55 Union Street, 4th Floor |
| | Boston, MA 02108 |
| | (617) 742-5800 |
| | jshapiro@jsmtlegal.com |
| | |
| | *Attorneys for Plaintiff-Relator Julie Long* |

5

**CERTIFICATE OF SERVICE**

    I hereby certify on this 1st day of April, 2025, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                */s/ Jason C. Raofield*
                                                Jason C. Raofield (BBO No. 641744)