UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE UNITED STATES OF AMERICA, et al., )<br>*ex rel.* JULIE LONG, )<br>  )<br>    Plaintiffs, )<br>  )<br>  v. )<br>  )<br>JANSSEN BIOTECH, INC., )<br>  )<br>    Defendant. )<br>  ) | Civil Action No.<br>16-12182-FDS |

**ORDER CONCERNING POSSIBLE CHANGE
TO SCOPE OF DISCOVERY**

**SAYLOR, J.**

This order concerns potential changes to the scope of discovery in this case in order to permit the trial to begin on October 26, 2026, as currently scheduled.

The original complaint in this case was filed on October 28, 2016, and the case was unsealed in December 2019. Following several amendments to the pleadings, the Court denied defendant's motion to dismiss on October 21, 2020, and discovery began in December 2020.

The relator in this matter worked for defendant in Harrisburg, Pennsylvania. In an effort to manage this litigation in a reasonably efficient manner, the Court directed in December 2020 that the first phase of discovery would be limited to events, practices, and policies in the central Pennsylvania area, as well as any potentially relevant regional or national-level policies or practices.[1] The Court phased discovery based in part on concerns expressed by defendant that

---

[1] The Court has also imposed a temporal limitation, subject to certain exceptions, that limited discovery to the period of relator's employment within the limitations period (October 2010 to February 2026).

nationwide discovery would likely involve the production of millions of documents and testimony of individuals at hundreds of physical locations. Another express purpose of limiting discovery was to give defendant an opportunity to challenge the claims on summary judgment, which if successful, in whole or in part, might resolve the case, narrow the claims, or shape the course of future discovery. The Court repeated the latter purpose on multiple occasions—for example, at conferences on October 1, 2021, and April 4, 2022, and in a discovery order on September 9, 2022.

The limitation on discovery has not succeeded in all respects, and certainly not in expediting the resolution of this case. The case has not resolved, or even been narrowed, nearly five years after the commencement of discovery. And for whatever reason, the defendant has not filed a motion for summary judgment at any point in the last five years.

Thanks in part to extensive and contentious discovery motion practice, fact discovery did not close until May 2025. Phase 1 expert discovery is still ongoing as of the date of this order. According to a schedule proposed by the parties and adopted by the Court, motions to exclude expert testimony under Rule 702 are to be filed by February 20, 2026, and motions for summary judgment are to be filed by April 10, 2026.

At a status conference on August 26, 2025, the Court set the matter for trial beginning on October 26, 2026, more than one year away. At that status conference, the Court directed the parties to file memoranda concerning the scope of the trial. In their filings, submitted in September and October 2025, both parties agreed that there should be only one trial in this case, resolving all issues. (Dkt. No. 484, 488).

At a further status conference on October 27, 2025, the Court and the parties discussed how this case should be tried and whether the October 2026 trial should be nationwide in scope. Defendant stated to the Court its view that substantial difficulties would arise from having to conduct any necessary nationwide discovery between the time of the Court's decision on its anticipated summary judgment motion—which will not even be fully briefed until May 8, 2026—and the October 26, 2026, trial date. Defendant proposed that the trial date be postponed for an entire additional year, until October 2027, to accommodate that additional discovery. Relator's position was that the geographic and temporal limitations on fact discovery should be removed, so that the October 2026 trial could proceed according to schedule and address all issues.

After considering the submissions of the parties, the Court has concluded that it is strongly desirable to adhere to the currently scheduled trial date—which is still nearly one year away—if reasonably possible. Furthermore, if the parties do not consent otherwise, the trial must encompass all remaining issues in the case. The Court is therefore considering removing or revising the existing limitations on the scope of discovery, and to allow further fact discovery to proceed alongside the currently scheduled expert witness discovery and summary judgment motion practice (if any).

The Court nonetheless remains concerned about the scope and timing of discovery and trial management issues. Before making a final decision as to those issues, the Court invites the parties to make proposals for case and discovery management going forward on the assumption that the trial will begin as scheduled on October 26, 2026. Any such proposals should address potential modifications to both the geographic and the temporal limitations on discovery. Relator is also encouraged to consider whether some form of narrowing of the claims is

appropriate, and if so, to make a specific proposal for consideration by the Court. The parties shall file any response to this Order by November 12, 2025.

**So Ordered.**

|  |  |
|---|---|
| Dated: October 30, 2025 | /s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>United States District Judge |