**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG, <br><br>        *Plaintiffs,* <br><br>     v. <br><br> JANSSEN BIOTECH, INC., <br><br>        *Defendant.* | Civil Action No. 16-CV-12182-FDS |

### REPLY IN SUPPORT OF DEFENDANT JANSSEN BIOTECH, INC.'S MOTION TO DEEM ADMITTED OR STRIKE PORTIONS OF RELATOR'S STATEMENT OF DISPUTED MATERIAL FACTS

Relator's opposition is addressed to a motion Janssen did not file. Janssen requested an order deeming admitted thirty-seven specific Statements of Undisputed Material Fact ("SUMF") that Relator identified as "disputed" but then failed to dispute in any way. Contrary to Relator's opposition, Janssen did not seek to strike any of Relator's factual assertions. Instead, Relator's opposition makes clear she does not contest the relief actually requested—she merely argues that her additional factual assertions were not improper and should not be stricken. As Relator offers no argument for denying the relief requested, Janssen's motion should be granted.[1]

### ARGUMENT

Janssen's motion sought two types of relief: (1) it asked the Court to deem admitted thirty-seven of Janssen's SUMFs, and (2) it separately asked the Court to strike an improper privilege waiver argument from Relator's response to one of those SUMFs, and require Relator to seek leave before seeking any such finding in the future.

---

[1] As Janssen has explained separately, the improper tactics employed by Relator in an attempt to create the appearance of factual disputes where no genuine dispute of material fact exists go far beyond the scope of the present motion. *See* Dkt. 617 at 1–3.

1

*First*, with respect to the request to deem certain SUMFs admitted, Relator's opposition offers no response. Instead, Relator argues against a request for relief not sought by Janssen. Janssen does not seek the "draconian sanction" Relator complains of: "to strike the entirety of [Relator's] L.R. 56.1 statement and deem [Janssen's] L.R. 56.1 statement admitted." Dkt. 614 at 3–4. Relator submitted factual statements totaling 98 pages, *and Janssen has not sought to strike any of them*. There simply are no concerns of the type complained of by Relator.

Because Janssen did not seek to strike any of her factual assertions, Relator's arguments regarding the purported need to add context and avoid misleading inferences are totally beside the point. *Id.* at 1–5. Therefore, although they are without merit, Janssen will not waste time with a response.

The relief Janssen actually requests is fully supported by the extensive case law identified in the motion. Dkt. 591 at 3–6 (discussing case law). Where a nonmovant asserts that a fact is disputed but then identifies additional facts (for context or otherwise) that do not establish a genuine dispute as to the fact asserted, the fact should be deemed admitted. *Id.* Relator's discussion of some of those cases simply argues that the cases did not require additional facts to be stricken or ignored. Dkt. 614 at 2–5. Relator does not suggest any of those cases refused to deem the movant's fact admitted where the nonmovant failed to create a genuine dispute as to the fact asserted.

Relator's opposition relies heavily on a single case. Dkt. 614 at 3–5 (discussing *Garcia v. Garda Cl New England, Inc.*, No. 15-CV-13093-TSH, 2017 WL 6346723 (D. Mass. Aug. 14, 2017)). Relator is right about one thing: that case involved a request for a "draconian sanction." Dkt. 614 at 3. There, the defendants asked the court to strike in its entirety the plaintiff's Rule 56.1 statement—including all of the plaintiff's responses to the defendants' factual statements and all

2

of the plaintiff's own affirmative fact statements—and to deem the entirety of the defendants' Rule 56.1 statement admitted. *Garcia*, 2017 WL 6346723, at *3. Janssen has requested no such thing.[2]

Finally, Relator's discussion of each of the thirty-seven fact statements at issue in the motion confirms that every one of them should be deemed admitted. Dkt. 614 at 6–19. In short, none of Relator's responses argues that the fact statement asserted by Janssen is genuinely in dispute. Instead, Relator's responses say (often expressly) that Relator does not dispute the fact statement, but that the *additional facts* offered by Relator are *not improper*. Thus, Relator's discussion of each fact statement ignores the relief requested in Janssen's motion, which is simply to disregard the word "[d]isputed" in Relator's response and deem Janssen's fact statement admitted, while leaving all of the additional response Relator claims is necessary to provide "context" or avoid supposedly "misleading inferences" fully intact, to be responded to in the normal course.[3]

***Second***, with respect to Relator's improper privilege waiver argument in her Response to SUMF ¶ 29, that fact statement asserted nothing more than that the PRC approved the SOC Programs. As an initial matter, despite her assertion that the fact is "[d]isputed," her opposition now admits that "Relator does not dispute that [PRC] approval occurred." Dkt. 614 at 18. Thus, as requested in Janssen's motion, SUMF ¶ 29 should be deemed admitted.

---

[2] Relator also relies on an opinion by this Court which, again, involved only a motion to strike a plaintiff's own affirmative statement of facts, not a motion to deem the movant's facts admitted. *Kaiser v. Kirchick*, 662 F. Supp. 3d 76, 86 (D. Mass. 2023) (Saylor, C.J.).

