**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, *ex rel.* JULIE LONG, | |
|         *Plaintiffs,* | Civil Action No. 16-CV-12182-FDS |
|     v. | |
| JANSSEN BIOTECH, INC., | |
|         *Defendant.* | |

## <u>MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-RELATOR'S MOTION TO COMPEL FULL DISCLOSURE OF LEGAL REVIEWS OR, IN THE ALTERNATIVE, TO PRECLUDE RELIANCE ON PRC APPROVAL</u>

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 5

I.      Janssen Has Fully Adhered To the Court's Prior Orders By Asserting Only That
        Compliance Processes Existed, Not That the Processes Involved Legal Approval. ........... 5

        A.      This Court Has Been Clear That Reference To PRC Approval Does Not
                Waive Privilege. ...................................................................................................... 5

        B.      Janssen Has Not Impliedly Waived Privilege Through Its Summary
                Judgment Filings. .................................................................................................... 7

II.     Janssen Is Not Prohibited From Introducing Evidence That It Had a Compliance
        Process Merely Because the Process Involved an Attorney. ............................................. 12

III.    There Is No Risk Judge Saylor Will Grant Summary Judgment on the Basis of
        Any Purported Implication of Attorney Approval, and Relator Will Be Free to
        Raise Any Concerns She May Have in Advance of Trial Through a Motion *In
        Limine*. ............................................................................................................................ 14

CONCLUSION................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bacchi v. Massachusetts Mutual Life Insurance Co.*,
110 F. Supp. 3d 270 (D. Mass. 2015) ........................................................................5, 6, 12, 13

*Banco do Brasil, S.A. v. 275 Washington Street Corp.*,
No. 09-11343, 2011 WL 3208027 (D. Mass. July 27, 2011) ...................................................13

*Canon, Inc. v. Color Imaging, Inc.*,
227 F. Supp. 3d 1303 (N.D. Ga. 2016) ....................................................................................13

*DR Distributors LLC v. 21 Century Smoking, Inc.*,
No. 12 CV 50324, 2015 WL 5123652 (N.D. Ill. Sept. 1, 2015).........................................13, 16

*In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*,
348 F.3d 16 (1st Cir. 2003)........................................................................................................6

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*,
32 F.3d 851 (3d Cir. 1994).......................................................................................................14

*United States v. Gorski*,
36 F. Supp. 3d 256 (D. Mass. 2014) ...........................................................................................6

*United States v. Rakes*,
136 F.3d 1 (1st Cir. 1998)........................................................................................................14

*United States v. White*,
887 F.2d 267 (D.C. Cir. 1989)....................................................................................................6

**Other Authorities**

Federal Rule of Evidence 502(a) ................................................................................................14

**INTRODUCTION**

This is Relator's third attempt to obtain the same relief this Court has denied twice before. She does not claim there has been any change in the law applied by the Court in denying her prior motions. Instead, she claims that through its summary judgment motion Janssen has impliedly waived privilege by referencing its Promotional Review Committee ("PRC")—an argument the Court has squarely rejected both times she previously made it.

After parsing through 20 nearly impenetrable pages, one might be under the impression that Janssen made arguments concerning the role of Legal review on the PRC. Janssen did no such thing. These are the facts: Janssen's summary judgment briefs made only one reference to the "PRC." It was in the Background section, and this is all it said: "In this role, ABSs (and Xcenda representatives) provided company-approved programming utilizing slideshow presentations approved by a multi-disciplinary Promotional Review Committee ('PRC')." Dkt. No. 538 at 5. Neither in that quote, nor anywhere else in its briefs, did Janssen ever affirmatively rely on anything about lawyers or the role they played. Nonetheless, Relator argues that Janssen has somehow impliedly waived privilege through its summary judgment filings, pointing to nothing more than non-cited, non-privileged portions of policies that Janssen attached to its statement of undisputed material facts that mention the role of the Legal Department. This position is frivolous and completely inconsistent with Judge Saylor's prior orders on this exact same issue.

