**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA, et al.,** ***ex rel.*** **JULIE LONG,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JANSSEN BIOTECH, INC.,**<br><br>**Defendant.** | ) | **Civil Action No. 16-12182-FDS** |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DEEM ADMITTED OR STRIKE PORTIONS OF RELATOR'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

**SAYLOR, J.**

This is a *qui tam* action alleging that a pharmaceutical company unlawfully provided free business consulting services to physicians in order to induce them to prescribe its medications. According to relator, the free services amounted to illegal kickbacks in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, ("AKS"), which in turn led to the submission of false claims for payment in violation of the False Claims Act, 31 U.S.C. § 3729 *et. seq*. ("FCA").

Defendant Janssen Biotech, Inc., is a pharmaceutical company that manufactures and sells Remicade and Simponi ARIA, two infusible medications used to treat a variety of diseases. Relator Julie Long is a former Janssen employee.

Janssen has moved for summary judgment as to multiple issues, including whether there was unlawful "remuneration" within the meaning of the AKS, and whether defendant acted with the requisite knowledge and willfulness.

In connection with its motion for summary judgment, and as required by District of

Massachusetts Local Rule 56.1, Janssen submitted a Statement of Undisputed Material Facts. Relator, as also required by the local rule, filed a response ("Rel. SDMF") that set forth her contentions as to which facts were in fact disputed.

Janssen has now moved to deem 37 of the responses filed by relator to be admitted on the ground that they are not responsive and violate the requirements of the rule. Janssen has also moved to strike a response that seeks an order finding an implied waiver of the attorney-client privilege.

For the reasons set forth below, the motion will be granted.

## I. Analysis

Local Rule 56.1 of the District of Massachusetts imposes certain requirements for parties filing or opposing a motion for summary judgment. It provides, in relevant part:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation . . . A party opposing the motion shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation . . . Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

D. Mass. L. R. 56.1.

The purpose of the rule is to "ensure that parties direct the court to genuinely controverted and material facts and to prevent them from unfairly shifting the burdens of litigation to the court, by, for example, leaving the court to grope unaided for factual needles in a documentary haystack." *Aulisio v. Baystate Health Sys., Inc.*, 2012 WL 3957985, at *1 (D. Mass. Sept. 7, 2012); *see Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7 (1st Cir. 2007) (internal citations omitted) (stating that such rules "are designed to function as a means of

focusing a district court's attention on what is—and what is not—genuinely controverted [and, w]hen complied with, they serve to dispel the smokescreen behind which litigants with marginal or unwinnable cases often seek to hide [and] greatly reduce the possibility that the district court will fall victim to an ambush.").

Where a party provides a nonresponsive answer or fails to provide evidence in support of the purported dispute, the court may deem the fact to be admitted. *See Cocuzzo v. Trader Joe's E. Inc.*, 2023 WL 5613901, at *1 n.2 (D. Mass. July 28, 2023), *aff'd,* 121 F.4th 924 (1st Cir. 2024) (stating that where plaintiff "purports to dispute an assertion but then states bases for the dispute that do not contradict, or otherwise go beyond, all or part of the assertion," the court viewed the assertion as admitted and undisputed); *Amyndas Pharms. Single Member P.C. v. Alexion Pharms., Inc.*, 2025 WL 4060936, at *3 (D. Mass. Dec. 10, 2025) (stating that because an answer is non-responsive, "[i]t does not actually dispute" the fact at issue, and the fact is therefore deemed admitted).

If a party aims to manufacture a dispute at the summary judgment stage by disputing a fact that she previously admitted, the court may strike the contradictory statements. *Aulisio*, 2012 WL 3957985, at *3.

Defendant asks the Court to deem admitted 37 statements from its Local Rule 56.1 statement on the ground that "relator's purported disputes are wholly non-responsive." (Def. Mem., Dkt. No. 591, at 5). Relator opposes the motion, contending that where "the summary judgment motion depends on inference-driven conclusions," she "is entitled to point to record evidence demonstrating that those inferences are neither compelled nor exclusive." (Rel. Opp. to Def. Mot., Dkt. No. 614, at 2).

Defendant correctly points out that relator's Local Rule 56.1 submissions are not directly

responsive to its SMF. Indeed, virtually all of the 37 examples cited by defendant, in substance, consist of the word "disputed" followed by a statement asserting in substance that the fact is undisputed, but adding additional facts or argument. Thus, for example, in response to the statement from defendant that "Janssen had two sales teams that promoted Remicade and Simponi ARIA: Immunology Specialists and Area Business Specialists," relator responded: "Disputed. In addition to promoting Remicade and Simponi ARIA, Area Business Specialists ('ABSs') provided consulting and business advisory services." (Rel. SDMF ¶ 11). In response to the statement from defendant that "ABSs called on all Sites of Care, including in-office infusion suites at doctors' offices ('IOIs'), hospital outpatient departments ('HOPDs'), and stand-alone infusion centers," relator responded: "Disputed. Janssen preferred or offered more services to particular sites of care based on Remicade sales volume and the potential to increase it." (Rel. SDMF ¶ 14).