[3] Relator's misrepresentation in response to SUMF ¶ 60 requires a reply. SUMF ¶ 60 asserts: "In her Complaint, Relator alleges that ABSs were warned 'not to leave a paper trail' of their activities. SAC ¶ 170." Under oath, Relator's own extensive paper trail left her with no choice but to admit this allegation was false, so she now attempts to rewrite her own complaint as alleging only that ABSs were instructed "to avoid creating written documentation for dissemination to Janssen's customers, not any directive to refrain from informing Janssen's management of activities." Dkt. 614 at 12. That is not true, as demonstrated by the Court's Order on Janssen's motion to dismiss. Dkt. 75 at 25 (discussing ¶ 170 of the SAC as alleging that "*managers of those ABSs. . . repeatedly instruct*[*ed*] *ABSs not to send them account updates, questions from customers, or anything business-related via text message or email* because 'we do not want to leave a paper trail.'") (emphasis added). Relator made a false allegation, and she cannot rewrite her complaint to make this fact disputed.

3

As for Janssen's motion to strike, it is directed solely to the portion of Relator's response that includes her request for a finding that Janssen waived attorney-client privilege merely by asserting that the PRC approved the SOC Programs. Dkt. 591 at 14–15. Her cursory opposition claims "Relator was not requesting that the Court resolve that issue now but merely identifying it in light of Janssen's litigation position and placing it on the Court's radar." Dkt. 614 at 18–19. That is just not true: in her response to SUMF paragraph 29 she expressly asked the Court to address the issue. Her privilege waiver argument—which was a page-and-a-half long—argued that "Janssen has now affirmatively placed the PRC approval process at issue" and "impliedly waived" attorney-client privilege, and requested a finding that "Janssen has impliedly waived attorney-client privilege with respect to all legal advice and communications concerning the PRC's review and approval of the SOC Programs, and should be required to produce such materials or, alternatively, be precluded from relying on PRC approval as evidence in support of its motion." Dkt. 591-1 at 4–5.

Far worse, as Janssen demonstrated in its motion, Relator's privilege waiver argument was based entirely on her flagrant misrepresentation of—and careful use of ellipses to misquote—the Court's 2024 Order denying Relator's second privilege waiver motion. Dkt. 591 at 14–15. Relator offers not one word in defense of her position, because it is indefensible. The Court should strike the spurious privilege waiver argument from Relator's response to SUMF ¶ 29.

***Finally***, Relator argues there is no need for the Court to require her to seek leave before asserting in the future that Janssen has waived privilege. To the contrary, her own conduct has now confirmed that this relief is appropriate. She has twice moved to have the Court find a privilege waiver; she requested it again in her SUMF response; and *even as she was working on her opposition to Janssen's request for that very relief, Relator did it again*. In opposition to Janssen's

4

motion to exclude the testimony of Relator's compliance expert, Relator again cited implied waiver case law and sought a finding of privilege waiver. *See* Dkt. 602 at 12 ("Additionally, because Janssen's own expert now relies on the PRC as a defense, scrutiny of the legal members' role is necessary at trial. This affirmative reliance necessitates discovery of any legal reviews of the SOC Programs."). The Court should require Relator to seek leave before asserting that Janssen has waived privilege in the future.

As the Court recognized in its Order denying Relator's second privilege waiver motion, Janssen has made it very clear that it will not put legal advice at issue or imply that the SOC Programs were approved by counsel, and that it will respect all orders entered by the Court. Dkt. 435 at 4. Consistent with that, Janssen has never offered as evidence, including in its summary judgment papers or expert reports, that *lawyers* were part of the PRC review, which could potentially implicate what their advice was. By contrast, Relator herself continues to inject attorney-client privilege into this case at every turn (including in truly egregious ways, Dkt. 626 at 6–7), while simultaneously arguing that absent a waiver of privilege the jury can never even hear that Janssen had a PRC process. That is not a serious position. Relator argues in this case that Janssen took no steps to detect and prevent AKS violations, which is plainly false. Yet she would weaponize Janssen's assertion of privilege to force Janssen to allow the jury to believe it is true. In any event, these are not issues to be addressed now. What matters for purposes of the present motion is that requiring Relator to seek leave before arguing that Janssen has waived privilege will not stop her from raising that issue, it will merely ensure she raises it only on a showing of good cause, without simply regurgitating her prior arguments that the Court has already twice rejected.

## **CONCLUSION**

Relator's Opposition serves to confirm that Relator's dispute is not with Janssen's facts, but the significance of them. Her recourse is not to call those facts disputed, but to counter with

her own assertions. Because she failed to identify any genuine dispute of fact for the SUMF paragraphs outlined in the Motion, the Court should deem them admitted, and should also strike Relator's improper response to SUMF paragraph 29 and require Relator to seek leave of Court before arguing that Janssen has waived privilege in the future.

Dated: April 20, 2026                                Respectfully Submitted,

                                                     /s/ Jason C. Raofield
                                                     Jason C. Raofield (BBO No. 641744)
                                                     Matthew F. Dunn (admitted *pro hac vice*)
                                                     Krysten Rosen Moller (admitted *pro hac vice*)
                                                     Mark W. Mosier (admitted *pro hac vice*)
                                                     Andrew P. Stanner (admitted *pro hac vice*)
                                                     Nicholas Pastan (admitted *pro hac vice*)
                                                     Alison S. DiCiurcio (admitted *pro hac vice*)
                                                     Covington & Burling LLP
                                                     One CityCenter
                                                     850 Tenth Street, NW
                                                     Washington, DC 20001
                                                     (202) 662-6000
                                                     jraofield@cov.com
                                                     mdunn@cov.com
                                                     krosenmoller@cov.com
                                                     mmosier@cov.com
                                                     astanner@cov.com
                                                     npastan@cov.com
                                                     adiciurcio@cov.com

                                                     *Attorneys for Defendant Janssen Biotech, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 20th day of April, 2026, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Jason C. Raofield*

Jason C. Raofield (BBO No. 641744)