**BACKGROUND**

Relator filed her first motion to compel disclosure of legal advice in January 2022, arguing that Janssen's production of PRC approval records constituted an express and implied waiver of attorney-client privilege. Dkt. No. 264. The PRC is an industry-standard compliance committee comprised of representatives from various functions within the company, one of which is an attorney. Relator argued that because the PRC included an attorney, "the PRC approvals" are

1

"tantamount to legal opinions," *id.* at 9, and that Janssen was relying on the PRC records to imply legal approval of the conduct at issue in this case, *id.* at 13-14. She sought a finding of privilege waiver or, in the alternative, an order precluding Janssen from relying on the PRC approvals. *Id.* at 20. The Court rejected her position. Dkt. No. 303. It concluded that the PRC approvals "show nothing more than that a lawyer reviewed the company's promotional materials within the context of the company's compliance procedures," and that Janssen's PRC approvals did "not appear to disclose the substance of any privileged communication." *Id.* at 2-3. The Court noted what *could* result in a waiver of privilege: using the PRC approvals "***in a manner that implies approval of legal counsel.***" *Id.* at 4 (emphasis added).

In January 2024, Relator filed a second motion to compel disclosure of legal advice, arguing that "Janssen is doing exactly what it had previously disclaimed—it is partially disclosing legal advice to imply that its attorneys did in fact assess whether the various types of IOI support violated the AKS and subsequently approved that the services could be provided." Dkt. No. 427 at 5. She again sought a finding of privilege waiver or, in the alternative, an order precluding Janssen from relying on the PRC approvals. *Id.* at 20. The Court again rejected Relator's motion. Dkt. No. 435. It noted that "defendant's disclosure of the procedural measures it took to comply with the law, without more, does not constitute a waiver of the privilege." *Id.* at 4. Importantly, the Court again identified what *could* result in a waiver of privilege, noting that it was "certainly arguable" that "offering documents in evidence at trial that show that (1) the PRC approved the program, ***and (2) the PRC included lawyers***, would have the practical effect of suggesting to the jury that lawyers had approved the programs," and that this "might constitute an implied waiver." *Id.* at 5 (emphasis added).

2

In the years since those orders, Relator has engaged in a relentless campaign in an attempt to trigger a privilege waiver. For example, she repeatedly questioned Janssen's witnesses about the role of the attorney on the PRC. *See* Dkt. No. 430-1 at 2-4. When Janssen sought a protective order with respect to certain 30(b)(6) deposition topics addressed specifically to the role of Janssen's attorneys, she opposed it. Dkt. No. 450, 451; Dkt. No. 454. While the Court denied Janssen's motion, it cautioned Relator's counsel "to make a good-faith effort to refrain from asking questions that would require the disclosure of privileged information." Dkt. No. 470 at 8. Additionally, over Janssen's objection, Relator insisted on deposing an attorney who was a member of the PRC, forcing Janssen's counsel to spend an entire day drawing the line between asserting privilege and allowing the witness to provide non-privileged information.[1] In discovery, Relator took the remarkable position that the mere fact that Janssen has asserted privilege is evidence of scienter. Dkt. No. 455 at 2-3. She also filed another motion directed to Janssen's assertion of privilege, Dkt. No. 445, which resulted in Judge Saylor reviewing hundreds of documents *in camera*, Dkt. No. 476 at 1.[2]

Every step of the way, Janssen has complied with its obligation to produce non-privileged information demanded by Relator, while expressly and emphatically objecting to Relator's transparent attempts to generate a record to argue that it is Janssen that is putting at issue that the PRC included an attorney. *See, e.g.*, Dkt. No. 430-1 at 2-4.

The timing of the current motion is no coincidence. Relator's efforts became so pervasive and improper that Janssen recently filed a motion asking the Court to impose the extraordinary

---

[1] Notably, Relator sought to weaponize that testimony on summary judgment by arguing that it is evidence of scienter. Dkt. No. 613 at 39-40.