A particularly egregious example is the following:

> Janssen Statement of Fact No. 60: In her Complaint, Relator alleges that ABSs were warned "not to leave a paper trail" of their activities. SAC ¶ 170.
>
> Response: Disputed. Paragraph 170 of the Second Amended Complaint states in relevant part that "[t]he Regional Directors and Regional Business Managers repeatedly warned ABSs not to leave a paper trail. They instructed ABSs to avoid putting their profitability and practice management discussions with accounts in writing and to never leave the IBiz, IOMs, and other individualized business analyses behind with accounts. Similarly, the Regional Directors and Regional Business Managers repeatedly instructed ABSs not to send them account updates, questions from customers, or anything business related via text message or email because 'we do not want to leave a paper trail.'" The Second Amended Complaint does not allege that ABSs were instructed by their managers to not "inform[] them of what they were doing," as Janssen incorrectly asserts.

(Appendix A to Def. Mem., Dkt. No. 591-1, at 8) (citation omitted). Relator thus (1) purports to dispute that her own complaint made a specific allegation; (2) proceeds to quote from the complaint, confirming that it indeed contained that allegation; and (3) ends with an irrelevant and

non-responsive statement. All of that is a waste of time, at best, and an unnecessary burden on defendant and the court. To make matters worse, there is no evidence in the record—at least none cited by relator—that anyone at Janssen actually made a statement about not leaving a "paper trail."[1]

The purpose of the procedure laid out in Local Rule 56.1 is not to provide a responding party an opportunity to argue its case or to submit evidence in the record that bolsters its case. It is to assist the court in clarifying what factual matters are actually in dispute. Thus, if a defendant in a slip-and-fall case asks the plaintiff to admit that his right leg was not broken, it is improper for the plaintiff to dispute the statement on the ground that his left leg was broken, and to submit x-rays showing the damage to his left leg. Again, such a response wastes the time and resources of the parties, and tends to obfuscate the actual issues before the court.[2]

Accordingly, relator's Local Rule 56.1 responses as to the 37 disputed statements are improper, and defendant's motion to deem those statements admitted will be granted.

Janssen has also moved to strike relator's response to paragraph 29 of its SMF. That paragraph reads as follows:

> The slideshow presentations used during the SOC Programs were approved by Janssen's Promotional Review Committee ("PRC") for ABS use with health care

---

[1] Similar issues infect the case as a whole. For example, the complaint alleges that "Janssen assured . . . rheumatology and gastroenterology practices that it would help them establish and set up . . . infusion suites and also help them operate and grow these infusion businesses once opened" and "effectively became a silent business partner to the physician practices." (Second Am. Compl., Dkt. No. 55, ¶ 121). It alleges that defendant's representatives "spent more time implementing strategies than presenting them." (*Id.* ¶ 172). It further alleges that Janssen's "strategy was to cause rheumatology and gastroenterology practices to become dependent on the revenue from . . . Remicade and Simponi ARIA" and become what "Janssen sometimes internally referred to as 'cash cows' and 'Remicade mills.'" (*Id.* ¶ 153).

Despite those colorful allegations—which include what purport to be actual quotations—there is no record evidence that any of those statements were actually made by anyone at Janssen.

[2] It is also noteworthy that the parties' Local Rule 56.1 statements, responses, and replies are extraordinarily dense: the document defendant provided—which includes its initial statement, relator's responses, and its replies—is 227 pages long. (Dkt. No. 617). The summary judgment record itself is thousands of pages long.

> professionals. Ex. 17 (Long Dep.) at 72:25-73:15, Ex. 21 (Knepp Dep.) at 47:12-48:4.

(Appendix A to Def. Mem., Dkt. No. 591-1, at 4).

Relator's response was lengthy and largely non-responsive. In addition, and as part of her response, she stated that because the PRC included lawyers, and because Janssen is affirmatively relying on "the PRC approval process" in its motion for summary judgment, Janssen has impliedly waived the attorney-client privilege as to "all legal advice and communications concerning the PRC's review and approval of the SOC programs." (Rel. SDMF ¶ 29).

Paragraph 29 does not, however, describe the membership of the PRC. It does not mention the fact that lawyers sat on the committee, and it does not state or suggest that any legal advice or opinion was provided. Furthermore, Janssen has not, to date, asserted an advice-of-counsel defense. Paragraph 29 accordingly does not constitute an implied waiver of the attorney-client privilege, and relator's response to that assertion will be struck to the extent it argues in favor of such a waiver.

## II. <u>Conclusion</u>

Accordingly, and for the foregoing reasons, the motion of defendant Janssen Biotech, Inc. to deem admitted or strike portions of relator's statement of materials facts is GRANTED.

1. The following paragraphs of defendant's Statement of Undisputed Material Facts (Dkt. No. 539) are deemed admitted for purposes of defendant's motion for summary judgment: 11, 13, 14, 16, 22, 24, 25, 27, 29, 30, 31, 32, 43, 45, 46, 51, 58, 59, 60, 71, 73, 74, 75, 77, 80, 81, 82, 83, 84, 95, 96, 98, 103, 108, 110, 112, and 117.

2. Relator's response to paragraph 29 of that statement is struck to the extent that it argues a waiver of the attorney-client privilege.

3. The Court makes no finding as to whether any of the facts deemed admitted are relevant or material to the motions for summary judgment.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: September 30, 2026