[2] The Court upheld Janssen's assertion of privilege but found two categories of documents were not privileged: communications involving a third party, and certain attachments to privileged emails that were not themselves privileged. Dkt. No. 476 at 2-3.

relief of requiring Relator to seek leave before filing another privilege waiver motion. Dkt. No. 591 at 15. As Janssen explained, Relator had taken to using ellipses to misquote the Court's 2024 order denying her second privilege waiver motion to falsely assert that the order had established an "implied waiver framework" that would result in a privilege waiver *if Janssen merely referenced PRC approval* without any reference to attorney involvement in the PRC process. *Id.* at 14-15; *see also* Dkt. No. 614 at 18-19. While that motion was pending, however, Relator prepared and filed the current motion.

In what is now her third motion to compel disclosure of legal opinions, Relator seeks the identical relief, based on the same evidence, invoking the same case law, and asserting the identical arguments the Court previously rejected twice. As before, she argues that *any* mention of PRC approval necessarily implies that lawyers approved the conduct at issue in this case. Indeed, the only purported difference between the present motion and her prior motions is that she points to Janssen's non-privileged reference to "PRC approval" (not legal approval) in summary judgment briefing. As discussed below, however, consistent with the Court's prior orders, Janssen has not attempted to imply that PRC approval demonstrates legal approval, and it has never argued that "the PRC included lawyers." *See* Dkt. No. 435 at 5. Instead, Janssen has steadfastly adhered to Judge Saylor's admonition that an implied waiver could result if Janssen were to "offer[] documents in evidence at trial that show that (1) the PRC approved the program, *and (2) the PRC included lawyers*." *Id.* (emphasis added).

4

**ARGUMENT**

I.    **Janssen Has Fully Adhered To the Court's Prior Orders By Asserting Only That Compliance Processes Existed, Not That the Processes Involved Legal Approval.**

In its summary judgment filings—as throughout the litigation—Janssen has stated only that it maintained a compliance program that included PRC approval of the at-issue Site of Care Programs ("SOC Programs") before presenting them to customers—nothing more. Janssen has not asserted or implied attorney approval, and it has not referenced attorney involvement in the PRC process (or otherwise). Instead, it is Relator who has continually "injected the fact that the PRC included an attorney into this case, not Janssen. This does not amount to a waiver under this Court's precedent in this exact case.

A.    **This Court Has Been Clear That Reference To PRC Approval Does Not Waive Privilege.**

Relator's theory of implied waiver fails because Janssen has done precisely what this Court has permitted: it has referenced only its compliance processes—not legal advice or attorney involvement in those processes. The Court has twice made clear that this does not result in an implied waiver of privilege. *See* Dkt. No. 303 at 4; Dkt. No. 435 at 4. Instead, the Court has stated that the possibility of an implied waiver would arise if Janssen affirmatively used the PRC process *"in a manner" that implies that an attorney had approved the programs*. *See* Dkt. No. 303 at 4 (emphasis added); *see also* Dkt. No. 435 at 5. Janssen has done no such thing.

The Court drew this line explicitly in 2022. It stated that if Janssen "merely asserts that the procedural measures it took to comply with the law demonstrated that it acted in good faith, then '[t]he plaintiff does not need to discover counsel's privileged communications to test whether [the] defense has any merit.'" Dkt. No. 303 at 3 (quoting *Bacchi v. Mass. Mut. Life Ins. Co.*, 110 F. Supp. 3d 270, 278 (D. Mass. 2015)). The Court further concluded that "[i]t is of course possible that in

5

the future defendant might attempt to use the fact of that review *in a manner that implies approval of legal counsel*, which in turn might trigger an implied waiver." *Id.* at 4 (emphasis added).

The Court reaffirmed this principle in denying Relator's 2024 motion to compel. It explained: "It is certainly arguable, for example, that offering documents in evidence *at trial* that show that (1) the PRC approved the program, *and (2) the PRC included lawyers*, would have the practical effect of suggesting to the jury that lawyers had approved the programs. That, in turn, might constitute an implied waiver." Dkt. No. 435 at 5 (emphasis added). Thus, the Court's prior rulings recognize an important distinction between stating the fact of PRC approval without mentioning attorneys, on the one hand, and stating or implying that the PRC process involved attorney approval, on the other. Janssen has been diligent in doing the former, not the latter.

Courts facing similar issues have addressed them in the same way. *In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 24-25 (1st Cir. 2003), discusses the "paradigmatic example" of implied waiver in that the party "puts the nature of its lawyer's advice squarely in issue," as opposed to non-waiver use where an attorney "participates" in a meeting or negotiation. There, the attorney's "participation alone does not justify implying a broad subject matter waiver." *Id.* Numerous decisions confirm that a party does not waive privilege merely by asserting the existence of a compliance process (or even that counsel participated in the compliance process). *See, e.g.*, *United States v. Gorski*, 36 F. Supp. 3d 256, 268 (D. Mass. 2014) (Saylor, J.) ("Not every passing reference to counsel will, however, trigger a waiver . . . 'A general assertion lacking substantive content that one's attorney has examined a certain matter is not sufficient to waive the attorney-client privilege'" (quoting *United States v. White*, 887 F.2d 267, 271 (D.C. Cir. 1989)); *Bacchi*, 110 F. Supp. 3d at 276-77 (drawing a line between reliance on "the objective facts

6

regarding the steps it took to obtain regulatory approval" and "subjective good faith that its actions were lawful.").

**B.    Janssen Has Not Impliedly Waived Privilege Through Its Summary Judgment Filings.**

Here, Janssen's arguments fall squarely in the category of those that do not create an implied waiver. Janssen has not put any attorney advice or involvement at issue. Instead, Janssen has consistently asserted only that it maintained compliance processes—precisely the type of procedural assertion that this Court and others have concluded does not trigger waiver. Relator does not claim there has been any change in the law. Instead, Relator asserts that through its summary judgment filings, "Janssen has now done precisely what it told the Court it would 'never' do: it is using PRC approvals to imply that its attorneys reviewed the SOC Programs and determined they were legal." Dkt. No. 631 at 3. Janssen has done no such thing.

In an attempt to argue that Janssen has relied on ***attorney involvement*** in the PRC process as opposed to just the PRC process itself, Relator resorts to misleading descriptions of the summary judgment record and Janssen's arguments. Specifically, Relator argues that Janssen "invokes the involvement of counsel" to support a "subjective defense" that "it *believed* its conduct was lawful." Dkt. No. 631 at 9-10. That is false. Janssen never once "invokes the involvement of counsel" in support of its summary judgment motion. The only place in its substantive summary judgment briefs that Janssen ever even mentioned that the "PRC" approved the SOC Programs was in the Background section of its opening brief. Dkt. No. 538 at 5 ("In this role, ABSs (and Xcenda representatives) provided company-approved programming utilizing slideshow presentations approved by a multi-disciplinary Promotional Review Committee ('PRC')."). And Janssen did not seek summary judgment on the basis of either (i) a good faith defense, or (ii) that attorney approval (or even PRC approval) establishes its subjective belief in the lawfulness of the ABS activities.

7

Indeed, Janssen expressly disclaimed an argument that "its compliance policies show 'good faith.'" Dkt. No. 618 at 10 n.5.[3]

Attempting to argue that Janssen has now crossed a line, Relator points to stray references to the role of the Legal department in non-cited portions of documents in Janssen's statement of undisputed material facts. Specifically, she argues that Janssen's summary judgment filings cite to and attach Janssen's Standard Operating Procedures governing the PRC's review process, which "assigns to the 'legal' member of the PRC responsibility for ensuring that materials comply with" the AKS. Dkt. No. 631 at 11-12. As an initial matter, Relator made the same argument based on the same non-privileged Standard Operating Procedures document in both of her prior privilege waiver motions. Dkt. No. 264 at 7; Dkt. No. 427 at 16. The Court's order denying Relator's second privilege waiver specifically noted that the Court had already considered and rejected her argument based on this very document when it denied Relator's first privilege waiver motion. Dkt. No. 435 at 3-4.

Moreover, while it is true that Janssen's summary judgment filings cited to and attached the Standard Operating Procedures, Janssen relied on the document as evidence of PRC approval generally, not attorney involvement in that process. Janssen never mentioned or even hinted at attorney involvement in the PRC process, nor did it rely on the portion of the Standard Operating Procedures Relator points to as evidence of attorney involvement. The fact that a different part of the document, which Janssen did not rely upon, references the role of a lawyer does not trigger an implied waiver.

---

[3] Notably, although Janssen did not assert an affirmative good faith defense in its summary judgment motion, it would not create an implied waiver even if it had. Relator argued in her prior privilege waiver motion that Janssen's assertion of a "good faith" defense waived privilege, and the Court rejected that position. Dkt. No. 435 at 3-4.

Relator's argument to the contrary is frivolous. Given Relator's many attempts to mislead the Court into thinking Janssen is attempting to gain an unfair advantage by implying legal approval, Janssen sought to affirmatively preempt the baseless argument Relator now makes. Specifically, Janssen's summary judgment filing included the following disclaimer:

> To the extent an exhibit cited in Janssen's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment contains a non-privileged reference to "Legal," the "Law Department," or a Janssen lawyer, ***Janssen is not relying on that portion of the exhibit***. In moving for summary judgment with respect to the elements of Relator's claims, Janssen is not disclosing or intending to imply anything about any legal advice that may or may not have been provided, it is not asserting an advice of counsel defense, and it has not waived, and has no intention of waiving, any applicable privilege.

Dkt. No. 539 at 1 n.1 (emphasis added). Thus, not only did Janssen not cite or rely on the portion of the Standard Operating Procedures that Relator points to, it *expressly disclaimed* any such reliance. Nevertheless, Relator now points to a portion of the exhibit that Janssen did not cite or rely on to argue that Janssen has implied attorney involvement and thereby waived the attorney-client privilege.

It is no accident that this express disclaimer appears on *the very first page* of Janssen's Statement of Undisputed Material Facts. Janssen included it precisely because of Relator's 4-year campaign to manufacture an implied waiver. In other words, Janssen was concerned that Relator would make this exact argument, and so page one of its filing made clear, beyond a shadow of a doubt, that it was not doing the very thing Relator now accuses it of doing. Janssen did everything it could to avoid this frivolous argument by Relator, yet Relator now tells the Court that Janssen *intentionally* sought to use non-cited-to portions of that very document to imply attorney involvement. Dkt. No. 631 at 14 (arguing that Janssen's reliance on the Standard Operating

Procedures was "not inadvertent; it is a calculated effort to suggest to the factfinder that lawyers blessed the SOC Programs").

Relator similarly argues that Janssen impliedly waived privilege through its summary judgment filings merely by relying on Janssen's compliance policies. Dkt. No. 631 at 12. According to Relator, this resulted in an implied waiver because compliance policies ensure employees comply with the law and because the policies, like the Standard Operating Procedures, reference legal approval. *Id.* at 12-13. Again, Janssen has done nothing to imply attorney involvement in the PRC or attorney approval of the SOC Programs.

In a final attempt to justify her position, Relator argues that Janssen has impliedly waived privilege as a result of similar references to the PRC process in an expert report from an expert witness who has not even been deposed. *Id.* at 13-14. That position has no merit. As an initial matter, that expert was responding to Relator's compliance expert whose own report referenced the PRC process nearly 300 times. *See* Dkt. No. 569-1. In any event, an expert report itself is not evidence, and Janssen did not rely in any way on that expert's opinions in moving for summary judgment. No portion of this expert's report is cited anywhere in any of Janssen's filings in support of its summary judgment motion.

Janssen has strictly and deliberately adhered to the Court's prior orders by relying solely on PRC approval without referencing or implying anything about attorney involvement in the PRC process. Relator's attempt to argue otherwise is without merit.

To be specific, the Court credited Janssen's representation that it "is not, and has no intention of ever: (1) asserting an advice of counsel defense; (2) disclosing any privileged legal advice; (3) relying on any privileged legal advice; (4) asserting or implying that its attorneys determined the programs were legal; or (5) asserting a defense based on its subjective good faith

10

belief that the programs were legal." Dkt. No. 435 at 4. Janssen has adhered to each of these commitments, as follows.

First, Janssen has not asserted an advice of counsel defense. At no point in its summary judgment briefing does Janssen argue that it relied on any attorney's legal advice in deciding to approve or provide the SOC Programs.

Second, Janssen has not disclosed any privileged legal advice. As Judge Saylor found, the mere fact of PRC approval does "not appear to disclose the substance of any privileged communication." Dkt. No. 303 at 2-3.

Third, Janssen has not relied on any privileged legal advice.

Fourth, Janssen has not asserted or implied at summary judgment that its attorneys determined the programs were legal. Janssen's summary judgment filings merely reference "PRC approval" without ever mentioning or implying that the PRC included a lawyer. The express disclaimer on the first page of Janssen's Statement of Undisputed Material Facts specifically states that Janssen "is not relying on that portion of the exhibit" that contains any reference to "Legal," the "Law Department," or "a Janssen lawyer." Dkt. No. 539 at 1 n.1. This is the opposite of implying attorney approval.

Fifth, Janssen has not asserted at summary judgment a defense based on its subjective good faith belief that the programs were legal. Its arguments in its briefing in support of summary judgment do not even mention the PRC or its approval of the SOC Programs, let alone attorney involvement. Instead, Janssen's arguments on scienter rest on Relator's failure to adduce any evidence to support a finding of scienter.

In short, Relator's assertion that Janssen has violated the representations the Court credited is baseless. Janssen has scrupulously honored each commitment, and Relator's disagreement with

11

Janssen's ability to reference PRC approval at all does not transform that reference into a violation of the Court's orders or a failure to adhere to its commitments.

**II.    Janssen Is Not Prohibited From Introducing Evidence That It Had a Compliance Process Merely Because the Process Involved an Attorney.**

Relator's suggestion that Janssen should be forced to defend itself against Relator's allegations while permitting the jury to wonder whether Janssen even had a compliance program is facially absurd. Ultimately, Relator's argument boils down to the identical proposition she has repeatedly asserted and the Court has twice rejected: that Janssen waived attorney-client privilege merely by referring to "PRC approval." In her memorandum, Relator argues that "Janssen references the fact that the SOC Program materials were 'approved' by its PRC nine times in its Statement of Undisputed Material Facts . . . , eleven times in its brief . . . , and numerous additional times in its reply in support of its Statement of Undisputed Material Facts." Dkt. No. 631 at 11 (citations omitted). What Janssen did not do, however, was imply legal approval or that an attorney was involved in the PRC process.

Relator's argument that it is *impossible* to mention the PRC process without automatically implying attorney approval finds no support in the case law and Judge Saylor has rejected it. *See* Dkt. No. 303 at 3-4 ("If defendant merely asserts that the procedural measures it took to comply with the law demonstrate that it acted in good faith, then '[t]he plaintiff does not need to discover counsel's privileged communications to test whether [the] defense has any merit'" (quoting *Bacchi*, 110 F. Supp. 3d at 278)).

Courts consistently conclude there is no automatic inference arising from the mention of a compliance process alone such that waiver is necessary. For example, in *Bacchi*, the court explains that there was no implied waiver when the defendant relied on a facsimile to show "it took the same types of steps that other similar situated entities would take if they were proceeding in good

faith to do what the law required." *Bacchi*, 110 F. Supp. 3d at 277-78. There, no inference of attorney approval arose even though it was undisputed that the defendant's in-house counsel participated in preparation and submission to the guidance-issuing body, received the guidance, made notation and communications on it, and circulated the facsimile to others. *Id.* Case law on this precise issue consistently reaches the same conclusion that the "natural inference" that Relator posits is nonexistent. *See, e.g.*, *Banco do Brasil, S.A. v. 275 Wash. St. Corp.*, No. 09-11343, 2011 WL 3208027, at *1, *3-4 (D. Mass. July 27, 2011) (bank referring to an affidavit that is similar to "describing the regulatory process and chronology," even with attorney involvement, did not require plaintiff to "test the credibility" of the bank's claims); *Canon, Inc. v. Color Imaging, Inc.*, 227 F. Supp. 3d 1303, 1309 (N.D. Ga. 2016) ("Narrowly tailored evidence about such general business practices does not alone inject into the case an affirmative defense that the Defendants relied on advice from counsel.").

Indeed, the Court has already rejected this exact inference as it applies to this case. In its 2022 order, the Court cited *DR Distributors LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2015 WL 5123652, at *6-7 (N.D. Ill. Sept. 1, 2015), to explain that "evidence of defendant consulting with counsel before filing a trademark application did not waive privilege, even though evidence could be susceptible to the inference that attorney 'blessed' the application." Dkt. No. 303 at 3; *see also* Dkt. No. 435 at 4 ("[D]efendant's disclosure of the procedural measures it took to comply with the law, without more, does not constitute a waiver of the privilege."). Relator is simply wrong on the law.

Finally, Relator's argument that because legal advice about the AKS is *relevant* to scienter, Janssen must produce it, is not an implied waiver argument; it is a relevance argument. Again, Relator has made that argument unsuccessfully throughout this case. If the law were otherwise,

13

every case that concerns scienter would require waiver. *See Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994) ("Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication."). If Relator's position were correct, no pharmaceutical company could refer to its compliance process without waiving privilege. That is not the law.[4]

**III.    There Is No Risk Judge Saylor Will Grant Summary Judgment on the Basis of Any Purported Implication of Attorney Approval, and Relator Will Be Free to Raise Any Concerns She May Have in Advance of Trial Through a Motion *In Limine*.**

The parties' cross-motions for summary judgment are fully briefed, and the Court has scheduled oral argument for next week. Janssen has not sought summary judgment on the basis of any implication of attorney approval. As detailed above, Judge Saylor is intimately familiar with Relator's implied waiver arguments, and there is no risk he will unwittingly grant summary judgment on the basis of any implication of attorney approval. Any such suggestion would be absurd, and even Relator cannot plausibly argue that such a risk exists.

Moreover, summary judgment briefing is not the equivalent of "offering documents in evidence at trial," which is the scenario the Court's prior orders addressed. Dkt. No. 435 at 5. The Court's 2024 order specifically contemplated the concern that a ***jury*** might draw an inference of

---

[4] To the extent Relator also seeks to revive her previously rejected express waiver argument under Federal Rule of Evidence 502(a), that argument fails for the same reasons. *See* Dkt. No. 427 at 10-11. An express waiver occurs through a "deliberate disclosure of a privileged communication, where no privilege protects this further disclosure." *United States v. Rakes*, 136 F.3d 1, 5 (1st Cir. 1998). The Court has already found that the PRC documents "do not appear to disclose the substance of any privileged communication." Dkt. No. 303 at 2-3. Referencing PRC approval at the summary judgment stage does not transform these non-privileged records into privileged communications. Janssen has disclosed no "fragment" of legal advice because PRC approval, as the Court has found, is not legal advice—it is the output of a compliance process.

14

attorney approval from PRC materials—not Judge Saylor. *Id.* (referencing "the practical effect of suggesting ***to the jury*** that lawyers had approved the programs" (emphasis added)). Summary judgment papers are read only by the Court, which is fully aware of the privilege dispute and has expressly found that PRC approval "show[s] nothing more than that a lawyer reviewed the company's promotional materials within the context of the company's compliance procedures." Dkt. No. 303 at 2-3. There is no risk that the Court will draw the very inference it has twice rejected. The waiver concern the Court reserved is a trial concern—whether a jury, unfamiliar with the history, might infer attorney approval—not a summary judgment concern addressed to a Court that has managed this issue for many years.

With respect to Relator's purported concerns regarding the jury, *see, e.g.,* Dkt. No. 631 at 15, she will be free to raise any legitimate concerns in advance of trial through a motion *in limine*. For example, Relator's own affirmative positions in this case are based in significant part on her view of Janssen's compliance policies and the PRC process. Indeed, the report of her own compliance expert (which she served long before Janssen served any expert reports from any of Janssen's experts) references Janssen's PRC process nearly 300 times, and her summary judgment arguments are based on her assertions regarding the PRC process. At trial, if Relator seeks to introduce PRC approval forms into evidence, she can seek an order requiring that any reference to an attorney be redacted and/or seek a limiting instruction.[5] Similarly, if Relator objects to reference to the PRC as a "multi-disciplinary process," she can file a motion addressing that concern. At this stage, however, Janssen does not address such concerns because Relator has not sought any such relief.

---

[5] Although it does not include such an assertion, to the extent Relator's motion could be read to argue that Janssen's summary judgment motion attached PRC approval forms, it did not.

For avoidance of doubt, Janssen is prepared to work with the Court and Relator at the appropriate time, such as during motions *in limine*, to craft appropriate safeguards for trial that protect Relator's interest in ensuring that Janssen is not using privilege as a sword and a shield. Such safeguards could include, for instance: (i) redaction of any reference to the legal member's role from policies or PRC documents introduced at trial; or (ii) a stipulation that the jury will not be told that the PRC included a lawyer. These are precisely the types of prophylactic measures that courts routinely employ to balance the competing interests at stake, and they eliminate any conceivable prejudice to Relator without requiring the drastic remedy of privilege waiver. *See DR Distribs.*, 2015 WL 5123652, at *6-7 (noting that discovery rulings are "very different from evidentiary issues at trial" and that the trial judge may address evidentiary concerns through a motion *in limine*).

## CONCLUSION

For the foregoing reasons, the Court should deny Relator's motion.

16

Dated: May 8, 2026                            Respectfully Submitted,

                                              */s/ Jason C. Raofield*
                                              Jason C. Raofield (BBO No. 641744)
                                              Matthew F. Dunn (admitted *pro hac vice*)
                                              Krysten Rosen Moller (admitted *pro hac vice*)
                                              Mark W. Mosier (admitted *pro hac vice*)
                                              Andrew P. Stanner (admitted *pro hac vice*)
                                              Nicholas Pastan (admitted *pro hac vice*)
                                              Alison S. DiCiurcio (admitted *pro hac vice*)
                                              Covington & Burling LLP
                                              One CityCenter
                                              850 Tenth Street, NW
                                              Washington, DC 20001
                                              (202) 662-6000
                                              jraofield@cov.com
                                              mdunn@cov.com
                                              krosenmoller@cov.com
                                              mmosier@cov.com
                                              astanner@cov.com
                                              npastan@cov.com
                                              adiciurcio@cov.com

                                              *Attorneys for Defendant Janssen Biotech, Inc.*

17

**CERTIFICATE OF SERVICE**

I hereby certify on this 8th day of May, 2026, that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Jason C. Raofield
Jason C. Raofield
Covington & Burling LLP